1  NORMAN L. SMITH [SBN 106344]
   nsmith@swsslaw.com
2  WILLIAM N. KAMMER [SBN 53848]
   wkammer@swsslaw.com
3  ALISON L. PIVONKA [SBN 156977]
   apivonka@swsslaw.com
4  SOLOMON WARD SEIDENWURM & SMITH, LLP
   401 B Street, Suite 1200
5  San Diego, California 92101
   Telephone: (619) 231-0303
6  Facsimile: (619) 231-4755

7  Attorneys for Defendants BLUE SKY NATURAL
   BEVERAGE CO., HANSEN BEVERAGE COMPANY and
8  HANSEN NATURAL CORPORATION

9
                    UNITED STATES DISTRICT COURT
10
                   NORTHERN DISTRICT OF CALIFORNIA
11

12  CHRIS CHAVEZ, an individual, on behalf of    CASE NO.
    himself, the general public and those
13  similarly situated,                          **NOTICE OF REMOVAL OF ACTION
                                                 UNDER 28 U.S.C. § 1453(b)**
14              Plaintiffs,
                                                 Complaint Filed:  September 21, 2006 (State
15  v.                                           Court)

16  BLUE SKY NATURAL BEVERAGE CO. a
    foreign corporation; HANSEN BEVERAGE
17  COMPANY, a foreign corporation;
    HANSEN NATURAL CORP., a foreign
18  corporation; and DOES 1 THROUGH 10,
    inclusive,
19
                Defendants.
20

21      TO THE CLERK OF THE COURT:

22      PLEASE TAKE NOTICE that Defendants Blue Sky Natural Beverage Co., Hansen

23  Beverage Company and Hansen Natural Corporation (collectively "Hansen") hereby remove

24  to this Court the action originally filed in the Superior Court of the State of California for the

25  County of San Francisco.  The grounds for this removal are:

26      **SUMMARY OF COMPLAINT AND BASIS FOR FEDERAL JURISDICTION**

27      1.      This action involves the advertising and sale of Blue Sky Natural Beverages.

28  Plaintiff's claims are predicated on allegations of unfair business practices and false and

P:294434.3:07565.073

**1** misleading advertising. Plaintiff has brought this action as a putative class action identifying
**2** one potential class: All persons who, any time on or after May 16, 2002, purchased in the
**3** United States any beverage bearing the Blue Sky mark or brand that indicated "Santa Fe,
**4** New Mexico" or "Santa Fe, NM" on the packaging. *See* Complaint, ¶¶ 15-16.

**5**     2.     This Court has original jurisdiction over this action based on the
**6** diversity-of-citizenship and amount-in-controversy requirements applicable to class actions
**7** pursuant to 28 U.S.C. § 1332(d) (Class Action Fairness Act (CAFA)). The
**8** diversity-of-citizenship requirement is satisfied because at least one member of the putative
**9** "United States" class is a citizen of a state different from at least one defendant. The
**10** amount-in-controversy requirement is satisfied because the aggregated claims of the
**11** individual members of the putative class are alleged to exceed the sum or value of
**12** $5,000,000, exclusive of interest and costs.

**13** 

**TIMELY REMOVAL**

**14**     3.     This notice of removal is timely pursuant to 28 U.S.C. §§ 1446(b) and 1453(b)
**15** because it is "filed within 30 days after the receipt by (Hansen), through service or
**16** otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such
**17** action or proceeding is based."

**18**     4.     On September 21, 2006, Plaintiff Chris Chavez commenced this action by
**19** filing in the Superior Court of the State of California, for the County of San Francisco a
**20** complaint entitled *Chris Chavez, an individual, on behalf of himself, the general public and*
**21** *those similarly situated, Plaintiff, v. Blue Sky Natural Beverage Co., a foreign corporation;*
**22** *Hansen Beverage Company, a foreign corporation; and Hansen Natural Corp., a foreign*
**23** *corporation; and Does 1 through 10, Defendants.* The action was designated as case
**24** no. CGC-06-456369. Exhibit A is a true and correct copy of the Complaint.

**25**     5.     Defendant Hansen received by e-mail a copy of the Complaint on
**26** September 25, 2006. Hansen was served with a copy of the Complaint and a Summons.
**27** Exhibit B is a true and correct copy of the Summons.

**28**     6.     In addition to the Summons and Complaint, Hansen also has been served with

1  a blank Stipulation to Use of Alternative Dispute Resolution Process, an Alternative Dispute
2  Resolution (ADR) Information Package, a sheet on the Judicial Mediation Program, a blank
3  Case Management Statement and a Civil Case Cover Sheet. This group of documents is
4  attached as Exhibit C.

5      7.    Collectively, the documents attached hereto as Exhibits A-C constitute "all
6  process, pleadings, and orders" served upon Hansen to date in the San Francisco Superior
7  Court action. See 28 U.S.C. § 1446(a).

8      8.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being
9  filed with the Clerk of the Superior Court of California, County of San Francisco, and Plaintiff
10 is being served with the Notice of Removal.

11     **THIS COURT HAS ORIGINAL JURISDICTION UNDER 28 U.S.C. 1332(d)(2)**

12     9.    This action is a civil action of which this Court has original jurisdiction under
13 28 U.S.C. § 1332(d)(2)(A). This action may be removed to this Court pursuant to the
14 provisions of 28 U.S.C. §§ 1446 and 1453(b) because it is a putative class action in which
15 the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and
16 costs. Furthermore, at least one member of the putative class is a citizen of a state different
17 from at least one defendant.

18     **DIVERSITY OF CITIZENSHIP**

19     10.   As alleged in the Complaint, Plaintiff Chris Chavez was at the time of the
20 commencement of this action, and still is, a citizen of the State of California (a resident of
21 either Los Angeles or San Francisco). See Complaint, ¶ 1.

22     11.   Blue Sky Natural Beverage Co. was at the time of the commencement of this
23 action, and still is, a corporation incorporated under the laws of the state of Delaware,
24 having its principal place of business in Corona, California. See Complaint, ¶ 2.

25     12.   Hansen Beverage Company was at the time of the commencement of this
26 action, and still is, a corporation incorporated under the laws of the state of Delaware,
27 having its principal place of business in Corona, California. See Complaint, ¶ 3.

28     13.   Hansen Natural Corporation was at the time of the commencement of this

1   action, and still is, a corporation incorporated under the laws of the state of Delaware,

2   having its principal place of business in Corona, California. *See* Complaint, ¶ 4.

3         14.    The citizenship of Defendants sued as Does 1 through 10 is disregarded for

4   purposes of this removal.  See 28 U.S.C. § 1441(a).

5         15.    Plaintiff brings this action individually and as a representative of a putative

6   class:

7       All persons who, any time on or after May 16, 2002, purchased in the United
        States any beverage bearing the Blue Sky mark or brand that indicated "Santa
8       Fe, New Mexico" or "Santa Fe, NM" on the packaging.

9         16.    Plaintiff's allegations regarding the United States class satisfy the diversity of

10   citizenship test set forth in section 1332(d)(2)(A).  The United States class consists of putative

11   plaintiffs who are citizens of all fifty states.  There are (and were at the time of the filing of

12   the Complaint) persons from numerous different states who purchased or consumed

13   products bearing the Blue Sky Natural Beverage label, which is a national product.  Many

14   members of the putative United States class therefore are citizens of a state different from at

15   least one defendant because the citizenship of the Hansen defendants is limited to the states

16   of Delaware and California.

17                                 **AMOUNT-IN-CONTROVERSY**

18         17.    The amount-in-controversy requirement of section 1332(d)(2) is satisfied

19   because the matter in controversy is alleged to exceed the sum value of $5,000,000,

20   exclusive of interest and costs.  *See* Complaint, ¶ 29.

21         18.    According to Plaintiff, the estimated size of the class including California

22   residents and residents of the other 49 states is composed of more than 100,000 persons.

23   *See* Complaint, ¶ 12.

24         19.    Though Defendants vehemently dispute Plaintiff's damages claims, Plaintiff

25   nonetheless seeks restitution of money paid by the class members, among other forms of

26   relief. Plaintiff alleges that putative class members purchased Blue Sky Natural Beverages in

27   reliance on Defendants' labeling; Plaintiff appears to allege that the class members inferred

28   that the product has some connection with Santa Fe, New Mexico. Furthermore, though not

**1**  delineated in Plaintiff's Complaint, the purchase price for six cans of Blue Sky Beverage in
**2**  the United States is approximately $4.50.

**3**      20.    The amount-in-controversy requirement under 28 U.S.C. § 1332(d)(6) is met
**4**  either by multiplying the number of class members by the number of beverages purchased,
**5**  or by taking Hansen's total revenues from the Blue Sky line, which during this period is
**6**  alleged to be approximately $25,000,000. *See* Complaint, ¶ 29.

**7**      21.    In addition to the foregoing amounts, Plaintiff alleges that he is entitled to an
**8**  award for actual, direct, incidental, consequential, statutory and exemplary damages and
**9**  statutory penalties including attorney's fees. *See* Complaint "Prayer for Relief" ¶¶ 3 and 5.
**10**  Plaintiff also seeks injunctive relief (see *Id.* at ¶ 2), which would involve additional costs of
**11**  compliance. See *BEM.I, L.L.C. v Anthropologie, Inc.*, 301 F.3d 548, 553 (7th Cir. 2002)
**12**  (cost to defendant of complying with injunctive relief may be considered in determining
**13**  amount-in-controversy for purposes of removal); *In re Ford Motor Company/Citibank* (So.
**14**  Dakota), N.A., 264 F.3d. 952, 958 (9th Cir. 2001) ("the test for determining the
**15**  amount-in-controversy is the pecuniary result to either party which the judgment would
**16**  directly produce"). This additional requested equitable relief further demonstrates that the
**17**  amount-in-controversy exceeds $5,000,000.

**18**                      **THE COURT SHOULD NOT DECLINE TO EXERCISE**
**19**            **JURISDICTION UNDER 28 U.S.C. § 1332(d)(3) AND (4)**

**20**      22.    Section 1332(d)(3) precludes a court from declining to exercise its jurisdiction
**21**  where less than one-third of the members of a plaintiff's proposed class (in the aggregate) are
**22**  citizens of the state in which the action was originally filed. That is true here.

**23**      23.    Plaintiff purports to represent a United States class. Plaintiff fails to specify the
**24**  total number of Californians who would be part of his putative class. Hansen's own sales
**25**  figures during the period in question reflect that California represents and has represented
**26**  slightly less than 20% of total sales in the United States of Blue Sky products. Thus, logically
**27**  80% of the putative class members would be from states other than California.

**28**      24.    Furthermore, there could be no reason for the Court to decline to exercise

1 jurisdiction in this case even if the number of California class members was above one-third

2 (but below two-thirds), because a consideration of the factors sets forth in section 1332(d)(3)

3 weighs heavily in favor of retaining federal jurisdiction under CAFA.

4      25.    The claims asserted involve matters of national or interstate interest. 28 U.S.C.

5 § 1332(d)(3)(a). Plaintiff purports to represent similarly situated individuals throughout the

6 United States in bringing claims against Hansen based on false advertising. Under these

7 circumstances, Plaintiff's claims clearly implicate interstate commerce. The interests of

8 putative plaintiffs in many states of the United States will be affected if Plaintiff is ultimately

9 successful in his petition to certify this case as a nationwide class action.

10      **CALIFORNIA DOES NOT HAVE A DISTINCT NEXUS WITH THE PUTATIVE CLASS**

11      **MEMBERS, THE ALLEGED HARM, OR THE DEFENDANTS. 28 U.C.S. § 1332(d)(3)(d).**

12      26.    As described above, about one-fifth of United States customers are from

13 California. In light of the relatively small percentage of Californians, it cannot be said that

14 California has a nexus with the class members, or their alleged harm, that is significantly

15 stronger than any other state. Furthermore, Plaintiff's argument is predicated on the notion

16 that Hansen violated the law by suggesting a connection with the state of New Mexico and

17 the city of Santa Fe, thereby asserting a connection to a state other than California.

18      27.    The Court also cannot decline jurisdiction under section 1332(d)(4) because

19 less than two-thirds of the members of the proposed Plaintiff class in the aggregate are

20 citizens of California and the other elements of that subsection are not satisfied.

21      WHEREFORE, Hansen hereby removes this action now pending against it in the

22 Superior Court of the State of California, County of San Francisco, to this honorable Court.

23 DATED: October 23, 2006            SOLOMON WARD SEIDENWURM & SMITH, LLP

24

25                                   By:  _Bill Kammer_
                                          NORMAN L. SMITH
26                                        WILLIAM N. KAMMER
                                          ALISON L. PIVONKA
27                                        Attorneys for Defendants BLUE SKY NATURAL
                                          BEVERAGE CO., HANSEN BEVERAGE
28                                        COMPANY and HANSEN NATURAL
                                          CORPORATION

P:294434.3:07565.073                      -6-
                NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1453(b)

1  **PROOF OF SERVICE**

2      I, the undersigned, declare:

3      I am employed in the County of San Diego, State of California.  I am over the age of 18 years and not a party to this action.  My business address is Solomon Ward Seidenwurm

4  & Smith, LLP, 401 B Street, Suite 1200, San Diego, California 92101.

5      On October 24, 2006, I served a copy, including all exhibits, if any, of the following document(s):

6

7      **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1453(b)**

8      **CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

9      **DEMAND FOR JURY**

10     **CIVIL COVER SHEET**

11  on the parties in this action listed in the attached Proof of Service List, which is incorporated herein by this reference, by the following means:

12

13  ☒      **(BY MAIL)**  I caused each such envelope to be sealed and placed for collection and mailing from my business address.  I am readily familiar with the practice of Solomon Ward Seidenwurm & Smith, LLP for collection and processing of

14          correspondence for mailing, said practice being that in the ordinary course of business mail is deposited with the postage thereon fully prepaid in the United

15          States Postal Service the same day as it is placed for collection.  I am aware that upon motion of the party served, service is presumed invalid if the postal

16          cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

17

18  ☐      **(BY PERSONAL SERVICE)**  I caused each such envelope to be sealed and given to a courier authorized by our attorney service to receive documents for delivery on the same date.  A proof of service signed by the authorized courier

19          will be filed forthwith.

20  ☐      **(BY FEDERAL EXPRESS)**  I am readily familiar with the practice of Solomon Ward Seidenwurm & Smith, LLP for the collection and processing of

21          correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly

22          maintained by Federal Express for overnight delivery.

23  ☐      **(BY FACSIMILE)**  This document was transmitted by facsimile transmission from (619) 231-4755 and the transmission was reported as complete and

24          without error.  I then caused the transmitting facsimile machine to properly issue a transmission report, a copy of which is attached to this affidavit.

25  ☒      **(FEDERAL)**  I declare that I am employed in the office of a member of this bar of this court, at whose direction this service was made.

26

27

28

1

Executed on October 24, 2006, at San Diego, California.

2

Sonja Wicker

3          Sonja Wicker

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

P:295125.1:07565.073                                    -1-

1                                   **PROOF OF SERVICE LIST**

2   Adam Gutride                              Michael E. Reese
     Seth A. Safier                            Gutride Safier LLP

3   Gutride Safier LLP                     230 Park Avenue, Suite 963
     835 Douglass Street                  New York, NY 10169

4   San Francisco, CA 94114            Tel: 212-579-4625
     Tel: 415 336 6545                  Fax: 212-253-4272

5   Fax: 415 449 6469
     Attorneys for Plaintiff Chris Chavez

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28