# EXHIBIT A

1  GUTRIDE SAFIER LLP
   ADAM GUTRIDE (State Bar No. 181446)
2  SETH A. SAFIER (State Bar No. 197427)
   835 Douglass Street
3  San Francisco, California 94114
   Telephone: (415) 271-6469
4  Facsimile:  (928) 438-1285

5         - and –

6
7  GUTRIDE SAFIER LLP
   MICHAEL R. REESE (State Bar No. 206773)
8  230 Park Avenue, Suite 963
   New York, New York 10169
9  Telephone:  (212) 579-4625
   Facsimile:  (212) 253-4272

10

11  Attorneys for Plaintiff,
    Chris Chavez

12

13             SUPERIOR COURT OF THE STATE OF CALIFORNIA

14               CITY AND COUNTY OF SAN FRANCISCO

15

16  CHRIS CHAVEZ, an individual, on behalf of himself, the    CASE NO. 06-456369
    general public and those similarly situated
17                                                             UNLIMITED CIVIL CASE
18      Plaintiff,
                                                               CLASS ACTION COMPLAINT
19          v.                                                 FOR UNFAIR BUSINESS
                                                               PRACTICES; FALSE ADVER-
20  BLUE SKY NATURAL BEVERAGE CO., a foreign cor-             TISING; VIOLATION OF THE
    poration; HANSEN BEVERAGE COMPANY, a foreign             CALIFORNIA CONSUMERS
21  corporation; HANSEN NATURAL CORP., a foreign cor-         LEGAL REMEDIES ACT; AND
    poration; AND DOES 1 THROUGH 10                           FRAUD, DECEIT AND/OR
22                                                             MISREPSENTATION
    Defendants
23

24

25

26

27

28

ENDORSED
F I L E D
San Francisco County Superior Court

SEP 21 2006

GORDON PARK-LI, Clerk
BY: CRISTINA E. BAUTISTA
Deputy Clerk

CASE MANAGEMENT CONFERENCE SET

FEB 2 3 2007  -9:00 AM

DEPARTMENT 212

GUTRIDE SAFIER LLP, 835 DOUGLASS STREET, SAN FRANCISCO, CA 94114

1    **COMES NOW**, Chris Chavez, an individual, and California resident, who brings this

2  Class Action Complaint against Defendants, on behalf of himself, the general public, and those

3  similarly situated, for violations of sections 17200 and 17500 *et seq.* of the California Business

4  and Professions Code, the California Consumers Legal Remedies Act and Fraud, Deceit and/or

5  Misrepresentation.

6          **WHO ALLEGES AS FOLLOWS:**

7  **I.    PARTIES**

8          1.    Chris Chavez ("Plaintiff") is, and at all times alleged in this Class Action

9  Complaint was, an individual and a resident of the City and County of San Francisco or Los

10  Angeles.

11          2.    Blue Sky Natural Beverage Co. is a corporation duly incorporated under the laws

12  of the state of Delaware, having its principal place of business in Corona, California.

13          3.    Hansen Beverage Company is a corporation duly incorporated under the laws of

14  the state of Delaware, having its principal place of business in Corona, California.

15          4.    Hansen Natural Corp. is a corporation duly incorporated under the laws of the state

16  of Delaware, having its principal place of business in Corona, California.

17          5.    The true names and capacities of Defendants sued as Does 1 through 50 inclusive

18  are unknown to Plaintiff, who therefore sue said Defendants by such fictitious names pursuant to

19  section 474 of the California Code of Civil Procedure. Plaintiff will seek leave of Court to amend

20  this Class Action Complaint when said true names and capacities have been ascertained. The

21  Parties identified in paragraphs 2 through 5 of this Class Action Complaint are collectively

22  referred to hereafter as "Defendants."

23          6.·    At all times herein mentioned, each of the Defendants was the agent, servant,

24  representative, officer, director, partner or employee of the other Defendants and, in doing the

25  things herein alleged, was acting within the scope and course of his/her/its authority as such

26  agent, servant, representative, officer, director, partner or employee, and with the permission and

27  consent of each Defendant.

28          7.    At all times herein mentioned, Defendants, and each of them, were members of,

GUTRIDE SAFIER LLP, 835 DOUGLASS STREET, SAN FRANCISCO, CA 94114

-1-

1 and engaged in, a joint venture, partnership and common enterprise, and acting within the course

2 and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

3     8.    At all times herein mentioned, the acts and omissions of Defendants, and each of

4 them, concurred and contributed to the various acts and omissions of each and all of the other

5 Defendants in proximately causing the injuries and damages as herein alleged.

6     9.    At all times herein mentioned, Defendants, and each of them, ratified each and

7 every act or omission complained of herein. At all times herein mentioned, the Defendants, and

8 each of them, aided and abetted the acts and omissions of each and all of the other Defendants in

9 proximately causing the damages, and other injuries, as herein alleged.

10 **II.    CLASS ALLEGATIONS**

11     10.    Plaintiff brings this Class Action Complaint against Defendants on behalf of

12 himself and all others similarly situated, as a class action pursuant to section 382 of the California

13 Code of Civil Procedure. The class or classes that Plaintiff seeks to represent are composed of

14 and defined as follows:

15         All persons who, any time on or after May 16, 2002, purchased in the United States
        any beverage bearing the Blue Sky mark or brand that indicated "Santa Fe, New Mex-

16         ico" or "Santa Fe, NM" on the packaging.

17 For purposes of this Class Action Complaint, the phrase "Class Members" shall refer collectively

18 to all members of this class, including the named Plaintiff.

19     11.    This Class Action Complaint has been brought and may properly be maintained as

20 a class action against the Defendants pursuant to the provisions of California Code of Civil

21 Procedure section 382 because there is a well-defined community of interest in the litigation and

22 the proposed class is easily ascertainable:

23     12.    Numerosity: Plaintiff does not know the exact size of the class, but it is estimated

24 that the class is composed of more than 100,000 persons. Even if subclasses need to be created

25 for the consumers of one or more Blue Sky Beverages or one or more Defendant(s), it is

26 estimated that each subclass would have thousands of members. The persons in the class are so

27 numerous that the joinder of all such persons is impracticable and the disposition of their claims

28 in a class action rather than in individual actions will benefit the parties and the courts.

GUTRIDE SAFIER LLP, 835 DOUGLASS STREET, SAN FRANCISCO, CA 94114

13.     Common Questions Predominate: This action involves common questions of law and fact to the potential class because each Class Member's claim derives from the same wrongdoing by Defendants as described herein of falsely, deceptively, misleadingly and confusingly labeling Blue Sky Beverages as originating in and/or being canned under the authority of a company located in Santa Fe, New Mexico. The common questions of law and fact involved predominate over questions that affect only one particular Blue Sky Beverage, one Defendant, or individual Class Member. Thus, proof of a common or single set of facts will establish the right of each member of the class to recover. Among the questions of law and fact common to the class are:

a.      Whether Defendants violated state consumer protection statutes;

b.      Whether Defendants falsely represented or fraudulently or deceptively misrepresented the geographic origin of Blue Sky Beverages and/or the authority under which they are canned;

c.      Whether Defendants knew, recklessly disregarded, reasonably should have known or were obligated by law to know that the false representation of the geographic origin of Blue Sky Beverages and/or the authority under which they are canned was illegal under California law;

d.      When Defendants learned such activities were illegal;

e.      Whether Defendants continued to collect or retain the monies here at issue despite their knowledge of or reckless or negligent disregard for the true facts;

f.      Whether the conduct at issue had a likelihood of deceiving Class Members or was unfair;

g.      The amount of revenues and profits Defendants received and/or the amount of monies or other obligations lost by Class Members as a result of such wrongdoing;

h.      Whether Class Members are threatened with irreparable harm and are entitled to injunctive and other equitable relief and, if so, what is the nature

1    of such relief; and

2    i.    Whether Class Members are entitled to payment of actual, incidental,

3    consequential, exemplary and/or statutory damages plus interest thereon,

4    and if so, what is the nature of such relief?

5    14.    Typicality: Plaintiff's claims are typical of the class because he purchased Blue

6    Sky Beverages from Defendants in a typical retail consumer process, and those Blue Sky

7    Beverages were falsely designated as originating from Santa Fe, New Mexico and/or being

8    canned under the authority of a company located in Santa Fe, New Mexico. Thus, Plaintiff and

9    Class Members sustained the same injuries and damages arising out of Defendants' conduct in

10   violation of California law and other similar statutes nationwide. The injuries and damages of

11   each Class Member were caused directly by Defendants' wrongful conduct in violation of law as

12   alleged herein.

13   15.    Adequacy: Plaintiff will fairly and adequately protect the interests of all Class

14   Members because it is in his best interests to prosecute the claims alleged herein to obtain full

15   compensation due to him for the unfair and illegal conduct of which he complains. Plaintiff also

16   has no interests that conflict with or are antagonistic to the interests of Class Members. Plaintiff

17   has retained highly competent and experienced class action attorneys to represent his interests and

18   that of the class. No conflict of interest exists between Plaintiff and Class Members hereby,

19   because all questions of law and fact regarding liability of Defendants are common to Class

20   Members and predominate over any individual issues that may exist, such that by prevailing on

21   his own claim, Plaintiff necessarily will establish Defendants' liability to all Class Members.

22   Plaintiff and his counsel have the necessary financial resources to adequately and vigorously

23   litigate this class action, and Plaintiff and counsel are aware of their fiduciary responsibilities to

24   the Class Members and are determined to diligently discharge those duties by vigorously seeking

25   the maximum possible recovery for Class Members.

26   16.    Superiority: There is no plain, speedy, or adequate remedy other than by

27   maintenance of this class action. The prosecution of individual remedies by members of the class

28   will tend to establish inconsistent standards of conduct for the Defendants and result in the

GUTRIDE SAFIER LLP, 835 DOUGLASS STREET, SAN FRANCISCO, CA 94114

1   impairment of Class Members' rights and the disposition of their interests through actions to

2   which they were not parties. Class action treatment will permit a large number of similarly

3   situated persons to prosecute their common claims in a single forum simultaneously, efficiently,

4   and without the unnecessary duplication of effort and expense that numerous individual actions

5   would engender. Furthermore, as the damages suffered by each individual member of the class

6   may be relatively small, the expenses and burden of individual litigation would make it difficult

7   or impossible for individual members of the class to redress the wrongs done to them, while an

8   important public interest will be served by addressing the matter as a class action.

9       17. Nexus to California. The State of California has a special interest in regulating the

10  affairs of corporations that are based here and persons who live here. All of the Defendants have

11  their principal places of business, including their marketing, operations and management teams,

12  in California. The key decisions regarding the mislabeling of Defendants' products as described

13  herein were made in California. Furthermore, the packaging, advertising and marketing materials

14  distributed throughout the United States by Defendants were approved in California.

15  Accordingly, there is a substantial nexus between Defendants' unlawful behavior and California

16  such that the California courts should take cognizance of this Class Action Complaint on behalf

17  of a class of individuals who reside throughout the United States.

18      18.     Plaintiff is unaware of any difficulties that are likely to be encountered in the

19  management of this Class Action Complaint that would preclude its maintenance as a class

20  action.

21      19.     On or about May 16, 2006, Defendants agreed in writing to toll the statutes of

22  limitations applicable to this action for all members of the Class until such time as either party

23  terminated the agreement in writing. On or about September 21, 2006, Defendants terminated

24  that agreement in writing.

25  III.    STATEMENT OF FACTS AND ALLEGATIONS

26          a.  **Defendants Market, Advertise And Sell Blue Sky Beverages With A
                Representation That They Originate In Or Are Canned Under The Authority**
27              **Of A Company In Santa Fe, New Mexico.**

28      20.     Defendants develop, market, sell and distribute throughout the United States

1    "alternative" beverage category of natural sodas, fruit juices, energy drinks and energy sports

2    drinks, fruit juice smoothies, sparkling lemonades and orangeades, non-carbonated ready-to-drink

3    iced teas and other beverages.

4           21.    Defendants develop, market, sell and distribute such beverages under a variety of

5    different brand names. One of those brand names is Blue Sky.

6           22.    In or around September of 2000, Defendants acquired the Blue Sky natural soda

7    business from the Blue Sky Natural Beverage Co., a company that had been based in and

8    operated from Santa Fe, New Mexico since approximately 1980. Under the Blue Sky brand,

9    Defendants develop, market, sell and distribute natural sodas, premium natural sodas with

10   supplements, organic natural sodas, iced teas, seltzer waters and energy drinks (collectively

11   referred to as "Blue Sky Beverages").

12          23.    Defendants sell Blue Sky Beverages nationwide, including in the State of

13   California, through a network of retailers and distributors and via their online websites.

14          24.    Until at least May 2006, the packaging of Blue Sky Beverages represented that

15   they are made in and/or originate in Santa Fe, New Mexico. Specifically, the cans and bottles of

16   Blue Sky Beverages prominently stated "SANTA FE, NEW MEXICO" or "SANTA FE, NM."

17   This statement is placed on the cans in a location typical to the placement of an "appellation,"

18   "provenance" or place of origin on other beverages. Blue Sky Beverages also stated "CANNED

19   FOR THE BLUE SKY NATURAL BEVERAGE COMPANY SANTA FE, NM 87501" or

20   "CANNED UNDER THE AUTHORITY OF BLUE SKY NATURAL BEVERAGE CO.,

21   SANTA FE, NM USA."

22          25.    The packaging of Blue Sky Beverages also presents a particularly Southwestern

23   look and feel including without limitation (stylized) Southwestern Indian tribal bands across the

24   top and bottom of the cans and bottles and pictures of what appear to be the Sangre de Cristo

25   mountains that border Santa Fe, New Mexico on the eastern side of the city.

26          26.    Until at least May 2006, the homepage of Defendants' website

27   (www.blueskysoda.com) prominently stated "Santa Fe, New Mexico, U.S.A. (505) 995-9761."

28   The 505 area code is assigned to Santa Fe, New Mexico.

GUTRIDE SAFIER LLP, 835 DOUGLASS STREET, SAN FRANCISCO, CA 94114

b. **Plaintiff and Class Members Have Purchased A Large Number Of Blue Sky Beverages During The Past Several Years.**

27. Plaintiff, a native of New Mexico, has purchased a variety of Blue Sky Beverages since he was a child.

28. In or about August of 1999, Plaintiff relocated to California. Since that time, he has continued purchasing Blue Sky Beverages due to the fact that he believed Blue Sky Beverages where made in Santa Fe, New Mexico and/or by a company that was located in Santa Fe, New Mexico. In purchasing Blue Sky Beverages over other comparable brands, Plaintiff desired to (i) support a New Mexico company and (ii) to associate himself with a product from Santa Fe, New Mexico.

29. Plaintiff most recently purchased a Blue Sky Beverage in the summer of 2003. The purchase was made in San Francisco, California. From May 16, 2002 to the date of filing this Class Action Complaint, Defendants earned revenues from Blue Sky Beverages of in excess of $25 million, by selling those beverages to retail outlets. Plaintiff is informed and believes and thereupon alleges that Class Members spent approximately $40 to $75 million on Blue Sky Beverages during the same period.

c. **Defendants Knowingly and Deceptively Misrepresent The Geographic Origin Of Blue Sky Beverages Which Deceives And Misleads Consumers.**

30. Blue Sky Beverages are not manufactured in New Mexico. Rather, Defendants outsource all of the manufacture of their Blue Sky Beverages to third party bottlers and contract packers, none of which are located in Santa Fe, New Mexico, or, for that matter, anywhere else in the State of New Mexico.

31. Moreover, since approximately October 2000, shortly after Defendants acquired the business of the Blue Sky Natural Beverage company, there has not been any company in Santa Fe, New Mexico named "Blue Sky Natural Beverage Co" or any Santa Fe or New Mexico connection to the manufacture or oversight of Blue Sky Beverages. Rather all of the canning authority and operations for Blue Sky Beverages hail from Defendants' corporate headquarters in Corona, California. On October 2, 2000, approximately one month following Hansen's

GUTRIDE SAFIER LLP, 835 DOUGLASS STREET, SAN FRANCISCO, CA 94114

1 acquisition of the corporation that was formerly based in Santa Fe, New Mexico, Blue Sky

2 Natural Beverage Co. was re-incorporated as a Delaware corporation with its principal of

3 business in Corona, California, was re-registered as such with the California Corporation

4 Commission and was listed with the New Mexico Public Regulation Commission as being

5 "merged out" into a foreign corporation.

6     32.     When the telephone number on Blue Sky's website (with a 505 area code) is

7 dialed, it merely forwards the call to Defendants' corporate headquarters in Corona, California.

8 Defendants also maintain a mail forwarding service whereby mail that is sent to Blue Sky in

9 Santa Fe, New Mexico is forwarded to Corona, California. No personnel resident in New Mexico

10 exercise any authority over the canning of Blue Sky Beverages.

11     33.     In sum, Blue Sky Beverages have no current connection to Santa Fe, New Mexico.

12     34.     Defendants have known since September of 2000 that the public was likely to be

13 confused by their misrepresentations of the geographic origin of Blue Sky Beverages. Indeed,

14 Defendants maintained the language their packaging, the 505 area code and the mail forwarding

15 service in New Mexico, and did not advertise California-based contact information, in order to

16 continue to mislead the public as to the location of the Blue Sky Beverage Co.

17     **d.  Plaintiff And Class Members Were Misled And Deceived By Defendants.**

18     35.     Plaintiff purchased Blue Sky Beverages on the basis of Defendants'

19 representations regarding the geographic origin of these beverages and the location of the Blue

20 Sky Natural Beverage Co.

21     36.     Plaintiff would not have purchased Blue Sky Beverages had he known where they

22 were really manufactured and/or where the company that owned or controlled the canning of Blue

23 Sky Beverages was located. Accordingly, Plaintiff was misled and deceived by Defendants into

24 purchasing Blue Sky Beverages and lost money as a result in that he did not receive what he had

25 paid for.

26     37.     Online sources demonstrate that Class Members also have been confused and de-

27 ceived. For example, the website Citysearch.com contains the following review of a New Mexico

28 themed restaurant in San Francisco, California:

GUTRIDE SAFIER L.L.P. 835 DOUGLASS STREET, SAN FRANCISCO, CA 94114

1

2      As a native New Mexican I crave a NM chile fix and was so excited
       to discover the Green Chile Kitchen. The food is excellent and
3      prices are great. **Selection of native New Mexcian [sic] products
       such as Blue Sky soda was quite a surprise.** The only complaint
4      that I have that was not native to the New Mexican tradition was the
       customer service, or lack there of. Neither of the two staff mem-
5      bers were freindly [sic] or welcoming, which was very discouraging
       since I had been so looking forward to my visit. What happen to
6      "Beinvenidos."

7

8      http://sanfrancisco.citysearch.com/profile/41864256/san_francisco_ca/green_chile_kitchen_and_

9      market.html (last visited September 1, 2006) (emphasis added). Likewise, on a website blog re-

10     garding Albuquerque, New Mexico's cultural scene, one contributor recommends to others to buy

11     Blue Sky Sodas as a way of supporting local business:

12         There's one thing that we get in New Mexico that you can't get in
           other places (at least not most other places) and that's Blue Sky so-
13         das.

14                                        ***

15         It used to be pretty NM-only, though--it's produced in Santa Fe, it
           used to be difficult (or at least expensive) to get it in ABQ. I guess
16         they've gotten more widespread lately--good, our state sure as hell
           needs the money. (posted 4/1/06).
17

18     http://dukecityfix.com/index.php?itemid=1694&catid=29 (last visited September 1, 2006).

19         38.    The inclusion of the false origin information on Blue Sky Beverages is particularly

20     nefarious because of the market segment in which these beverages exist—high-end, "natural" and

21     "organic" beverages. Consumers for these products tend to be substantially more interested in the

22     origin of their beverages than would be purchasers of mass-produced soft drinks like Coke or

23     Pepsi. Indeed, the Blue Sky Beverages are sold in the same locations, and to the same target mar-

24     ket, as other high-end origin-specific beverages like bottled spring waters (Evian and Volvic from

25     France, Fiji from Fiji, Pellegrino from Italy, and Calistoga from the Napa Valley), organic fruits

26     and vegetables, and wine.

27         e.    **Despite Notice Of Wrongdoing, Defendants Failed To Cure.**

28         39.    On or about March 30, 2006, Plaintiff provided Defendants with notice and de-

Class Action Complaint for Unfair Business Practices: False Advertising; Violation of the CLRA; and Fraud, Deceit and/or Misrepresentation

OUTRIDE SAFIER LLP, 835 DOUGLASS STREET, SAN FRANCISCO, CA 94114

1 mand that within thirty (30) days from that date, Defendants correct, repair, replace or other rec-

2 tify the unlawful, unfair, false and or deceptive practices complained of herein. Defendants failed

3 to do so.

4 40. More than thirty (30) days after receipt of that notice, Defendants continued to

5 maintain the website and packaging misrepresentations described above.

6 41. As of the date of filing this Complaint, Defendants had modified their website to

7 remove the language "**Santa Fe, New Mexico, U.S.A. (505) 995-9761**." However, they replaced

8 this language with a large picture of Camel Rock, a mountain located in Santa Fe, which is well

9 known by residents of that area and would be easily recognizable by large numbers of New

10 Mexicans.

11 42. Defendants took no action since the receipt of the notice of wrongdoing to recall

12 products that had been labeled as described herein or to inform retailers of the inaccurate labeling.

13 In addition, as of the date of the filing of this Complaint, Defendant has provided no information

14 to consumers to inform them that Blue Sky Beverages do not in fact originate in, nor are they

15 canned under the authority of, an entity in Santa Fe, New Mexico. Nor has Defendant refunded

16 to consumers any portion of monies paid for Blue Sky Beverages that were mislabeled as

17 originating in New Mexico.

18 43. As of the date of filing this Complaint, Blue Sky Beverages that stated "SANTA

19 FE, NEW MEXICO" and "CANNED UNDER THE AUTHORITY OF BLUE SKY NATURAL

20 BEVERAGE CO., SANTA FE, NM USA" remained available for purchase in retail outlets in

21 San Francisco and throughout the nation.

22 **IV. JURISDICTION AND VENUE**

23 44. This Class Action Complaint is brought by Plaintiff pursuant, *inter alia*, to the

24 California Business and Professions Code, Sections 17200 *et. seq.* Plaintiff and Defendants are

25 "persons" within the meaning of the California Business and Professions Code, Sections 17201.

26 Plaintiff brings this Class Action Complaint by, for and on behalf of the general public and the

27 public interest of the State of California.

28 45. Each of the Defendants has its principal place of business in California and

GUTRIDE SAFIER LLP, 835 DOUGLASS STREET, SAN FRANCISCO, CA 94114

1  performed or directed the performance of the acts complained of in this State.

2      46.    The injuries, damages and/or harm upon which this Class Action Complaint is

3  based, occurred or arose out of activities engaged in by Defendants within, and affecting, the City

4  of San Francisco and the State of California.

5      47.    Defendants have engaged, and continue to engage, in substantial and continuous

6  business practices in the State of California, including in the City and County of San Francisco.

7      48.    As such, Plaintiff alleges that jurisdiction and venue are proper in this Court.

8  **V.     PRIVATE ATTORNEY GENERAL ALLEGATIONS**

9      49.    Plaintiff brings this Class Action Complaint against all Defendants on behalf of

10  himself, those similarly situated, and the general public, under Business and Professions Code

11  sections 17200 et seq., seeking equitable and injunctive relief for the unfair trade practices

12  described herein.

13  **VI.     BASIS FOR ALLEGATIONS**

14      50.    All prior paragraphs of this Class Action Complaint are alleged on the basis of

15  information and belief, with the exception of paragraphs 1, 26-28, 35-36, 89 and 94-95.

16  **VII.     CAUSES OF ACTION**

17  <div align="center">**PLAINTIFF'S FIRST CAUSE OF ACTION**</div>

18  <div align="center">**(False, Deceptive and/or Misleading Advertising, Business and Professions Code § 17500, et seq)**</div>

19      51.    Plaintiff realleges and incorporates by reference all preceding paragraphs of this

20  Class Action Complaint as if set forth herein.

21      52.    In or around July of 2003, and on numerous occasions before and after that date,

22  Plaintiff lost money or property when he purchased a Blue Sky Beverage, whose geographic and

23  corporate origin was misrepresented by Defendants. In particular, he lost the full value of the

24  price he paid for the Blue Sky Beverages, which he would not have paid had he known the truth

25  about the geographic origin of the products.

26      53.    Beginning at an exact date unknown to Plaintiff, but within three (3) years

27  preceding the filing of this Class Action Complaint, Defendants have made, and continue to

28  make, untrue, false, deceptive or misleading statements and material omissions in connection

GUTRIDE SAFIER LLP, 835 DOUGLASS STREET, SAN FRANCISCO, CA 94114

1   with the advertising, sale and marketing of their Blue Sky Beverages throughout the nation, the

2   State of California and the City of San Francisco.

3       54.    Defendants have made, and continue to make untrue, false, deceptive or

4   misleading statements and misrepresentations, misstatements and material omissions regarding

5   their Blue Sky Beverages. Namely, Defendants have made, and continue to make,

6   misrepresentations (of material omission and commission) that Blue Sky Beverages are made in

7   or originate from "SANTA FE, NEW MEXICO" or "SANTA FE, NM," and are "CANNED FOR

8   THE BLUE SKY NATURAL BEVERAGE COMPANY SANTA FE, NM 87501" or "CANNED.

9   UNDER THE AUTHORITY OF BLUE SKY NATURAL BEVERAGE CO., SANTA FE, NM

10  USA," when they, in fact, are not.

11      55.    At all times mentioned herein, Defendants knew, or by the exercise of reasonable

12  care, should have known that these and other statements and omissions were false, deceptive,

13  untrue or misleading.

14      56.    By engaging in the foregoing acts and practices with the intent to induce Plaintiff,

15  Class Members and members of the general public to purchase their Blue Sky Beverages, in lieu

16  of other comparable beverages including those of their competitors, Defendants have committed,

17  and continue to commit, false, deceptive and misleading advertising, as defined by the California

18  Business and Professions Code, section 17500, *et seq.*

19      57.    Plaintiff, Class Members and other members of the general public are in current

20  and ongoing need of protection from the untrue, false, deceptive or misleading advertisements of

21  Defendants.

22      58.    The aforementioned practices, which Defendants have used, and continue to use,

23  to their significant financial gain, also constitute unlawful competition and provide an unlawful

24  advantage over Defendants' competitors as well as injury in fact to the general public and the loss

25  of money and property to Plaintiff, Class Members and the general public.

26      59. Plaintiff is informed and believes, and thereupon alleges, that the general public is

27  likely to be deceived and has been deceived by Defendants' practices set forth above

28      60. Plaintiff is informed and believes, and thereupon alleges, that if Defendants had

GUTRIDE SAFIER LLP, 835 DOUGLASS STREET, SAN FRANCISCO, CA 94114

-12-

1   accurately represented the place of manufacture of the products and the true location of the

2   company that supervises their production, Defendants would have not have sold the Blue Sky

3   Beverages that they did in fact sell, and that any sales would have occurred at lower prices than

4   they did.

5       61. Plaintiff, and those similarly situated, justifiably and reasonably relied on Defendants'

6   misrepresentations, and, as such, were damaged by the Defendants. In particular, Plaintiff and

7   those similarly situated would not have purchased Blue Sky Beverages had he known where they

8   were really manufactured and/or where the company that owned or controlled the canning of Blue

9   Sky Beverages was located. Accordingly, Plaintiff and those similarly situated were misled and

10  deceived by Defendants into purchasing Blue Sky Beverages and lost money as a result in that

11  they did not receive what they had paid for.

12      62. Plaintiff seeks, on behalf of the general public and those similarly situated, full

13  restitution of monies, as necessary and according to proof, to restore any and all monies acquired

14  by Defendants by means of the unfair and/or deceptive trade practices complained of herein.

15      63. Plaintiff seeks, on behalf of the general public and those similarly situated, an

16  injunction to prohibit Defendants from continuing to engage in the unfair trade practices

17  complained of herein. The restitution includes all amounts, paid and unpaid, obtained by

18  Defendants using the tactics described herein, including interest thereon. The acts complained of

19  herein occurred, at least in part, within three (3) years preceding the filing of this Class Action

20  Complaint.

21      64. Plaintiff, Class Members and other members of the general public are further entitled

22  to and do seek both a declaration that the above-described trade practices are unfair, unlawful

23  and/or fraudulent and injunctive relief restraining Defendants from engaging in any of such

24  deceptive, unfair and/or unlawful trade practices in the future. Such misconduct by Defendants,

25  unless and until enjoined and restrained by order of this Court, will continue to cause injury in

26  fact to Plaintiff, Class Members, and the general public and the loss of money and property in that

27  the Defendants will continue to violate these California laws, unless specifically ordered to

28  comply with the same. This expectation of future violations will require current and future

GUTRIDE SAFIER LLP, 835 DOUGLASS STREET, SAN FRANCISCO, CA 94114

-13-

1 customers to repeatedly and continuously seek legal redress in order to recoup monies paid to

2 Defendants to which Defendants are not entitled. Plaintiff, Class Members and other members of

3 the general public have no other adequate remedy at law to ensure future compliance with the

4 California Business and Professions Code alleged to have been violated herein.

5 65. As a direct and proximate result of such actions, Plaintiff, Class Members and other

6 members of the general public have suffered, and continue to suffer, injury in fact and have lost

7 money and or property as a result of such deceptive, unfair and/or unlawful trade practices and

8 unfair competition in an amount which will be proven at trial, but which is in excess of the

9 jurisdictional minimum of this Court.

10 66. As a direct and proximate result of such actions, Defendants have enjoyed, and

11 continue to enjoy, significant financial gain in an amount which will be proven at trial, but which

12 is in excess of the jurisdictional minimum of this Court.

13 **PLAINTIFF'S SECOND CAUSE OF ACTION**
**(Unfair, Unlawful and Deceptive Trade Practices, Business and Professions Code § 17200,**
14 **et seq.)**

15 67. Plaintiff realleges and incorporates by reference all preceding paragraphs of this

16 Class Action Complaint as if set forth herein.

17 68. Beginning at an exact date unknown to Plaintiff, but within four (4) years

18 preceding the filing of this Class Action Complaint, and at all times mentioned herein,

19 Defendants have engaged, and continue to engage, in unfair, unlawful and deceptive trade

20 practices in California, and nationwide, by engaging in the unfair and illegal business practices

21 outlined above, in particular by unfairly and illegally misrepresenting the geographic origin of

22 their Blue Sky Beverages and the authority under which they are canned.

23 69. Defendants knowingly and intentionally misrepresented, and continue to

24 misrepresent, the geographic origin of their Blue Sky Beverages and the authority under which

25 they are canned.

26 70. Plaintiff, and those similarly situated, justifiably and reasonably relied on Defendants'

27 misrepresentations, and, as such, were damaged by the Defendants.

28 71. Defendants engage in these unfair practices to increase their profits on Blue Sky

-14-

GUTRIDE SAFIER LLP, 835 DOUGLASS STREET, SAN FRANCISCO, CA 94114

1  Beverages by deceiving or misleading consumers into purchasing these Blue Sky Beverages on

2  the basis of a false representation as to their origin.  Additionally, such false representations

3  regarding the origin of Blue Sky Beverages harm companies who products, including beverages,

4  truthfully originate in Santa Fe, New Mexico.  As such, Defendants have engaged in unlawful

5  trade practices, as defined and prohibited by section 17200, et seq. of the California Business and

6  Professions Code.

7    72.    The aforementioned practices, which Defendants have used, and continue to use,

8  to their significant financial gain, also constitute unlawful competition and provide an unlawful

9  advantage over Defendants' competitors as well as injury to the general public.

10    73.    The general public is likely to be deceived by Defendants' practices set forth

11  above.

12    74.    Plaintiff seeks, on behalf of the general public and those similarly situated, full

13  restitution of monies, as necessary and according to proof, to restore any and all monies paid by

14  Plaintiff, the general public, and those similarly situate, to Defendants for Blue Sky Beverages,

15  plus interest thereon by means of the unfair and/or deceptive trade practices complained of

16  herein.

17    75.    Plaintiff seeks, on behalf of the general public and those similarly situated, an

18  injunction to prohibit Defendants from continuing to engage in the unfair trade practices

19  complained of herein.  The acts complained of herein occurred, at least in part, within four (4)

20  years preceding the filing of the Complaint in this Action and/or this Class Action Complaint.

21    76.    Plaintiff, those similarly situated and other members of the general public are

22  further entitled to and do seek both a declaration that the above-described trade practices are

23  unfair, unlawful and/or fraudulent, and injunctive relief restraining Defendants from engaging in

24  any of such deceptive, unfair and/or unlawful trade practices in the future.  Such misconduct by

25  Defendants, unless and until enjoined and restrained by order of this Court, will continue to cause

26  injury in fact to the general public and the loss of money and property in that the Defendants will

27  continue to violate these California laws, unless specifically ordered to comply with the same.

28  This expectation of future violations will require current and future customers to repeatedly and

GUTRIDE SAFIER LLP, 835 DOUGLASS STREET, SAN FRANCISCO, CA 94114

1   continuously seek legal redress in order to recoup monies paid to Defendants to which

2   Defendants are not entitled.  Plaintiff, those similarly situated and/or other consumers nationwide

3   have no other adequate remedy at law to ensure future compliance with the California Business

4   and Professions Code alleged to have been violated herein.

5       77.     As a direct and proximate result of such actions, Plaintiff, Class Members, and

6   members of the general public of California have suffered, and continue to suffer, injury in fact

7   and have lost money and or property as a result of such deceptive, unfair and/or unlawful trade

8   practices and unfair competition in an amount which will be proven at trial, but which is in excess

9   of the jurisdictional minimum of this Court.

10      78.     As a direct and proximate result of such actions, Defendants have enjoyed, and

11  continue to enjoy, significant financial gain in an amount which will be proven at trial, but which

12  is in excess of the jurisdictional minimum of this Court.

13                          **PLAINTIFF'S THIRD CAUSE OF ACTION**
          **(Violation of the Consumers Legal Remedies Act, California Civil Code § 1750, *et seq.*)**

14

15      79.     Plaintiff realleges and incorporates by reference all preceding paragraphs of this

16  Class Action Complaint as if set forth herein.

17      80.     This cause of action is brought pursuant to the California Consumers Legal

18  Remedies Act, California Civil Code § 1750, *et seq*. ("CLRA").

19      81.     Defendants' actions, representations and conduct have violated, and continue to

20  violate, the CLRA, because they extend to transactions that are intended to result, or which have

21  resulted, in the sale or lease of goods or services to consumers.

22      82.     Plaintiff and other Class Members are "consumers" as that term is defined by the

23  CLRA in California Civil Code § 1761(d).

24      83.     The Blue Sky Beverages that Plaintiff (and other similarly situated Class Members)

25  purchased from Defendants were "goods" within the meaning of California Civil Code § 1761(a).

26      84.     By engaging in the actions, representations and conduct set forth in this Class

27  Action Complaint, Defendants have violated, and continue to violate, § 1770(a)(2, 4, and 5) of the

28  CLRA.  Specifically, in violation of California Civil Code §1770(a)(2), Defendants

GUTRIDE SAFIER LLP, 835 DOUGLASS STREET, SAN FRANCISCO, CA 94114

1  misrepresented (and continue to misrepresent) the source, sponsorship, approval, or certification
2  of goods or services.

3     85.     By engaging in the actions, representations and conduct set forth in this Class
4  Action Complaint, Defendants have also used (and continue to use) deceptive representations or
5  designations of geographic origin in connection with goods or services in violation of California
6  Civil Code §1770(a)(4).

7     86.     Finally, by engaging in the actions, representations and conduct set forth in this
8  Class Action Complaint, Defendants have violated California Civil Code §1770(a)(5) by
9  representing that goods or services have sponsorship, approval, characteristics, ingredients, uses,
10  benefits, or quantities which they do not have.

11     87.     Pursuant to California Civil Code § 1780(a)(3), Plaintiff, on behalf of himself and
12  similarly situated Class Members, seek compensatory damages, punitive damages, civil penalties
13  and restitution of any ill-gotten gains due to Defendants' acts and practices. Plaintiff also
14  requests that this Court award him his costs and reasonable attorneys' fees pursuant to California
15  Civil Code § 1780(d).

16     88.     Plaintiff further requests that this Court enjoin Defendants from continuing to
17  employ the unlawful methods, acts and practices alleged herein pursuant to California Civil Code
18  § 1780(a)(2). If Defendants are not restrained from engaging in these types of practices in the
19  future, Plaintiff, Class Members and other members of the general public will continue to suffer
20  harm.

21     89.     CLRA § 1782 NOTICE. On or about March 30, 2006, Plaintiff provided
22  Defendants with notice and demand that within thirty (30) days from that date, Defendants
23  correct, repair, replace or other rectify the unlawful, unfair, false and or deceptive practices
24  complained of herein. Defendants failed to do so.

25
26  <center>**FOURTH CAUSE OF ACTION**
(Fraud, Deceit and/or Misrepresentation)</center>
27
28     90.     Plaintiff realleges and incorporates by reference all preceding paragraphs of this

GUTRIDE SAFIER LLP, 835 DOUGLASS STREET, SAN FRANCISCO, CA 94114

1 | Class Action Complaint as if set forth herein.

2 | 91.  On or around July 15, 2003, and on numerous occasions since and prior to that
3 | occasion, Defendants made, and continues to make, fraudulent, misrepresentative, false and/or
4 | deceptive statements regarding the geographic origin of Blue Sky Beverages and/or the authority
5 | under which they are canned. Defendants made, and continue to make, such fraudulent,
6 | misrepresentative, false and/or deceptive statements with full knowledge that such statements
7 | were, and are, in fact, misrepresentative, false or deceptive.

8 | 92.  In addition to the fraudulent, misrepresentative, false and/or deceptive statements
9 | described in the preceding paragraph, Defendants, on or about July 15, 2003, and on numerous
10 | occasions since and prior to that occasion, intentionally defrauded, misrepresented and/or
11 | deceived the Plaintiff by purposefully holding out or selling a Blue Sky Beverage as originating
12 | in Santa Fe, New Mexico and/or being canned under the authority of a company in Santa Fe, New
13 | Mexico, when in fact it was, and is, not. Defendants have also intentionally defrauded,
14 | misrepresented and/or deceived similarly situated individuals nationwide by purposefully holding
15 | out or selling to them Blue Sky Beverages as originating in Santa Fe, New Mexico and/or being
16 | canned under the authority of a company in Santa Fe, New Mexico, when in fact they were, and
17 | are, not.

18 | 93.  In addition to the fraud, affirmative misrepresentation and/or willful deception
19 | described in the preceding paragraph, Defendants, on or about July 15, 2003, and on numerous
20 | occasions since and prior to that occasion, intentionally deceived the Plaintiff by not informing
21 | him of the possibility that the Blue Sky Beverage that he purchased did not originate in Santa Fe,
22 | New Mexico and/or was canned under the authority of a company located in Corona, California.
23 | Similarly situated individuals nationwide have been intentionally deceived by Defendants when
24 | Defendants did not inform them of the possibility that the Blue Sky Beverages that they
25 | purchased did not originate in Santa Fe, New Mexico and/or were canned under the authority of a
26 | company located in Corona, California.

27 | 94.  These aforementioned fraud, misrepresentations, deceptive, and/or false statements
28 | and omissions concerned material facts that were essential to the analysis undertaken by Plaintiff

GUTRIDE SAFIER LLP, 835 DOUGLASS STREET, SAN FRANCISCO, CA 94114

-18-

1 regarding whether to purchase Blue Sky Beverages from Defendants.

2     95. Plaintiff would have acted differently had he not been misled, but instead been

3 informed that Blue Sky Beverages do not originate in Santa Fe, New Mexico and/or that they are

4 canned under the authority of a company located in Corona, California.

5     96.    Defendants had a fiduciary duty to inform Plaintiff, and those similarly situated,

6 that the Blue Sky Beverages that they purchased did not originate in Santa Fe, New Mexico

7 and/or were canned under the authority of a company located in Corona, California. In not

8 informing Plaintiff, and those similarly situated, Defendants breached this duty. Defendants also

9 gained financially from, and as a result of, their breach.

10     97. By and through such fraud, deceit, misrepresentations and/or omissions, Defendants

11 intended to induce Plaintiff and those similarly situated to alter their position to their detriment.

12     98. Plaintiff, and those similarly situated, justifiably and reasonably relied on Defendants'

13 misrepresentations, and, as such, were damaged by the Defendants.

14     99. As a direct and proximate result of Defendants' misrepresentations, Plaintiff has

15 suffered damages in an amount equal to the amount that they paid for the Blue Sky Beverages

16 that they purchased. The exact amount of these damages will be proven at trial.

17     100.    The aforementioned fraud, misrepresentations, deceptive, and/or false statements

18 and omissions concerned material facts that were essential to the analysis undertaken by those

19 similarly situated to Plaintiff regarding whether to purchase Blue Sky Beverages from

20 Defendants. Those similarly situated to Plaintiff would have acted differently had they not been

21 misled, but instead been informed that Blue Sky Beverages do not originate in Santa Fe, New

22 Mexico and/or are canned under the authority of a company located in Corona, California. As a

23 direct and proximate result of Defendants' misrepresentations, those similarly situated to Plaintiff

24 have suffered damages in an amount equal to the amount that they paid for the Blue Sky

25 Beverages that they purchased. The exact amount of these damages will be proven at trial.

26 **VIII.  PRAYER FOR RELIEF**

27     WHEREFORE, Plaintiff, as to all causes of action, on behalf of himself, the general

28 public and all others similarly situated prays for judgment as follows:

GUTRIDE SAFIER LLP, 835 DOUGLASS STREET, SAN FRANCISCO, CA 94114

1    (1)    An Order certifying the plaintiff class under the appropriate provisions of

2            California law, and appointing Plaintiff as Class Representative and his counsel as

3            Class Counsel;

4    (2)    For the declaratory, equitable, injunctive and/or monetary relief, including

5            penalties where available, requested in the causes of action as appropriate for the

6            particular causes of action;

7    (3)    For actual, direct, incidental, consequential, statutory and exemplary damages and

8            statutory penalties (including without limitation treble damages), as appropriate for

9            the particular causes of action;

10   (4)    For pre- and post-judgment interest;

11   (5)    For attorneys' fees pursuant to, *inter alia*, the CLRA, the common fund and private

12           Attorney General doctrines and/or C.C.P. §1021.5 as may be appropriate, and for

13           costs of suit incurred herein; and

14   (6)    For such other and further relief as this Court may deem just and proper.

15   **IX.    DEMAND FOR JURY TRIAL**

16   Plaintiff demands a trial by jury on all claims so triable and an advisory jury for a factual

17   determination on all equitable claims.

18   Dated: September 21, 2006

19

20                                              **RESPECTFULLY SUBMITTED,**

21

22

23                                              Adam Gutride, Esq.
                                                Seth A. Safier, Esq.

24
                                                GUTRIDE SAFIER LLP
25                                              Attorneys for Plaintiff

26

27

28

GUTRIDE SAFIER LLP, 835 DOUGLASS STREET, SAN FRANCISCO, CA 94114

-20-