United States District Court

For the Northern District of California

1

2

3

4

5                    UNITED STATES DISTRICT COURT

6                   NORTHERN DISTRICT OF CALIFORNIA

7

8   CHRIS CHAVEZ, an individual, on    )   No. C-06-6609 SC
    behalf of himself, the general     )
    public and those similarly         )
9   situated,                          )   ORDER GRANTING
                                        )   DEFENDANTS' MOTION TO
10              Plaintiffs,             )   DISMISS AND VACATING
                                        )   MOTION TO TRANSFER
11      v.                             )
                                        )
12  BLUE SKY NATURAL BEVERAGE CO., a    )
    foreign corporation; HANSEN         )
13  BEVERAGE COMPANY, a foreign         )
    corporation; HANSEN NATURAL CORP., )
14  a foreign corporation; and DOES 1   )
    THROUGH 10.                         )
15                                      )
                                        )
16              Defendants.             )
    _____   )

17  I.   **INTRODUCTION**

18          Presently before the Court are a Motion to Dismiss and Motion

19  to Transfer filed by Defendants Blue Sky Natural Beverage Co.,

20  Hansen Beverage Company, and Hansen Natural Corp. ("Defendants" or

21  "Blue Sky").  See Mot. to Dismiss, Docket No. 6; Mot. to Transfer,

22  Docket No. 8.  Plaintiffs Chris Chavez and those similarly

23  situated ("Plaintiffs") oppose both motions.  See Opp'n, Docket

24  Nos. 13, 14.

25          For the reasons discussed herein, the Court GRANTS

26  Defendants' Motion to Dismiss with prejudice.  Defendants' Motion

27  to Transfer is VACATED.

28

**II.   BACKGROUND**

Defendants develop, market, sell, and distribute beverages including natural or healthy sodas, fruit juices, energy sports drinks, and other beverages under a variety of brand names. Compl., ¶¶ 20-21.  In September of 2000, Defendants acquired the Blue Sky natural soda business from the Blue Sky Natural Beverage Co., a company that had been based in and operated from Santa Fe, New Mexico since approximately 1980.  Id. at ¶ 22.  From that time until at least May of 2006, the Blue Sky containers indicated that their contents were made in and/or originated from Santa Fe, New Mexico.  Id. at ¶ 24.  Specifically, the cans and bottles prominently stated "SANTA FE, NEW MEXICO" or "SANTA FE, NM."  Id. In addition, every can stated "CANNED FOR THE BLUE SKY NATURAL BEVERAGE COMPANY SANTA FE, NM 87501" or "CANNED UNDER THE AUTHORITY OF BLUE SKY NATURAL BEVERAGE CO., SANTA FE, NM USA." Id.  According to Plaintiffs, the packaging of Blue Sky beverages also has a "particularly Southwestern look and feel" including "stylized Southwestern Indian tribal bands" across the top and bottom and "pictures of what appear to be the Sangre de Cristo mountains that border Santa Fe, New Mexico on the eastern side of the city." Id. at ¶ 25.  Finally, until May of 2006, Defendants' website stated "Santa Fe, New Mexico, U.S.A. (505) 995-9716" (the 505 area code is assigned to Santa Fe).  Id. at ¶ 26.

Plaintiffs contend that despite Defendants' representations, Blue Sky beverages are not manufactured or bottled anywhere in New Mexico.  Id. at ¶ 30.  Plaintiffs assert that Defendants outsource all manufacturing to third parties, all located outside New

United States District Court
For the Northern District of California

1   Mexico.  Id.  In addition, Plaintiffs assert that the Blue Sky

2   Natural Beverage Co. no longer exists in Santa Fe because one

3   month after Hansen's acquisition, the company was dissolved in New

4   Mexico and re-registered with the California Corporation

5   Commission as a Delaware corporation with its principal place of

6   business in Corona, California.  Id. at ¶ 31.

7      According to the Complaint, the named Plaintiff is a native

8   of New Mexico and has purchased a variety of Blue Sky beverages

9   since he was a child.  Id. at ¶ 27.  Plaintiff relocated to

10  California in August of 1999 and has continued purchasing Blue Sky

11  beverages "due to the fact that he believed Blue Sky Beverages

12  were made in Santa Fe, New Mexico and/or by a company that was

13  located in Santa Fe, New Mexico" and because Plaintiff "desired to

14  (i) support a New Mexico company and (ii) to associate himself

15  with a product from Santa Fe, New Mexico."  Id. at ¶ 28.

16     Plaintiff asserts that he "would not have purchased Blue Sky

17  Beverages had he known where they were really manufactured and/or

18  where the company that owned or controlled the canning of Blue Sky

19  Beverages was located."  Id. at ¶ 36.  Plaintiff, on behalf of

20  himself and those similarly situated, filed a class action

21  complaint alleging causes of action for (1) false advertising

22  under California Business and Professions Code § 17500 et seq.,

23  (2) unfair trade practices under California Business and

24  Professions Code § 17200 et seq., (3) violation of the Consumers

25  Legal Remedies Act under California Civil Code § 1750 et seq., and

26  (4) common law fraud, deceit and misrepresentation.

27  //

28

**United States District Court**
For the Northern District of California

1   **III.   LEGAL STANDARD**

2        Under Federal Rule of Civil Procedure 12(b)(6), a motion to

3   dismiss can be granted if the plaintiff fails "to state a claim

4   upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

5   When evaluating a motion to dismiss, the court accepts the facts

6   as stated by the nonmoving party and draws all inferences in its

7   favor.  See Everest & Jennings, Inc. v. Am. Motorists Ins. Co., 23

8   F.3d 226, 228 (9th Cir. 1994).  Furthermore, courts must assume

9   that all general allegations "embrace whatever specific facts

10  might be necessary to support them."  Peloza v. Capistrano Unified

11  Sch. Dist., 37 F.3d 517, 521 (9th Cir. 1994).  At the pleading

12  stage, the plaintiff "need only show that the facts alleged, if

13  proved, would confer standing upon him."  Warren v. Fox Family

14  Worldwide, Inc., 328 F.3d 1136, 1140 (9th Cir. 2003).  If a

15  complaint is dismissed for failure to state a claim, "leave to

16  amend should be granted unless the court determines that the

17  allegation of other facts consistent with the challenged pleading

18  could not possibly cure the deficiency."  Schreiber Distrib. Co.

19  v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

20       This case was removed to federal court based on diversity

21  jurisdiction under the Class Action Fairness Act, 28 U.S.C. §

22  1332(d).  See Not. of Removal, Docket No. 1.  A federal court

23  sitting in diversity jurisdiction applies state law on substantive

24  issues.  See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 79-80 (1938).

25  Thus, the Court will apply California law in evaluating

26  Defendants' motion.

27  //

28                                  4

1    **IV.   <u>DISCUSSION</u>**

2         **A.  Plaintiffs' Three Statutory Claims**

3         In the Complaint, Plaintiffs assert causes of action under

4    California false advertising law, Cal. Bus. & Prof. Code § 17500

5    <u>et seq.</u> ("FAL"), California unfair competition law, Cal. Bus. &

6    Prof. Code § 17200 <u>et seq.</u> ("UCL"), and the Consumers Legal

7    Remedies Act, Cal. Civ. Code § 1750 <u>et seq.</u> ("CLRA").  As a basis

8    for their motion to dismiss, Defendants assert that Plaintiffs

9    have failed to allege any remediable damage as required to state a

10   claim under the FAL, UCL, and CLRA.  <u>See</u> Mot. to Dismiss, 10.

11        In 2004, Proposition 64 amended the express language of the

12   UCL and FAL with respect to damages.  As a result, a plaintiff

13   with standing under the UCL is "any person who has suffered injury

14   in fact and has lost money or property as a result of such unfair

15   competition."  Cal. Bus. & Prof. Code § 17204.  In addition, a

16   plaintiff with standing under the FAL is "any person who has

17   suffered injury in fact and has lost money or property as a result

18   of a violation of this chapter."  Cal. Bus. & Prof. Code § 17535.

19   Similarly, the CLRA limits relief to "[a]ny person who suffers any

20   damage as a result of the use or employment by any person of a

21   method, act, or practice declared to be unlawful by [the CLRA]."

22   Cal. Civ. Code § 1780(a).

23        Plaintiffs do not dispute the damages requirements for the

24   three statutory claims.  <u>See</u> Opp'n, 11.  Instead, Plaintiffs argue

25   that they have properly alleged injury in fact.  <u>See</u> <u>id.</u>  The

26   named Plaintiff claims that he would not have purchased Blue Sky

27   beverages had he known the truth about the geographic origin of

28                                    5

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

the products.  Compl. at ¶ 52.  Thus, Plaintiffs assert that they lost the full value of the price paid for each can or bottle of soda.  <u>Id.</u>  Specifically, Plaintiffs claim that Defendants' alleged misrepresentations frustrated their desire to "support a New Mexico company" and/or "associate [themselves] with a product from Santa Fe, New Mexico."  <u>Id.</u> at ¶ 28.

**B. Plaintiffs' Common Law Claim**

Plaintiffs fourth cause of action seeks to recover damages for alleged fraud, deceit, and misrepresentation.  <u>See</u> <u>id.</u> at ¶¶ 90-100.  It has long been established that under California law, "Fraud, without damage, furnishes no ground for action, nor is fraud without damage a defense."  <u>S. Tahoe Gas Co. v. Hofmann Land Improvement Co.</u>, 102 Cal. Rptr. 286, 296 (Cal. Ct. App. 1972), <u>quoting</u> <u>Holton v. Noble</u>, 83 Cal. 7, 9 (1890); <u>see</u> <u>Charnay v. Cobert</u>, 51 Cal. Rptr. 3d 471, 482 (Cal. Ct. App. 2006) (listing the elements of fraud, including "resulting damage").  Thus, similar to their statutory claims, Plaintiffs must allege actual damages to pursue their common law claims.

**C. Plaintiffs' Allegations of Damages**

Under the relevant law, Plaintiffs' damages allegations are insufficient to state a claim under the FAL, UCL, CLRA, or common law fraud.  Thus, Plaintiffs do not have standing to pursue any of their claims.  On this issue, Plaintiffs assert that their damages equal the amount paid for the Blue Sky beverages because they would not have purchased the drinks had they known the drinks and company were no longer related to Santa Fe, New Mexico .  <u>See</u> Compl. at ¶¶ 36, 52.  However, Plaintiffs' alleged injury and

6

**United States District Court**
For the Northern District of California

damages are nonexistent because Defendants' alleged promise had no value.  In other words, Plaintiffs have not alleged damages resulting from Defendants' supposed misrepresentation of the location of its bottling operations and/or corporate headquarters.

The relevant case law confirms that Plaintiffs must adequately plead "injury in fact" to survive Defendants' motion to dismiss.  In contrast to this case, in <u>Daghlian v. DeVry Univ., Inc.</u>, the court found that Plaintiff had stated a claim under the FAL and UCL by properly pleading injury in fact.  461 F. Supp. 2d 1121, 1153-57 (C.D. Cal. 2006).  The <u>Daghlian</u> plaintiff incurred $40,000 in educational debt based on a recruiter's promise that DeVry's academic credits would be transferable to a wide variety of other schools.  <u>See</u> <u>id.</u> at 1156.  When the plaintiff discovered that the credits "probably would not transfer to other educational institutions," he sued.  <u>See</u> <u>id.</u> at 1124.  Daghlian's injury or damage was clear: the difference in value between what he was promised and what he received.  He was promised an accredited degree with transferable credits, but actually received a degree worth much less.  Similarly, in <u>Laster v. T-Mobile USA, Inc.</u>, the plaintiffs thought they were getting a free or substantially discounted phone, but were charged sales tax on the full retail value of the phone.  407 F. Supp. 2d 1181, 1194 (S.D. Cal. 2005).  The court found the assertions concerning the shifted tax burden sufficient to allege injury in fact.  <u>See</u> <u>id.</u>  As such, the plaintiffs in <u>Laster</u> suffered injury because they did not get the benefit of their bargain and paid more taxes than promised.

In contrast to <u>Daghlian</u> and <u>Laster</u>, the Plaintiffs in this

United States District Court

For the Northern District of California

case suffered no injury or damages as a result of Defendants'
conduct.  Plaintiff did not pay a premium for Defendants'
beverages because the drinks purportedly originated in Santa Fe,
New Mexico.  Accepting the facts as stated by Plaintiffs and
drawing all inferences in their favor, Defendants' promise
concerning geographic origin had no value and Plaintiffs have
suffered no damages by purchasing beverages they thought were
produced in New Mexico by a New Mexico-based company, but actually
originated in California.  As a result of Plaintiffs' failure to
allege any damages under all four causes of action, Plaintiffs
have no standing to pursue their claims against Defendants.

**D. Dismissal with Prejudice**

When evaluating a Rule 12(b)(6) motion to dismiss, the court
must accept all material allegations in the complaint as true and
construe them in the light most favorable to the non-moving party.
Barron v. Reich, 13 F.3d 1370, 1374 (9th Cir. 1994).  The court is
not required, however, to accept conclusory legal allegations
"cast in the form of factual allegations if those conclusions
cannot reasonably be drawn from the facts alleged."  Clegg v. Cult
Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).  Rule
12(b)(6) must be read in conjunction with Rule 8(a) which requires
"a short and plain statement of the claim showing that the pleader
is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The notice
pleading standard set forth in Rule 8 establishes "a powerful
presumption against rejecting pleadings for failure to state a
claim."  Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249
(citations omitted).  Therefore, a court must not dismiss a

8

complaint for failure to state a claim unless the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1974 (2007).

Where plaintiff's complaint should be dismissed for failure to state a claim, the plaintiff should generally be given "at least one chance to amend the complaint" under Fed. R. Civ. Proc. 15(a) before dismissing the action with prejudice. <u>Bank v. Pitt</u>, 928 F.2d 1108, 1112 (11th Cir. 1991). However, a plaintiff should be denied leave to amend a complaint if the court determines that "allegations of other facts consistent with the challenged pleading could not possibly cure the deficiency." <u>Schreiber Distrib. Co. v. Serv-Well Furniture Co. Inc.</u>, 806 F.2d 1393, 1401 (9th Cir. 1986).

In this case, Plaintiffs' complaint gives Defendants proper notice of Plaintiffs' claims and sets forth its theory with specificity. Even so, the complaint is clearly deficient because no set of facts consistent with the complaint could possibly cure Plaintiffs' inability to plead damages resulting from Defendants' conduct. As the Supreme Court recently stated, "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." <u>Bell Atlantic</u>, 127 S.Ct. at 1974. The Court finds that there are no other facts Plaintiffs could present to cure their lack of standing. Plaintiffs suffered neither injury nor damages because

United States District Court
For the Northern District of California

9

they bought cans of Defendants' beverages which contained text stating "Santa Fe, New Mexico."  As a result, the Court must dismiss Plaintiffs' complaint with prejudice.

**V.   CONCLUSION**

For the reasons discussed herein, Defendants' Motion to Dismiss is GRANTED with prejudice.  All other pending motions in this case, including Defendants' Motion to Transfer are VACATED.

IT IS SO ORDERED.

Dated: June 11, 2007

UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

10