**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 23 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHRIS CHAVEZ, an individual, on behalf of himself, the general public and those similarly situated,

        Plaintiff – Appellant,

  v.

BLUE SKY NATURAL BEVERAGE CO., a foreign corporation; HANSEN BEVERAGE COMPANY, a foreign corporation; HANSEN NATURAL CORP., a foreign corporation,

        Defendants – Appellees.

No. 07-16154

D.C. No. CV-06-066609-SC

MEMORANDUM [*]

Appeal from the United States District Court
for the Northern District of California
Samuel Conti, District Judge, Presiding

Argued and Submitted January 14, 2009
San Francisco, California

Before: BRIGHT,[**] HUG, and REINHARDT, Circuit Judges.

---

    [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**] The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

Appellant Chris Chavez challenges the district court's dismissal with prejudice of his class-action complaint, which contains allegations that Blue Sky Natural Beverage Co., Hansen Natural Corp., and Hansen Beverage Company (collectively "appellees") violated various California laws by misrepresenting the origins of their beverage products. Having jurisdiction under 28 U.S.C. § 1291, we conclude that Chavez's complaint is sufficient to state a claim on the question of injury-in-fact. Accordingly, we reverse and remand.

Appellees develop, market, sell, and distribute a variety of beverage products, including natural sodas, fruit juices, and sports drinks[1]. In September 2000, appellees acquired the "Blue Sky" product line from Blue Sky Natural Beverage Co., a company that had been based in and operated from Santa Fe, New Mexico since 1980. From September 2000 until mid-2006, the following information appeared on the labels of Blue Sky beverage containers: "SANTA FE, NEW MEXICO" or "SANTA FE, NM." Moreover, the label on each container included the words: "CANNED FOR THE BLUE SKY NATURAL BEVERAGE COMPANY SANTA FE, NM 87501" or "CANNED UNDER THE AUTHORITY OF BLUE SKY NATURAL BEVERAGE CO., SANTA FE, NM USA." Blue Sky containers also presented a Southwestern

---

[1] This paragraph assumes the truth of the facts alleged in Chavez's complaint.

look and feel, which included stylized Southwestern Native American tribal bands and pictures of what appear to be the Sangre de Cristo mountains, which border Santa Fe. Until May 2006, appellees' website featured the notation "Santa Fe, New Mexico, U.S.A." and a phone number with a Santa Fe area code. Appellees allegedly use forwarding services to route mail and telephone calls from Santa Fe to their headquarters in Corona, California.

In October 2006, Chavez brought this purported class action on behalf of himself and others similarly situated, contending that, in contrast with appellees' representations, Blue Sky products are not manufactured or bottled in New Mexico. Chavez's complaint asserts four causes of action: (1) false advertising under California Business and Professions Code § 17500 *et seq.* ("FAL"); (2) unfair trade practices under California Business and Professions Code § 17200 *et seq.* ("UCL"); (3) violation of the Consumers Legal Remedies Act, California Civil Code § 1750 *et seq.* ("CLRA"); and (4) common-law fraud, deceit, and misrepresentation. Appellees moved to dismiss the statutory claims under Fed. R. Civ. P. 12(b)(6), arguing that Chavez failed to adequately allege that he had sustained any injury-in-fact by their alleged misrepresentations. The district court granted the motion and dismissed all of Chavez's claims with prejudice. This timely appeal follows.

"A dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is reviewed de novo. All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff." *Stoner v. Santa Clara County Office of Educ.*, 502 F.3d 1116, 1120 (9th Cir. 2007) (internal citations and quotation marks omitted). A district court should grant a motion to dismiss when plaintiffs have not pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. Even so, "the motion [to dismiss] is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case." 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356, p. 354 (3d ed. 2004).

Appellees argue that "Chavez's utter failure to allege any fact demonstrating personal harm is fatal" to his claims. We disagree with appellees' characterization of Chavez's complaint. To state a claim, Chavez must allege, among other things[2], that he personally suffered a cognizable injury-in-fact as a result of the false advertising, unfair trade practice, CLRA violation, and common-law fraud. *See* Cal. Bus. & Prof.

---

[2] Appellees' only complaint-based argument to dismiss is based on Chavez's alleged failure to adequately plead injury-in-fact. We, therefore, focus only on this element for each claim.

Code § 17535 (allowing suits by "any person who has suffered injury in fact and has lost money or property as a result of a violation of" the FAL); *id.* § 17204 (allowing suits by "a person who has suffered injury in fact and has lost money or property as a result of" a violation of the UCL); Cal. Civ. Code § 1780(a) (allowing suits only by a "consumer who suffers any damage as a result of the use or employment by any person of a method, act, or practice declared to be unlawful by [CLRA]"); *R.D. Reeder Lathing Co. v. Cypress Ins. Co.*, 3 Cal. App. 3d 995, 999 (Cal. Ct. App. 1970) (noting that a common-law-fraud suit must contain allegations that "by reason of a defendant's misrepresentations[, the plaintiff] has sustained some pecuniary damage or injury by reason of having been put in a position worse than he would have occupied had there been no fraud").

The complaint contains the following allegations, which are sufficient to allege that Chavez has been injured-in-fact—however slightly—by appellees' conduct. First, Chavez purchased Blue Sky soda instead of other brands based on the representations that Blue Sky was a New Mexico company. *See* Complaint ¶¶ 28, 36, 52, 61, 95. Second, Blue Sky is not, in fact, bottled or produced in New Mexico, and, therefore, appellees misrepresented the origin and nature of their products. *See* Complaint ¶¶ 30, 31, 33. Third, and most importantly, Chavez incurred personal monetary loss as a result of appellees' purported misrepresentations. For example, Chavez "lost money

as a result [of appellees' deception] in that he did not receive what he had paid for." Complaint ¶ 36.  Chavez "lost money or property when he purchased a Blue Sky Beverage . . . . In particular, he lost the full value of the price he paid . . . which he would not have paid had he known the truth about the geographic origin of the products." Complaint ¶ 52. Chavez "lost money as a result in that [he] did not receive what [he] had paid for."  Complaint ¶ 61.  As a final example, we note that Chavez "alter[ed his] position to [his] detriment" and "suffered damages in an amount equal to the amount that [he] paid for the Blue Sky Beverages that [he] purchased." Complaint ¶¶ 97, 99.

We note additionally that Chavez alleges in the complaint that he had been born and raised in New Mexico; relocated to California some years ago; and purchased Blue Sky to (1) support a New Mexico company and (2) to associate himself with a product from Santa Fe, New Mexico.  These allegations, although perhaps limiting the extent of the putative class, nevertheless support his claim that he would not have paid the full price for the Blue Sky product or may not have purchased the product at all if he had known that its true place of manufacture was outside New Mexico.

In summary, Chavez asserts that he purchased beverages that he otherwise would not have purchased in absence of the alleged misrepresentations.  As a result, Chavez personally lost the purchase price, or part thereof, that he paid for those

6

beverages.  This is not a situation where, for example, Chavez never even purchased Blue Sky soda.  Moreover, Chavez's allegations are not merely formulaic recitals of the elements of each cause of action.  *See Twombly*, 550 U.S. at 555 (noting that such allegations "will not do" when it comes to surviving a motion to dismiss).  Chavez's complaint contains enough facts to state a claim to relief that, at least for him, is "plausible on its face."  *Id.* at 570.  We conclude that the district court erred by granting appellees' motion.[3]

Appellees urge us to affirm, in the alternative, on the basis that the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 *et seq.*, preempts the state-law causes of action underlying Chavez's complaint.  While we recognize that "[w]e *may* affirm on any basis supported by the record," *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 776 (9th Cir. 2009) (emphasis added), we decline to even reach the preemption issue here, much less affirm on that basis.  Appellees' argument raises an important issue of apparent first impression in this circuit that would have far-reaching consequences.  Although briefed below, the district court expressed no opinion on that issue.  Because we believe that resolution of the preemption issue

---

[3] In light of our holding that the district court erroneously dismissed the complaint, we need not reach whether the district court abused its discretion by dismissing the complaint without giving Chavez an opportunity to amend it.

without the benefit of a district-court ruling would not be in the interests of justice, we also express no opinion on the preemption argument.

Finally, Chavez argues that we should order that the case be reassigned to a different district-court judge on remand because the district court (1) "has concluded, apparently as a matter of fact, that the New Mexico representations on the soda cans have 'no value'"; (2) sought additional "evidence" while deciding appellees' motion to dismiss; and (3) concluded that Chavez could plead no additional facts to establish injury-in-fact. We have authority to reassign a case to a different judge on remand "under a demonstration of personal bias or in unusual circumstances." *D'Lil v. Best Western Encina Lodge & Suites*, 538 F.3d 1031, 1040-41 (9th Cir. 2008) (citation and internal quotation marks omitted).

The record shows no adequate basis to reassign this case to another judge, and we deny Chavez's request. We have little doubt that the district court, on remand, will not only diligently follow this disposition but also fairly consider Chavez's case.

**REVERSED AND REMANDED**.