1

**GUTRIDE SAFIER LLP**
ADAM J. GUTRIDE (State Bar No. 181446)

2
SETH A. SAFIER (State Bar No. 197427)
835 Douglass Street

3
San Francisco, California 94114
Telephone: (415) 336-6545

4
Facsimile:  (415) 449-6469

5

Attorneys for Plaintiff

6

7
                    UNITED STATES DISTRICT COURT

8
                    NORTHERN DISTRICT OF CALIFORNA

9

10
CHRIS CHAVEZ, an individual, on behalf of himself, the          Case No. CV-06-06609 (VRW)
general public and those similarly situated

11
                                                                **PLAINTIFF'S NOTICE OF**
                                                                **MOTION AND MOTION TO**

12
     Plaintiff,                                                 **STRIKE DEFENDANTS'**
                                                                **AFFIRMATIVE DEFENSES**

13
     v.                                                         **PURSUANT TO FED. R. CIV.**
                                                                **P. 12(F); MEMORANDUM OF**

14
                                                                **POINTS AND AUTHORITIES**
BLUE SKY NATURAL BEVERAGE CO., a foreign                        **IN SUPPORT THEREOF**

15
corporation; HANSEN NATURAL CORP., a foreign
corporation; HANSEN BEVERAGE COMPANY, a foreign

16
corporation; AND DOES 1 THROUGH 10                             Date:      September 24, 2009

17
                                                                Time:      10:00 am
     Defendants

18
                                                                Dept:      Courtroom 6, 17th Floor
                                                                Judge:    Hon. Vaughn R. Walker

19

20

21

22

23

24

25

26

27

28

1

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION………………………………..…………. .........1

I.    INTRODUCTION ......................................................................................3

II.   STATEMENT OF FACTS AND PROCEDURAL BACKGROUND ...................3

III.  ARGUMENT .............................................................................................4

    A.   Legal Standard for Motion to Strike Affirmative Defenses. ........................4

    B.   Defendants' Second, Third, Fifth, Fifteenth, Seventeenth, Eighteenth, and
        Nineteenth Affirmative Defenses Must Be Stricken As It They Are Not
        Proper Affirmative Defenses. ..................................................................5

        1.   Defendants' Second Affirmative Defense (Failure to State a Claim) Is
            Immaterial and Impertinent..............................................................5

        2.   Defendants' Third Affirmative Defense (Improper Venue) Is
            Immaterial And Impertinent..............................................................6

        3.   Defendants' Fifteenth Affirmative Defense (Lack of Standing) Is
            Immaterial And Impertinent..............................................................7

        4.   Defendants' Fifth and Seventeenth Affirmative Defenses (Innocent
            Intent, Lack of Intent or Fault) Are Immaterial And Impertinent................7

        5.   Defendants' Eighteenth Affirmative Defense (Lack of Cognizable
            Injury) Is Immaterial And Impertinent.........................................8

        6.   Defendants' Nineteenth Affirmative Defense (No Class Action) Is
            Immaterial and Impertinent.........................................................8

    C.   Defendants' First, Fourth, Sixth, Seventh, Eight, Ninth, Tenth, Eleventh,
        Twelfth, Thirteenth, Fifteenth, And Sixteenth Affirmative Defenses Must
        Be Stricken As They Are Insufficient to Provide Plaintiff With Fair Notice
        of the Defense. ........................................................................8

        1.   Defendants' First Affirmative Defense (Preclusion) Is Insufficient.................8

        2.   Defendants' Fourth Affirmative Defense (Estoppel, Waiver, Laches) Is
            Insufficient. ...................................................................9

        3.   Defendants' Sixth And Seventh Affirmative Defenses (Consent,
            Acquiescence) Are Insufficient. .................................................10

1

1

2

4.   Defendants' Eighth Affirmative Defense (Unclean Hands) Is Insufficient. ..............................................................................10

5.   Defendants' Ninth Affirmative Defense (First Amendment) Is Insufficient. ..............................................................................10

6.   Defendants' Tenth and Twelfth Affirmative Defenses (Others' Acts and Omissions, Others' Negligence) Are Insufficient. ...............................11

7.   Defendants' Eleventh Affirmative Defense (Failure to Mitigate) Is Insufficient. ..............................................................................12

8.   Defendants' Thirteenth Affirmative Defense (Preemption) Is Insufficient. ..............................................................................12

9.   Defendants' Fourteenth Affirmative Defense (Statute of Limitations) Is Insufficient. ....................................................................13

10.   Defendants' Sixteenth Affirmative Defense (Failure to Give Notice) Is Insufficient. ....................................................................13

11.   Defendants' Reservation of Right Should Also Be Stricken. ........................13

IV.   CONCLUSION...........................................................................................14

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2 ## <u>TABLE OF AUTHORITIES</u>

3 ### CASES

*Arreola v. County of Monterey*, 99 Cal.App.4th 722 (2002) ...................................................... 11

*Brother Records, Inc. v. Jardine*, 318 F.3d 900 (9th Cir. 2003) ................................................ 10

*Dealertrack, Inc. v. Huber*, 460 F. Supp. 2d 1177 (C.D. Cal. 2006) .......................................... 7

*EEOC & Gutierrez v. Interstate Hotels, L.L.C.*, 2005 U.S. Dist. LEXIS 45000
(N.D. Cal. April 14, 2005) ...................................................................................... 5, 6, 7

*Fantasy, Inc. v. Fogerty*, 984 F.2d 1524 (9th Cir. 1993) ............................................................. 5

*Federal Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259 (E.D. Cal. 1987) .................... 7

*Ganley v. County of San Mateo*, 2007 U.S. Dist. LEXIS 26467 (N.D. Cal. Mar. 22,
2007) ......................................................................................................................... 8

*Hart v. Baca*, 204 F.R.D. 456 (C.D. Cal. 2001) ........................................................................ 5

*Hynix Semiconductor Inc. v. Rambus Inc.*, 2007 U.S. Dist. LEXIS 97677
(N.D.Cal. Nov. 15, 2007) ......................................................................................... 12

*In re Beaty*, 306 F.3d 915, 926 (9th Cir. 2002) ......................................................................... 9

*Jones v. Community Redevelopment Agency*, 733 F.2d 646 (9th Cir. 1984) ........................... 5, 8

*Lehman v. United States*, 154 F.3d 1010 (9th Cir. 1998) ........................................................... 9

*Lugtu v. California Highway Patrol*, 26 Cal.4th 703 (2001) ..................................................... 11

*Massae v. Superior Court* (1981) 118 Cal. App. 3d 527 ............................................................ 6

*Mattox v. Watson*, 2007 U.S. Dist. LEXIS 88634 (C.D. Cal. Nov. 17, 2007) ............................ 9

*McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352 (1995) ............................................ 10

*Milliken v. Gray*, 276 Cal. App. 2d 595 (1969) ........................................................................ 6

*Monster Cable Prods. v. Avalanche Corp.*, 2009 U.S. Dist. LEXIS 23747 (N.D.
Cal. Mar. 11, 2009) ............................................................................................ 10, 13

*Perma Life Mufflers, Inc. v. Int'l Part Corp.*, 392 U.S. 134 (1968) ......................................... 10

*Public Agencies Opposed to Social Security Entrapment v. Heckler*, 613 F. Supp.
558 (E.D. Cal. 1985) ................................................................................................. 7

*Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046 (N.D. Cal. 2004) ............................. 5, 9

*Reis Robotics U.S .A., Inc. v. Concept Indus., Inc.*, 462 F.Supp.2d 897 (N.D. Ill.
2006) ...................................................................................................................... 13

*Resolution Trust Corp. v. Thomas*, 1995 U.S. Dist. LEXIS 6071 (D. Kan. Apr. 26,
1995) ...................................................................................................................... 12

*S.E.C. v. Sands*, 902 F.Supp. 1149 (C.D. Cal. 1995) ................................................................ 4

*Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880 (9th Cir. 1983) ........................................... 5

*Solis v. Zenith Capital, LLC*, 2009 U.S. Dist. LEXIS 43350 (N.D. Cal. May 8,
2009) ................................................................................................................. 13, 14

*Sun Microsystems v. Dataram Corp.*, No. CIV. 96-20708 SW, 1997 U.S. Dist.
LEXIS 4557 (N.D. Cal. Feb. 4, 1997) ....................................................................... 9

3

1

2

3

4

*United States v. King Features Entm't, Inc.*, 843 F.2d 394 (9th Cir. 1988) ...............................9

*Va. Pharmacy Bd. v. Va. Consumer Council,* 425 U.S. 748 (1976) ...........................................11

*Wyshak v. City Nat'l Bank*, 607 F.2d 824 (9th Cir. 1979) ......................................................4, 9

*Yash Raj Films (USA) Inc. v. Atl. Video*, 2004 U.S. Dist. LEXIS 9739 (N.D. Ill. Mar. 28, 2004)............................................................................................................11

5

**STATUTES**

Cal. Civ. Code § 1780(d) ...........................................................................................................6

Code. Civ. Proc. § 392 ...............................................................................................................6

6

7

**RULES**

Fed. R. Civ. Proc. 12(f).............................................................................................................4

8

9

**TREATISES**

3 Witkin, Cal. Procedure (4th ed. 1996) Actions, § 701 ............................................................6

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

On September 24, 2009, at 10:00 a.m., in Courtroom number 6, on the 17th floor of the United States District Court for the Northern District of California (San Francisco Division), Plaintiff Chris Chavez will, and hereby does, move, pursuant to Fed. Rule. Civ. Proc. Rule 12(f), to strike the following Affirmative Defenses asserted in the Answer to Complaint and Renewed Demand For Jury (Dkt.# 53) ("Answer") filed by Defendants Blue Sky Natural Beverage Co., Hansen Beverage Company, and Hansen Natural Corporation (collectively "Defendants" or "Blue Sky"):

1.    First Affirmative Defense  (Res Judicata, Collateral Estoppel and Preclusion)

2.    Second Affirmative Defense (Failure to State a Claim)

3.    Third Affirmative Defense (Improper Venue)

4.    Fourth Affirmative Defense (Estoppel, Waiver, Laches)

5.    Fifth Affirmative Defense (Innocent Intent)

6.    Sixth Affirmative Defense (Consent)

7.    Seventh Affirmative Defense (Acquiescence)

8.    Eighth Affirmative Defense (Unclean Hands)

9.    Ninth Affirmative Defense (First Amendment)

10.   Tenth Affirmative Defense (Others' Acts and Omissions)

11.   Eleventh Affirmative Defense (Failure to Mitigate)

12.   Twelfth Affirmative Defense (Others' Negligence)

13.   Thirteenth Affirmative Defense (Preemption)

14.   Fourteenth Affirmative Defense (Statute of Limitations)

15.   Fifteenth Affirmative Defense (Lack of Standing)

16.   Sixteenth Affirmative Defense (Failure to Give Notice)

17.   Seventeenth Affirmative Defense (Lack of Intent or Fault)

18.   Eighteenth Affirmative Defense (Lack of Cognizable Injury)

19.   Nineteenth Affirmative Defense (No Class Action)

1

      20.     Preamble (Reserving Right To Assert Additional Defenses)

2

      This motion is based on the following memorandum of points and authorities, the complete

3

records and files in this action, and all maters of which the Court may take notice.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Defendants' Answer to Complaint and Renewed Demand for Jury includes nineteenth affirmative defenses.   Seven of the defenses—the second, third, fifth, fifteenth, seventeenth, eighteenth and nineteenth—are not, in fact, affirmative defenses, but merely arguments that Plaintiff will be unable to meet his burden of proof.  The remaining "affirmative defenses" are boilerplate invocations of concepts like "waiver," "unclean hands," or "the statute of limitations," which fail to provide fair notice of the defense and the grounds for it.   Accordingly, each of Defendants' affirmative defenses should be stricken as immaterial, impertinent, or insufficient.

The Answer also includes a preamble purportedly "reserving the right" to add affirmative defenses later.  The Federal Rules do not authorize such a reservation of rights; new affirmative defenses may be pled only with leave of court under Rule 15.  Defendants' preamble should also be stricken.

## II.    STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

Defendants develop, market, sell and distribute beverages throughout the United States, including throughout this District.  Among these beverages are the "Blue Sky" line of premium natural sodas and juices.  In or around the summer 2003, Plaintiff purchased several Blue Sky beverages in this District.  At the time of Plaintiff's purchases, Blue Sky beverages prominently claimed a connection to New Mexico.  Each can stated, on the bottom front of the container in the location where other premium beverages show an appellation or provenance, "SANTA FE, NEW MEXICO" or "SANTA FE, NM."  Each can also stated "CANNED FOR THE BLUE SKY NATURAL BEVERAGE COMPANY SANTA FE, NM 87501" or "CANNED UNDER THE AUTHORITY OF BLUE SKY NATURAL BEVERAGE CO., SANTA FE, NM USA."  These statements were false.  Plaintiff purchased the beverages in reliance on Defendants' misrepresentations, specifically because he thought they were made in New Mexico, and he paid more than he would have paid for similar beverages without the claimed relationship to New Mexico.

Plaintiff later learned that Defendants' beverages in fact had no relationship to Santa Fe or

New Mexico.  They were not canned there.  Nor, for that matter, is there any company in Santa Fe or New Mexico that exercises canning authority over Defendants' Blue Sky beverages.  Years before Plaintiff's purchase, Defendants had purchased the Blue Sky company and moved all of its operations to California.  It kept this fact hidden, however, even going so far as to display a Santa Fe telephone number and address on its website, and to employ a service to forward all calls and mail to California.

Plaintiff brought this action on September 21, 2006.  He makes four claims for relief, all under California state law:  unfair competition, false advertising, violation of the California Consumers Legal Remedies Act, and fraud, deceit and/or misrepresentation.  He filed the action in the Superior Court for the State of California, County of San Francisco.   Defendants removed this case to this Court.

Shortly thereafter, Defendants filed a motion to dismiss.  Defendants' motion to dismiss was granted.  Plaintiff timely appealed.  On June 25, 2009, the Ninth Circuit Court of Appeals reversed and remanded.  Subsequently, the original district court judge (Conti, J.) recused himself, and the case was reassigned to this Court.

Defendants answered on July 20, 2009.  The answer included nineteen purported affirmative defenses.

## III.   ARGUMENT

### A.    Legal Standard for Motion to Strike Affirmative Defenses.

Under Rule 12(f) of the Federal Rules of Civil Procedure, a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Proc. 12(f).   "To strike an affirmative defense [on grounds of immateriality or impertinence], the moving party must convince the court 'that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed.'" *S.E.C. v. Sands*, 902 F.Supp. 1149, 1165 (C.D. Cal. 1995).  A defense may be stricken as "insufficient" if it does not provide the plaintiff with "fair notice" of the defense.  *See Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) ("The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the

defense."); *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004) (affirmative defenses are governed by the same pleading standard as complaints, and therefore must give plaintiff "fair notice" of the defense being advanced). Where an affirmative defense simply states a legal conclusion or theory without the support of facts explaining how it connects to the instant case, it is insufficient and will not withstand a motion to strike. *See Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that will arise from litigating spurious issues, by dispensing with those issues prior to discovery and trial. *See Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). If the defense asserted is invalid as a matter of law, the court should determine the issue before a needless expenditure of time and money. *See Hart v. Baca*, 204 F.R.D. 456, 457 (C.D. Cal. 2001); *see also Sands*, 902 F.Supp. at 1166 (prejudice can arise from allegations that cause delay or confusion of issues), *citing Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994).

**B.    Defendants' Second, Third, Fifth, Fifteenth, Seventeenth, Eighteenth, and Nineteenth Affirmative Defenses Must Be Stricken As It They Are Not Proper Affirmative Defenses.**

Seven of Defendants' purported "affirmative defenses" are not defenses at all. Rather, they are merely statements that Plaintiff will be unable to carry his burden of proof. "The role of an affirmative defense under Rule 8(b) and (c) is to set forth additional matters beyond the four corners of the complaint constituting an 'avoidance' to a well-pled claim. That is, a proper affirmative defense presumes that a claim has been stated and avers that, even so, additional circumstances bar or mitigate the claim." *EEOC & Gutierrez v. Interstate Hotels, L.L.C.*, 2005 U.S. Dist. LEXIS 45000 at *5-6 (N.D. Cal. April 14, 2005). To put it another way, an affirmative defense is a matter on which Defendants have the burden to affirmatively prove to avoid liability, not just a matter on which Plaintiff will allegedly be unable to carry his burden of proof.

**1.    Defendants' Second Affirmative Defense (Failure to State a Claim) Is Immaterial and Impertinent.**

In their Second Affirmative Defense, Defendants assert that Plaintiff fails to state a claim

1   upon which relief may be granted.  Defendants do not identify what in particular is insufficient

2   about Plaintiff's allegations.  Moreover, as this Court has stated, this defense "is not really an

3   affirmative defense at all."  *EEOC & Gutierrez*, 2005 U.S. Dist. LEXIS 45000 at *5-6:

4           Either the complaint states a claim for relief or it does not. If not, it can be challenged
            under Rule 12(b)(6).  Inserting a so-called affirmative defense that no claim has been stated
5           does not add or subtract from the complaint and failure to so defend in no way constitutes
            an admission that the complaint is well pled. …. Why lawyers continue to insert this
6           counterfeit 'defense' is strange and probably flows from an excess of caution. It is rarely
            challenged, however, because everyone recognizes that it is meaningless. But here plaintiff
7           has taken the time to challenge it. It is surplusage.

8   *Id*. This defense should be stricken.

9           **2.      Defendants' Third Affirmative Defense (Improper Venue) Is Immaterial
                     And Impertinent.**

10

11          In the Third Affirmative Defense, Defendants assert that Plaintiff's complaint should be

12   dismissed because it was filed in an improper venue.  Defendants do not state, however, why venue

13   would be improper in this Court, nor could they do so.

14          This case was filed in San Francisco Superior Court on October 25, 2006.   (Notice of

15   Removal, Dkt.# 1.)  Under California law, "venue" denotes the particular county within the state

16   where a case may be heard.  *See Milliken v. Gray*, 276 Cal. App. 2d 595, 600 (1969); 3 Witkin, Cal.

17   Procedure (4th ed. 1996) Actions, § 701, p. 892.  Which county constitutes the proper venue in a

18   particular case is determined according to the venue statutes.  *See* Code. Civ. Proc. § 392, et seq.  In

19   applying these statutes to determine the county (or counties) where venue is proper, the courts

20   generally look to the main relief sought, as determined from the complaint as it stands at the time of

21   the motion for change of venue.  *See Massae v. Superior Court* (1981) 118 Cal. App. 3d 527, 530.

22   This case concerns Defendants' false advertising and unfair business practices.   In such instances,

23   venue is proper either where a defendant resides at the time of trial or where the injury occurs or

24   contract was entered.  *See* Code. Civ. Proc. § 395.  Similarly, "an action under [the CLRA] may be

25   commenced in the county in which the person against whom it is brought resides, has his or her

26   principal place of business, or is doing business, or in the county where the transaction or any

27   substantial portion thereof occurred.")  Cal. Civ. Code § 1780(d).   Plaintiff purchased the Blue Sky

28   beverages at issue in this case in San Francisco.  (Notice of Removal, Dkt.# 1, Ex. A, p. 1 ¶ 7.)

Defendants have not challenged this allegation or otherwise stated why this case should be dismissed for improper venue.  Venue is accordingly appropriate in this Court and this affirmative defense should be stricken.

> **3.      Defendants' Fifteenth Affirmative Defense (Lack of Standing) Is Immaterial And Impertinent.**

In their Fifteenth Affirmative Defense, Defendants assert that Plaintiff lacks standing to assert the claims described in the complaint.  Questions of standing are addressed to the allegations of the complaint, *see Public Agencies Opposed to Social Security Entrapment v. Heckler*, 613 F. Supp. 558, 566 (E.D. Cal. 1985), rev'd on other grounds, 477 U.S. 41 (1986), and are purely legal questions, on which Plaintiff has the burden of proof.  *See Federal Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259 (E.D. Cal. 1987).  Like their "Second Affirmative Defense" for failure to state a claim, a challenge to Plaintiff's standing is not an "affirmative defense" but rather should be addressed by motion.  Moreover, even were it a proper grounds for defense, Defendants allege no facts that would defeat Plaintiff's standing to seek the requested relief, and thus the defense should be additionally stricken as insufficient.

> **4.      Defendants' Fifth and Seventeenth Affirmative Defenses (Innocent Intent, Lack of Intent or Fault) Are Immaterial And Impertinent.**

Defendants' Seventeenth Affirmative Defense is that Plaintiff is barred from recovery because they did not "act with the requisite degree of intent or fault."[1]  But even if intent or fault is a required element of any of Plaintiff's claims, a lack thereof is not an affirmative defense.  *See EEOC & Gutierrez*, 2005 U.S. Dist. LEXIS 45000 at *12-13.   Rather, it is merely a question of Plaintiff's burden.  This defense should be stricken.

---

[1] Defendants assert as a Fifth Affirmative Defense that Plaintiff's "complaint is barred by the doctrine of innocent intent."  Plaintiff is unaware of any such doctrine or affirmative defense in civil litigation.  *But see Dealertrack, Inc. v. Huber*, 460 F. Supp. 2d 1177, 1185 (C.D. Cal. 2006) (striking affirmative defense of "innocent intent" where defendant did not oppose motion to strike the defense.)  In any event, this defense seems to suggest that Defendants did not intentionally deceive their consumers.  Otherwise put, this defense addresses whether or not Plaintiff can prove intent.  But, as set forth above, such an argument would not be a proper affirmative defense.

7

**5.     Defendants' Eighteenth Affirmative Defense (Lack of Cognizable Injury) Is Immaterial And Impertinent.**

In their Eighteenth Affirmative Defense, Defendants assert that Plaintiff and his purported class have not suffered cognizable injury.   It is Plaintiff's burden to prove that he has suffered damages.  If Plaintiff fails to do so, Plaintiff will lose the claim and an affirmative defense to that effect is unnecessary.  Again, the role of an affirmative defense is to set forth new matter beyond the minimum plaintiff must prove.  *See EEOC & Gutierrez*, 2005 U.S. Dist. LEXIS 45000 at *10-11.  Plaintiff already has to prove damages to obtain relief.  *Id*.  This too is nothing more than a denial, not an affirmative defense.  *Id*.

**6.     Defendants' Nineteenth Affirmative Defense (No Class Action) Is Immaterial and Impertinent.**

In their Nineteenth Affirmative Defense, Defendants assert that Plaintiff may not maintain this action as a class action.  Whether or not Defendants are correct, this is not an affirmative defense to Plaintiff's causes of action.   Rather, is merely an argument that Plaintiff cannot meet his burden of proof to achieve class certification.  This defense should be stricken.

**C.     Defendants' First, Fourth, Sixth, Seventh, Eight, Ninth, Tenth, Eleventh, Twelfth, Thirteenth, Fifteenth, And Sixteenth Affirmative Defenses Must Be Stricken As They Are Insufficient to Provide Plaintiff With Fair Notice of the Defense.**

Defendants' remaining affirmative defenses state legal conclusions without alleging any supporting facts, or even explaining how the legal conclusions relate to Plaintiff's claims.  Accordingly, each of these affirmative defenses is insufficient and must be stricken.  *See Jones*, 733 F.2d at 649.

**1.     Defendants' First Affirmative Defense (Preclusion) Is Insufficient.**

Defendants first assert that Plaintiff's complaint is barred by res judicata, collateral estopeel and/or preclusion.   In order for Plaintiff to be estopped or precluded from recovery, Defendants must, at a very minimum, identify a prior judicial proceeding that has occurred with respect to these claims and that would carry preclusive effect.  *See, e.g., Ganley v. County of San Mateo*, 2007 U.S. Dist. LEXIS 26467 * 14 (N.D. Cal. Mar. 22, 2007); *see also Mattox v. Watson*, 2007

U.S. Dist. LEXIS 88634 *13-14 (C.D. Cal. Nov. 17, 2007).  Defendants fail to indentify such a proceedings or even provide any facts to give to Plaintiff fair notice of this defense.  That is because no such judicial proceedings exist.  This affirmative defense must be stricken.

### 2.  Defendants' Fourth Affirmative Defense (Estoppel, Waiver, Laches) Is Insufficient.

In their Fourth Affirmative Defense, Defendants assert that "the plaintiff's complaint is barred by the doctrines of estopel, waiver and/or laches."  No fair notice is provided of these defenses.

"The elements of equitable estoppel are that (1) the party to be estopped knows the facts, (2) he or she intends that his or her conduct will be acted on or must so act that the party invoking estoppel has a right to believe it is so intended, (3) the party invoking estoppel must be ignorant of the true facts, and (4) he or she must detrimentally rely on the former's conduct." *Lehman v. United States*, 154 F.3d 1010, 1016 (9th Cir. 1998); *see also Sun Microsystems v. Dataram Corp.*, No. CIV. 96-20708 SW, 1997 U.S. Dist. LEXIS 4557 at *4 (N.D. Cal. Feb. 4, 1997) (holding that a party must plead each element of estoppel to survive a motion to strike.)  Defendants have not met their pleading obligations, and there are no facts that would support such a pleading.

"Waiver is the intentional relinquishment of a known right with knowledge of its existence and the intent to relinquish it." *United States v. King Features Entm't, Inc.*, 843 F.2d 394, 399 (9th Cir. 1988).  Defendants again fail to allege which rights Plaintiff waived.  Nor do Defendants allege facts showing that Plaintiff knew of such rights and/or intended to relinquish them.

"The affirmative defense of laches requires proof of (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense."  *In re Beaty*, 306 F.3d 915, 926 (9th Cir. 2002) (internal quotation marks omitted).  Defendants have also not alleged facts demonstrating that Plaintiff (or anyone on his behalf) lacked diligence or that Defendants were prejudiced by that alleged lack of diligence.  Because this affirmative defense is merely a legal conclusion and gives no fair notice of the defense, it should be stricken.  *See Wyshak*, 607 F.2d at 827; *Qarbon.com Inc.*, 315 F. Supp. 2d at 1049.

3.     **Defendants' Sixth And Seventh Affirmative Defenses (Consent, Acquiescence) Are Insufficient.**

Defendants plead, as their Sixth and Seventh Affirmative Defense, that Plaintiff consented or acquiesced to the acts or conduct alleged in the Plaintiff's complaint.  Defendants do not, however, provide any information regarding to what Plaintiff consented or acquiesced.  In any event, it could not be true that Plaintiff consented to Defendants' misrepresentations and false advertising.  Such allegations are accordingly insufficient to provide Plaintiff fair notice of the defense.  *See Monster Cable Prods. v. Avalanche Corp.*, 2009 U.S. Dist. LEXIS 23747  (N.D. Cal. Mar. 11, 2009) (striking an acquiescence defense for the reason that defendant failed to allege any facts in support thereof or to otherwise provide any notice of the basis for such defenses.)

4.     **Defendants' Eighth Affirmative Defense (Unclean Hands) Is Insufficient.**

Defendants' Eighth Affirmative Defense asserts that Plaintiff's claims are barred by the doctrine of unclean hands.  Under the equitable doctrine of unclean hands, a party may be denied recovery where the party engaged in "reprehensible conduct in the course of the transaction at issue." *McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352, 360 (1995) *citing Perma Life Mufflers, Inc. v. Int'l Part Corp.*, 392 U.S. 134, 138 (1968).   In order to maintain an "unclean hands" defense, defendant must allege that plaintiff has engaged in some type of "inequitable conduct" and that such conduct "relates to the subject matter of [plaintiff's] claims." *See Brother Records, Inc. v. Jardine*, 318 F.3d 900, 909 (9th Cir. 2003) (setting forth elements of defense of unclean hands). The purpose of the defense is to "prevent[] a wrongdoer from enjoying the fruits of his transgression." *Kendall-Jackson Winery, Ltd. v. Super. Ct.*, 76 Cal. App. 4th 970, 978-79 (1999).  The defense requires proof that the plaintiff engaged in misconduct that prejudiced the defendant.  *Id.*  Defendants do not and cannot make any such allegations.  This defense must be stricken.

5.     **Defendants' Ninth Affirmative Defense (First Amendment) Is Insufficient.**

In their Ninth Affirmative Defense, Defendants plead that Plaintiff's claims are barred in whole or part because the purported misconduct by Defendants was and is protected by Defendants'

1   right to free speech under the First Amendment of the United States Constitution.  This affirmative

2   defense fails as a matter of law.  Companies have no Constitutional right to label their products in a

3   manner that is false and/or likely to deceive members of the public.  *See Kasky v. Nike*, 27 Cal. 4th

4   939, 951, 953 (2002) (holding that "[u]ntruthful speech, commercial or otherwise, has never been

5   protected for its own sake.") *citing Va. Pharmacy Bd. v. Va. Consumer Council,* 425 U.S. 748, 771.

6   This defense should be stricken.

7            **6.       Defendants' Tenth and Twelfth Affirmative Defenses (Others' Acts and
                         Omissions, Others' Negligence) Are Insufficient.**

8

9            In their Tenth Affirmative Defense, Defendants assert that Plaintiff's damages were caused

10  by acts and/or omissions of others over whom Defendants had no control, or for which Defendants

11  are not liable or responsible.  In the Twelfth Affirmative Defense, Defendants assert that plaintiff

12  and/or third parties were comparatively at fault and that any damages must be apportioned or

13  reduced to the extent that such damages are attributable to actions of those parties.  Neither

14  defenses is supported with any facts.

15           In California, "[a] defendant's conduct is superseded as a legal cause of an injury if, among

16  other things, the intervening force is highly unusual or extraordinary, not reasonably likely to

17  happen and, therefore, not foreseeable….The defendant has the burden to prove the affirmative

18  defense of superseding cause, that is, that the intervening event is so highly unusual or

19  extraordinary that it was unforeseeable." *Arreola v. County of Monterey*, 99 Cal.App.4th 722, 760

20  (2002). "For an intervening act properly to be considered a superseding cause, the act must have

21  produced 'harm of a kind and degree so far beyond the risk the original tortfeasor should have

22  foreseen that the law deems it unfair to hold him responsible.'" *Lugtu v. California Highway

23  Patrol*, 26 Cal.4th 703, 725 (2001).

24           To properly plead a comparative fault defense, at a minimum, defendant must identify the

25  factual basis upon which their affirmative defense rests and identify the persons to which they wish

26  to attribute fault.  *See Resolution Trust Corp. v. Thomas*, 1995 U.S. Dist. LEXIS 6071 *6-7 (D.

27

28

                                                            11

1   Kan. Apr. 26, 1995).[2]

2        Defendants fail to allege any of the facts necessary to support the defenses of an

3   intervening cause or comparative fault.  Defendants, in fact, do not even provide the name of any

4   third-party who is wholly or partially at fault for Plaintiff's damages.  Nor do they provide notice

5   of any facts that would support a contention that Plaintiff is responsible for his own damages.

6   Both of these defenses must be stricken.

7        **7.    Defendants' Eleventh Affirmative Defense (Failure to Mitigate) Is Insufficient.**

8

9        In their Eleventh Affirmative Defense, Defendants assert that Plaintiff has failed to mitigate

10  his alleged damages and that to the extent of such failure to mitigate, any damages awarded to

11  Plaintiff should be reduced accordingly.  Defendants, however, set forth no facts that would

12  establish a duty to mitigate damages for any of Plaintiff's claims, nor any facts to suggest that

13  Plaintiff failed to, or could have, mitigated his damages.   "This sort of bare bones pleading" has

14  been held to fail "to provide fair notice." *Hynix Semiconductor Inc. v. Rambus Inc.*, 2007 U.S.

15  Dist. LEXIS 97677 at *44 (N.D. Cal. Nov. 15, 2007).  This defense must be stricken.

16       **8.    Defendants' Thirteenth Affirmative Defense (Preemption) Is Insufficient.**

17

18       Defendants' Thirteenth Affirmative Defense asserts that Plaintiff's claims are preempted

19  by federal law.  Defendants, however, neglect to mention what federal law preempts these claims.

20  This affirmative defense accordingly fails to provide to Plaintiff fair notice of the defense.   In their

21  motion to dismiss, Defendants previously argued that Plaintiff's claims were preempted by the

22  Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301, *et seq.* Subsequently, the California

23  Supreme Court issued an opinion in the *Farm Raised Salmon Cases*, 42 Cal. 4th 1077 (2008).

24  *Farm Raised Salmon* effectively slammed the door on this argument.  This is likely why

25  Defendants answered instead of renewing their preemption argument.  It is also further reason why

26  this defense must be stricken.

27

28  [2] Some courts assert that comparative fault should automatically be stricken because it is not actually an affirmative defense, but rather it is a denial and claim that others are responsible. *See, e.g., Yash Raj Films (USA) Inc. v. Atl. Video*, 2004 U.S. Dist. LEXIS 9739 *10 (N.D. Ill. Mar. 28, 2004).

**9.    Defendants' Fourteenth Affirmative Defense (Statute of Limitations) Is Insufficient.**

In the Fourteenth Affirmative Defense, Defendants assert that Plaintiff's claims are barred by the "applicable statute of limitations."   Defendants do not, however, identify which statute of limitations is "applicable," or explain how it was violated.  Without further information, such allegations have been held to be inadequate.  *See Solis v. Zenith Capital, LLC*, 2009 U.S. Dist. LEXIS 43350 at * 9. (N.D. Cal. May 8, 2009) (holding that the legal conclusion that the complaint "is barred by the applicable statutes of limitation," is inadequate to provide "fair notice" of this defense.)

**10.    Defendants' Sixteenth Affirmative Defense (Failure to Give Notice) Is Insufficient.**

Defendants allege, in their Sixteenth Affirmative Defense, that Plaintiff is barred from recovery by failure to give adequate and appropriate notice to Defendants as required by law. Defendants fail to identify which "law" requires notice.  *Cf., e.g., Monster Cable*, 2009 U.S. Dist. LEXIS 23747 *6 (denying motion to strike a notice defense where defendant provided fair notice of the defense, specifically, that "[p]laintiff's damage claims are barred by section 29 of the Lanham [A]ct on account of its persistent and pervasive failure to give notice of its claimed registrations.") This defense is also peculiar because Defendants repeatedly admit in their Answer that Plaintiff provided to them, on March 30, 2006, a letter asserting violations of the California Consumers Legal Remedies Act.  (Answer, Dkt.# 53, p. 3 ¶ 19, p. 7 ¶ 89.)  This notice was more than adequate, as this Complaint was not filed until September 21, 2006.

**11.    Defendants' Reservation of Right Should Also Be Stricken.**

Finally, Defendants provide a preamble to their affirmative defenses in which they purport to "reserv[e] the right to add additional affirmative defenses, and to assert other defenses, which become know through investigation, discovery, or other proceedings, including trail."   An attempt to reserve affirmative defenses for a future date is not proper.  *See Reis Robotics U.S .A., Inc. v. Concept Indus., Inc*., 462 F.Supp.2d 897, 907 (N.D. Ill. 2006).  "Instead, if at some later date Defendants seek to add affirmative defenses, they must comply with Rule 15 of the Federal Rules

13

1  of Civil Procedure."  *Solis*, 2009 U.S. Dist. LEXIS 43350 at *19.  Defendants cannot avoid the

2  requirements of Rule 15 simply by "reserving the right to amend or supplement their affirmative

3  defenses." *Id.*

4  **IV.  CONCLUSION**

5       For the reasons set forth above, all of Defendants' Affirmative Defenses and their

6  reservation of right to add new defenses should be stricken from their Answer to Plaintiff's

7  Complaint**.**

8       DATE:  July 31, 2009

9

10                           GUTRIDE SAFIER LLP
                         ADAM J. GUTRIDE
                         SETH A. SAFIER

11

12                           /s/ Seth A. Safier

13                           _____
                         Seth A. Safier
                         Attorneys for *Plaintiff*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14

1

**PROOF OF SERVICE**

2

I, Seth A. Safier, declare:

3

My business address is 835 Douglass Street, San Francisco, California.  I am employed in

4

the County of San Francisco, where this mailing occurs.  I am over the age of 18 years and not a party to the within cause.

5

On July 31, 2009, I served the following documents:

6

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANTS'**

**AFFIRMATIVE DEFENSES PURSUANT TO FED. R. CIV. P. 12(F); MEMORANDUM**

7

**OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

8

ON THE FOLLOWING PERSON(S) IN THIS ACTION BY PLACING A TRUE COPY THEREOF AS FOLLOWS:

9

10

William Kammer, Esq.
Norman Smith, Esq.

11

Alison Pivonka, Esq.
Solomon Ward et al

12

401 B St #1200
San Diego, CA 92101

13

apivonka@swsslaw.com; nsmith@swsslaw.com;
wkammer@swsslaw.com

14

15

[x]     BY ELECTRONIC MAIL.  I caused said documents to be transmitted by

16

electronic mail to the email address indicated after the address(es) via ECF.

17

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this document was executed on July 31, 2009, at

18

San Francisco, California.

19

/s/Seth A. Safier

20

_____
Seth A. Safier, Esq.

21

835 Douglass Street
San Francisco, California 94114

22

Attorneys for Plaintiff

23

24

25

26

27

28

1