**GUTRIDE SAFIER LLP**
ADAM J. GUTRIDE (State Bar No. 181446)
SETH A. SAFIER (State Bar No. 197427)
835 Douglass Street
San Francisco, California 94114
Telephone: (415) 336-6545
Facsimile:  (415) 449-6469

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNA

| | |
|---|---|
| CHRIS CHAVEZ, an individual, on behalf of himself, the general public and those similarly situated<br><br>    Plaintiff,<br><br>    v.<br><br>BLUE SKY NATURAL BEVERAGE CO., a foreign corporation; HANSEN NATURAL CORP., a foreign corporation; HANSEN BEVERAGE COMPANY, a foreign corporation; AND DOES 1 THROUGH 10<br><br>    Defendants | Case No. CV-06-06609 (VRW)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SUMMARY ADJUDICATION PURSUANT TO FED. R. CIV. P. 56(c) OR, IN THE ALTERNATIVE, JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:    February 11, 2010<br>Time:    10:00 am<br>Dept:    Courtroom 6, 17th Floor<br>Judge:   Hon. Vaughn R. Walker |

# **TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION ......................................................................................... 1

I.  INTRODUCTION .................................................................................................................. 2

II. STATEMENT OF FACTS AND PROCEDURAL BACKGROUND ..................................... 2

III. ARGUMENT ........................................................................................................................... 3

    A.    Legal Standard for Summary Judgment. ........................................................................ 3

    B.    Defendants' Preemption Defense Involves No Disputed Material Issues Of
         Fact And May Be Decided As A Matter Of Law. ......................................................... 5

    C.    Plaintiff's Claims Are Not Preempted By The FDCA. .................................................. 5

        1.    There Exists A Strong Presumption Against Preemption. ................................. 5

        2.    The Food, Drug And Cosmetics Act Does Not Expressly Preempt The
            Laws At Issue In This Case. ............................................................................... 6

        3.    The Food, Drug And Cosmetics Act Was Not Intended To Preempt
            State Laws Governing False Or Deceptive Advertising And Unfair
            Trade Practices. ................................................................................................... 7

        4.    Plaintiff's Complaint Is Not An Attempt To Enforce (Or Otherwise
            Circumvent) The Food, Drug And Cosmetics Act. ......................................... 10

        5.    Recent Case Law Supports Granting This Motion. ......................................... 11

IV. CONCLUSION ..................................................................................................................... 13

**TABLE OF AUTHORITIES**

**CASES**

*Advanced Semiconductor Materials Am. v. Applied Materials, Inc.,* 1995 U.S. Dist. LEXIS 22123 (N.D. Cal. July 7, 1995) ...................................................................... 4

*Allen-Bradley Local v. Board*, 315 U.S. 740 (1942) ............................................................. 6

*Animal Legal Defense Fund Boston, Inc. v. Prvimi Veal Corp.*, 626 F.Supp. 278 (D. Mass. 1986) ............................................................................................................... 12

*Black v. Financial Freedom Senior Funding Corp.*, 92 Cal.App.4th 917 (2001) ................. 6

*Buckman Co. v. Plaintiffs' Legal Cmte.*, 531 U.S. 341 (2001) ...................................... 10, 12

*California v. ARC America Corp.*, 490 U.S. 93 (1989) ........................................................ 6

*California v. Campbell*, 138 F.3d 772 (9th Cir. 1998) .......................................................... 3

*Cipollone v. Liggett Group, Inc.*, 505 U.S. 504 (1992) ........................................................ 5

*Colligan v. Activities Club of N.Y., Ltd.*, 442 F.2d 686 (2d Cir. 1971) ............................... 10

*Committee on Children's Television, Inc. v. General Foods Corp.*, 35 Cal. 3d 197 (1983) ..................................................................................................................................... 8

*Consumers Union of U.S., Inc. v. Alta-Dena Certified*, 4 Cal. App. 4th 963 (1992) ............ 8

*Costa v. Nat'l Action Fin. Servs.*, No. CIV S-05-2084 FCD/KJM, 2007 U.S. Dist. LEXIS 93230 (E.D. Cal. Dec. 19, 2007) .............................................................................. 3

*Crosby v. National Foreign Trade Council,* 530 U.S. 363 (2000) ........................................ 8

*English v. General Electric Co.,* 496 U.S. 72 (1990) ........................................................... 8

*Ethex Copr. V. First Horizon Pharm. Corp.*, 228 F. Supp. 2d 1048 (E.D. Mo. 2002) ................................................................................................................................. 12

*Farm Raised Salmon Cases*, 42 Cal. 4th 1077 (2008) ........................................................ 11

*Fraker v. KFC Corp.*, 2007 U.S. Dist. LEXIS 32041 (S.D. Cal. Apr. 27, 2007) ........... 11, 12

*General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228 (9th Cir. 1989). ........................................................ 5

*Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542 (9th Cir.1989) ................................................................................................................................. 5

*Healthpoint, Ltd. v. Ethex Corp.*, 273 F. Supp. 2d 817 (W.D. Tex. 2001) .......................... 12

*Hillsborough County v. Automated Medical Labs*, 471 U.S. 707 (1985) ............................. 8

*Hurley v. Lederle Lab. Div. of American Cyanamid*, 863 F.2d 1173 (5th Cir. 1988) ......... 8

*In re Epogen & Aranesp Off-Label Mktg. & Sales Practices Litig.*, 590 F. Supp. 2d 1282 (C.D. Cal. 2008) .............................................................................................................. 12

*Int'l Truck Ass'n v. Henry*, 125 F.3d 1305 (9th Cir. 1997) .................................................. 5

*Medtronic, Inc. v. Lohr*, 518 U.S. 470 (1996) .................................................................. 5, 6

*Merchant, et al v. Hueser, et. al.*, 2006 U.S. Dist. LEXIS 54252 (D. Miss. 2006) ............. 10

*Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804 (1986) ............................. 6

*Pacific Trading Co. v. Wilson & Co., Inc.*, 547 F.2d 367 (7th Cir. 1976) ................................. 10

*Pan American World Airways, Inc. v. Zubi,* 1988 U.S. Dist. LEXIS 4555 (D. Or. May 3, 1988) ......................................................................................................................... 4

*Perez v. Nidek Co. Ltd*, 2009 U.S. District LEXIS 78214 (S.D. Cal. August 31, 2009) ....................................................................................................................................... 11

*Pharmaceutical Mfrs. v. Food & Drug Admin*. 484 F. Supp. 1179 (D.Del. 1980) ....................... 8

*Phase Four Indus. v. Marathon Coach, Inc.*, 2005 U.S. Dist. LEXIS 25387 (N.D. Cal. Oct. 20, 2005) .................................................................................................................. 4

*Photomedex, Inc. v. RA Medical Systems Inc.*, 2007 U.S. Dist. LEXIS 79846 (S.D. Cal Oct. 29, 2007) ................................................................................................................ 11, 12

*Ray v. Atlantic Richfield Co*, 435 U.S. 151 (1978) ..................................................................... 6

*United States v. Hughes Aircraft Co.,* 1991 U.S. Dist. LEXIS 20548 (C.D. Cal. Jan. 16, 1991) ......................................................................................................................... 4

*United States v. Locke,* 529 U.S. 89 (2000) ................................................................................. 6

*Vermont Pure Holdings, Ltd. v. Nestle Waters North America, Inc.*, 2006 U.S. Dist. LEXIS 13683 (D. Mass. 2006) ................................................................................... 11

*Washington Mutual Bank v. Superior Court*, 95 Cal.App.4th 606 (2002) .................................. 6

*Westlands Water Dist. v. Bureau of Reclamation*, 805 F.Supp. 1503 (E.D. Cal. 1992) .............................................................................................................................................. 5

*Whistler Investments, Inc. v. Depository Trust and Clearing Corp.*, 539 F.3d 1159 (9th Cir. 2008) ........................................................................................................................... 8

*Williams v. Gerber Prods. Co.*, 552 F.3d 934 (9th Cir. Cal. 2008) ........................................... 13

*Wright v. General Mills, Inc*., 2009 U.S. Dist. LEXIS 90576 (S.D. Cal. Sept. 30, 2009) ..................................................................................................................................... 7, 9

**RULES**

Fed. R. Civ. P. 56(c) ...................................................................................................................... 4
Fed. R. Civ. P. 56(c)(d); ................................................................................................................ 4

**STATUTES**

15 U.S.C. § 57b(e) ....................................................................................................................... 10
21 C.F.R. § 100.1(c)(4) ................................................................................................................. 7
21 C.F.R. § 101.1 *et. seq* .............................................................................................................. 6
21 C.F.R. § 7.40 ............................................................................................................................ 6
21 U.S.C. § 343-1(a)(2)-(3) ....................................................................................................... 6, 7
21 U.S.C. § 360k(a) ...................................................................................................................... 8
21 U.S.C. § 393(b)(2)(A) .............................................................................................................. 6

**NOTICE OF MOTION AND MOTION**

On February 11, 2010, at 10:00 a.m., in Courtroom number 6, on the 17th floor of the United States District Court for the Northern District of California (San Francisco Division), Plaintiff Chris Chavez will, and hereby does, move, pursuant to Fed. Rule. Civ. Proc. Rule 56(c), for summary adjudication, or, in the alternative, pursuant to Fed. Rule. Civ. Proc. Rule 12(c), judgment on the pleadings, of Defendants' fourth affirmation defense of preemption. This motion is based on the following memorandum of points and authorities, the complete records and files in this action, and all maters of which the Court may take notice.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants' First Amended Answer to Complaint and Renewed Demand for Jury (Dkt.# 64) includes as the fourth affirmative defense "federal preemption." In that defense, Defendants allege that all of Plaintiff's state law causes of action are preempted by the provision of applicable federal laws, including the Federal Food, Drug and Cosmetic Act ("FDCA"). Plaintiff previously moved to strike this defense.

In opposition to Plaintiff's motion to strike, Defendants pointed to several federal cases that, they argued, have determined state law to be preempted by the FDCA. (Dkt.# 70, p. 8, n.1) Defendants also stated at oral argument that newly decided opinions of other district courts provided an emerging basis for the defense. On October 19, 2009, this Court denied Plaintiff's motion to strike as to Defendants' preemption defense because, on the basis of the record before the Court, the defense was "not legally impossible." (Dkt.# 72.)

The cases to which Defendants referred in opposing Plaintiff's motion to strike provide no basis for the preemption defense. Indeed, there is not a single federal or California state court of which Plaintiff is aware that has accepted Defendants' preemption analysis. This defense is now ripe for summary adjudication, or, in the alternative, judgment on the pleadings.

## II. STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

Defendants develop, market, sell and distribute beverages throughout the United States, including the "Blue Sky" line of premium natural sodas and juices. In or around the summer 2003, Plaintiff purchased several Blue Sky beverages in this District. At the time of Plaintiff's purchases, Blue Sky beverages prominently claimed a connection to New Mexico. Each can stated, on the bottom front of the container in the location where other premium beverages show an appellation or provenance, "SANTA FE, NEW MEXICO" or "SANTA FE, NM." Each can also stated "CANNED FOR THE BLUE SKY NATURAL BEVERAGE COMPANY SANTA FE, NM 87501" or "CANNED UNDER THE AUTHORITY OF BLUE SKY NATURAL BEVERAGE CO., SANTA FE, NM USA." These statements were false. Plaintiff purchased the beverages in reliance on Defendants' misrepresentations, specifically because he thought they were made in

New Mexico, and he paid more than he would have paid for similar beverages without the claimed relationship to New Mexico.

Plaintiff later learned that Defendants' beverages in fact had no relationship to Santa Fe or New Mexico. They were not canned there. Nor, for that matter, is there any company in Santa Fe or New Mexico that exercises canning authority over Defendants' Blue Sky beverages. Years before Plaintiff's purchase, Defendants had purchased the Blue Sky company and moved all of its operations to California. It kept this fact hidden, however, even going so far as to display a Santa Fe telephone number and address on its website, and to employ a service to forward all calls and mail to California.

Plaintiff brought this action in state court on September 21, 2006. He makes four claims for relief, all under California state law: unfair competition; false advertising; violation of the California Consumers Legal Remedies Act; and fraud, deceit and/or misrepresentation.

Shortly after removing the case to this court, Defendants filed a motion to dismiss on numerous grounds, including preemption. Defendants' motion to dismiss was granted on grounds other than preemption, which the Court (Conti, J.) did not discuss. Plaintiff timely appealed. Defendants contended that Judge Conti's reasoning was correct, but urged preemption as an alternative ground for affirmance. On June 25, 2009, the Ninth Circuit Court of Appeals reversed and remanded. The Ninth Circuit declined to reach Defendants' preemption argument, which it saw as "an important issue of apparent first impression in this circuit" that should first be addressed by the district court.

### III.  ARGUMENT

#### A.  Legal Standard for Summary Judgment.

A motion for summary judgment and a motion for partial summary judgment (often called, as here, summary adjudication) are governed by the same standards. *See California v. Campbell*, 138 F.3d 772, 780-81 (9th Cir. 1998); *Costa v. Nat'l Action Fin. Servs.*, No. CIV S-05-2084 FCD/KJM, 2007 U.S. Dist. LEXIS 93230 at *2 (E.D. Cal. Dec. 19, 2007). Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to

1  judgment as a matter of law."  Fed. R. Civ. P. 56(c).

2  Motions for summary adjudication on an affirmative defense are appropriate where the motion "helps to focus the issues to be litigated, thus conserving judicial resources." *Advanced Semiconductor Materials Am. v. Applied Materials, Inc.,* 1995 U.S. Dist. LEXIS 22123 at *12 (N.D. Cal. July 7, 1995); *see also United States v. Hughes Aircraft Co.,* 1991 U.S. Dist. LEXIS 20548 (C.D. Cal. Jan. 16, 1991) ("The Court finds that summary judgment is an available procedure for attacking legally insufficient affirmative defenses."); *Pan American World Airways, Inc. v. Zubi,* 1988 U.S. Dist. LEXIS 4555 (D. Or. May 3, 1988) ("Although a few courts have held that a Rule 12(f) motion to strike must be used in attacking the sufficiency of an affirmative defense, the better rule, according to Wright & Miller, is to treat such a motion as one for an order under Rule 56(d) eliminating the defense from the case."); *see also See Phase Four Indus. v. Marathon Coach, Inc.*, 2005 U.S. Dist. LEXIS 25387 at *17 (N.D. Cal. Oct. 20, 2005).  In *Advanced Semiconductor*, for example, the judge found that "the weight of authority in this circuit would allow a motion for partial summary judgment" on a discrete affirmative defense involving no issues or factual questions which overlap with the core of the case. *Id.* at *10-11.

To defeat a motion for summary judgment, the Defendants must specifically show there exists a genuine dispute (or issue) of material fact.  A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  "[S]ummary judgment will not lie if [a] dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.  Defendants cannot defeat this motion by simply resting upon the allegations or denials of their own pleading, rather they "must set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" *Id. quoting Anderson*, 477 U.S. at 250.  "Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment." *Id*.

In the absence of material issues of disputed fact, Plaintiff "is entitled to have the defense determined in [his] favor as a matter of law." *See Phase Four Indus.*, 2005 U.S. Dist. LEXIS 25387 at *17; *see also* Fed. R. Civ. P. 56(c)(d); *Celotex v. Catrett*, 477 U.S. 317, 323-24.

4

### B. Defendants' Preemption Defense Involves No Disputed Material Issues Of Fact And May Be Decided As A Matter Of Law.

There are no material issues of disputed fact regarding the Defendants' preemption defense. Rather, that defense presents a pure issue of law: whether any federal law preempts the claims alleged in Plaintiff's complaint. The Court need only look to the complaint to see what causes of action have been alleged, and then determine if any federal laws preempt those causes of action. For that reason, it is "well-established" that "preemption may be decided as a matter of law." *Qwest Communs. Corp. v. City of Berkeley*, 208 F.R.D. 288 (N.D. Cal. 2002); *accord See Int'l Truck Ass'n v. Henry*, 125 F.3d 1305, 1309 (9th Cir. 1997) (stating that preemption is a matter of law).[1]

### C. Plaintiff's Claims Are Not Preempted By The FDCA.

#### 1. There Exists A Strong Presumption Against Preemption.

The Supreme Court has held that federal preemption should be narrowly construed. *See Cipollone v. Liggett Group, Inc.*, 505 U.S. 504 (1992). It explained that "we must fairly but -- in light of the strong presumption against pre-emption -- narrowly construe the precise language of [the statute] and we must look to each of petitioner's common law claims to determine whether it is preempted." *Id*. at 523.

In fields traditionally occupied by the states such as the exercise of a state's police powers, Congress's intent to preempt state law must be "'clear and manifest.'" *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 485 (1996). Accordingly, consumer protection laws such as the unfair competition law

---

[1] In the alternative to entry of summary judgment, plaintiff requests entry of judgment on the pleadings on Defendants' fourth affirmative defense. Under Federal Rule of Civil Procedure Rule 12(c), "[a]fter the pleadings are closed but within such time as not to delay trial, any party may move for judgment on the pleadings." A motion for judgment on the pleadings pursuant to Rule 12(c) challenges the legal sufficiency of the opposing party's pleadings. *See Westlands Water Dist. v. Bureau of Reclamation*, 805 F.Supp. 1503, 1506 (E.D. Cal. 1992). "Judgment on the pleadings is proper when there are no issues of material fact, and the moving party is entitled to judgment as a matter of law." *General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989). The legal standard applied to a motion for judgment on the pleadings is the same as the legal standard applied on a motion to dismiss pursuant to Rule 12(b)(6). *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir.1989); *Quest Communications Corp. v. City of Berkeley*, 208 F.R.D. 288, 291 (N.D. Cal. 2002).

("UCL"), false advertising law ("FAL"), and CLRA, which are within the states' historic police powers, are subject to the strong presumption against preemption. *See California v. ARC America Corp.*, 490 U.S. 93 (1989); *see also Washington Mutual Bank v. Superior Court*, 95 Cal.App.4th 606, 613 (2002); *Black v. Financial Freedom Senior Funding Corp.*, 92 Cal.App.4th 917, 926 (2001).

The presumption against preemption applies not only to the question of whether Congress intended to preempt state law, but also to the scope of preemption. *See Medtronic*, 518 U.S. at 485. The party asserting federal preemption bears the burden to demonstrate it. *See ARC America Corp*, 490 U.S. at 101; *United States v. Locke,* 529 U.S. 89, 107-08 (2000); *Medtronic*, 518 U.S. at 485 (presumption applies both to the existence of preemption and the scope of preemption); *Ray v. Atlantic Richfield Co*, 435 U.S. 151, 157 (1978); *Allen-Bradley Local v. Board*, 315 U.S. 740, 749 (1942). Defendants cannot carry that burden under any set of facts.

### 2. The Food, Drug And Cosmetics Act Does Not Expressly Preempt The Laws At Issue In This Case.

The FDCA gives the Food and Drug Administration ("FDA") the responsibility to protect the public health by ensuring that "foods are safe, wholesome, sanitary, and properly labeled," 21 U.S.C. § 393(b)(2)(A), and the FDA has promulgated regulations pursuant to this authority. *See, e.g.*, 21 C.F.R. § 101.1 *et. seq*. There is no private right of action under the FDCA, *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 810 (1986); instead, the FDA enforces the FDCA and its regulations through administrative proceedings. *See, e.g.*, 21 C.F.R. § 7.40. The FDCA contains an express preemption provision, which provides that:

> no State or political subdivision of a State may directly or indirectly establish under any authority or continue in effect as to any food in interstate commerce.... any requirement for the labeling of food of the type required by [specified sections of the FDCA] that [are] not identical to the requirement of such section…

21 U.S.C. § 343-1(a)(2)-(3). The phrase "not identical to" means that "the State requirement directly or indirectly imposes obligations or contains provisions concerning the composition or labeling of food" that are "not imposed by or contained in the applicable provision [or regulation]" or "[d]iffer from those specifically imposed by or contained in the applicable provision [or

6

regulation]." 21 C.F.R. § 100.1(c)(4).

Here, the express preemption provision of 21 U.S.C. § 343-1(a)(2)-(3) does not apply, because Plaintiff has not sued under any state laws that "directly or indirectly establish … or continue.... any requirement for the labeling of food of the type required by [specified sections of the FDCA] that [are] not identical to the requirement of such sections." Rather, Plaintiff has pled claims only under general state laws pertaining to advertising and sale of all good and services, namely unfair competition (California Business and Professions Code §§ 17200 *et seq.)*; false advertising (California Business and Professions Code §§ 17500 *et seq.)*; violation of the California Consumers Legal Remedies Act (California Civil Code §§ 1750 *et seq.)*; and common law fraud, deceit and/or misrepresentation. None of these laws are particular to food labeling, and as discussed below, the FDCA was *not* intended to preempt such general state laws regarding labeling and advertising, even if such laws applied to food among other products.

It is, in fact, widely agreed that there is no express preemption in the FDCA of cases involving false advertising. *See, e.g., Wright v. General Mills, Inc.*, 2009 U.S. Dist. LEXIS 90576 (S.D. Cal. Sept. 30, 2009) (holding that "Although the FDA has promulgated several food-labeling requirements, Congress has specifically indicated that it does not intend to occupy the field of food and beverage nutritional labeling…") *citing In re Farm Raised Salmon Cases*, 42 Cal. 4th 1077, 1091 (2008) ("Congress made clear that the preemptive scope of section 343-1 was to sweep no further than the plain language of the statute itself."); *Hitt v. Arizona Bev. Co., LLC*, 2009 U.S. Dist. LEXIS 16871 (S.D. Cal. Feb. 4, 2009) (no express preemption under the FDCA regarding plaintiff's claim that beverages were deceptively labeled as "All Natural"); *Lockwood v. Conagra Foods, Inc.*, 2009 U.S. Dist. LEXIS 10064 (N.D. Cal. Feb. 3, 2009) (no express preemption under the FDCA regarding plaintiff's claim that pasta sauce was deceptively labeled as "All Natural").

### 3. The Food, Drug And Cosmetics Act Was Not Intended To Preempt State Laws Governing False Or Deceptive Advertising And Unfair Trade Practices.

A Congressional intent to preempt state law may also be implied when a federal law demonstrates an intent to "occupy the field" or if a "state law conflicts with a federal law." *See Crosby v. National Foreign Trade Council,* 530 U.S. 363, 372 (2000). Congressional intent to

7

occupy the field "may be inferred from a 'scheme of federal regulation ... so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it,' or where an Act of Congress 'touch[es] a field in which the federal interest is so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject.'" *English v. General Electric Co.,* 496 U.S. 72, 79 (1990). Conflict preemption analysis examines the federal statute as a whole to determine whether a party's compliance with both federal and state requirements is impossible or whether, in light of the federal statute's purpose and intended effects, state law poses an obstacle to the accomplishment of Congress's objectives. *See Whistler Investments, Inc. v. Depository Trust and Clearing Corp.*, 539 F.3d 1159, 1164 (9th Cir. 2008), citing *Crosby*, 530 U.S. at 373.

The FDCA was not meant to "occupy the field" of consumer protection. The statute itself does not evince such an intent. Nor does the statute regulate all aspects of consumer protection.[2] Indeed, its primary objective is not unfair trade practices but the protection of public health.[3] *See Pharmaceutical Mfrs. v. Food & Drug Admin*. 484 F. Supp. 1179, 1183 (D. Del. 1980); *Reese*, 43 Cal. App. 4th at 1326; *see also* 21 U.S.C. § 393 (The FDCA is intended to "protect the public health by ensuring that [ ] foods are safe, wholesome, sanitary, and properly labeled.").

"[I]t would be more accurate to say the FDCA evidences, far from implied preemption, an instance of implied nonpreemption." *Consumer Justice*, 99 Cal. App. 4th at 1063. For example, Congress included in the FDCA an express preemption provision for medical devices. *See* 21 U.S.C. § 360k(a). The obvious implication is that no preemption was intended for other items covered by the Act. *See Cipollone*, *supra*, 505 U.S. at 517 ("Congress' enactment of a provision defining the pre-emptive reach of a statute implies that matters beyond that reach are not pre-

---

[2] Even a comprehensive regulatory scheme would not necessarily demonstrate exclusive occupation of the regulated field. *See Hillsborough County v. Automated Medical Labs*, 471 U.S. 707, 717 (1985); *Hurley v. Lederle Lab. Div. of American Cyanamid*, 863 F.2d 1173, 1177 (5th Cir. 1988).
[3] Two of the most prominent California cases upholding application of the UCL involve food labeling: *Committee on Children's Television, Inc. v. General Foods Corp.*, 35 Cal. 3d 197 (1983) (unfair competition claims allowed against makers of "sugared cereals" containing up to 50 percent sugar by weight) and *Consumers Union of U.S., Inc. v. Alta-Dena Certified*, 4 Cal. App. 4th 963 (1992) (trial court had power under unfair competition law to order disclaimers and warnings labels on containers of raw milk). The fact that neither case even addressed the possibility of federal preemption renders Defendants' arguments here particularly suspect.

empted".) Thus, in *Wright, supra,* decided only a few months ago, the District Court for the Southern District of California held that the FDCA does not preempt California UCL, FAL, and CLRA claims that alleged that food products sold as "100% Natural" in fact "contain[ed] one or more non-natural or artificial ingredient[s] such as high fructose corn syrup." *Wright*, 2009 U.S. Dist. LEXIS 90576 at *6-7 *citing In re Farm Raised Salmon Cases*, 42 Cal. 4th at 1091 ("Congress made clear that the preemptive scope of section 343-1 was to sweep no further than the plain language of the statute itself."). It explained that Congress "has specifically indicated that it does not intend to occupy the field of food and beverage labeling," the state law claims "do not stand as an obstacle to accomplishing Congress' objectives of uniformity and consistency in regulating labeling," and the claims do "not require technical expertise within the special competence of the FDA." *Id.* Likewise, in *Pom Wonderful LLC v. Ocean Spray Cranberries, Inc.*, 2009-2 Trade Cas. (CCH) P76, 719 (C.D. Cal. July 16, 2009), the District Court for the Central District of California held that there was no express or implied preemption of California false advertising and unfair competition claims alleging that juice advertising was misleading because beverages was predominantly apple and grape juice, not pomegranate and cranberry juice.

There is also no conflict between the state laws cited by Plaintiff and the FDCA. Defendants can easily comply with both laws simultaneously. It certainly cannot be said that compliance with both state and federal laws is impossible, or that state law "'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'" *Crosby,* 530 U.S. at 373.

Finally, the consumer claims at issue here are much less analogous to claims under the FDCA than to claims under the Lanham Act, and the Lanham Act includes an express provision of *non-preemption*. Section 43(B) of the Lanham Act, for example, precludes any false designations of origin, false product description, or representation of any "commercial advertising or promotion [that] misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities…." In the Lanham Act, Congress provided that "[r]emedies provided in this section are in addition to, and not in lieu of, any other remedy or right of action provided by State or Federal law." 15 U.S.C. § 57b(e). Numerous federal

cases construing the Federal Trade Commission's powers under the Lanham Act have held that those powers do not preempt similar state law consumer claims. *See, e.g., Colligan v. Activities Club of N.Y., Ltd.*, 442 F.2d 686, 693 (2nd Cir. 1971).

### 4. Plaintiff's Complaint Is Not An Attempt To Enforce (Or Otherwise Circumvent) The Food, Drug And Cosmetics Act.

Section 337(a) of the FDCA states that a proceeding to enforce or restrain a violation of the FDCA must be commenced by and in the name of the United States, except that a State may commence a proceeding for the civil enforcement of, or to restrain a violation of, certain provisions after giving notice to the federal government. *See id*. § 337(a). Nothing in section 337(a), however, expressly preempts state laws. Rather, it merely precludes a private right of action to enforce the FDCA itself. *See Pacific Trading Co. v. Wilson & Co., Inc.*, 547 F.2d 367, 370 (7th Cir. 1976); *see also Buckman Co. v. Plaintiffs' Legal Cmte.*, 531 U.S. 341, 349 n. 4, 352 (2001); *Reese v. Payless Drug Stores Northwest, Inc*., 43 Cal. App. 4th 1317 (1995) (section 337 does not limit or prohibit state legislation; it specifies those who have standing to sue to enforce the FDCA and is not an express preemption provision.)

Defendants will argue that Plaintiff's complaint violates section 337(a) because it effectively seeks to enforce the FDCA in the guise of suing under other state laws. This argument is not supportable. Plaintiff has not here pled violations of the FDCA, nor is he required to prove such violations to establish his claims. Plaintiff's complaint does not once even mention the FDCA or any standards or regulations promulgated under it. Nor does Plaintiff make any arguments regarding any labeling requirements set forth in the FDCA. Thus, his complaint is different from those in cases cited by Defendants in their opposition to Plaintiff's motion to strike, in which the plaintiff explicitly alleged an FDCA violation as a "predicate act" to establish conduct that was "unlawful" under the UCL. Here, Plaintiff's UCL and other claims merely allege that Defendants' actions have deceived and are likely to deceive the general public, and thus constitute false advertising and unfair practices. *See Merchant, et al v. Hueser, et. al.*, 2006 U.S. Dist. LEXIS 54252 (D. Miss. 2006) (no preemption where plaintiffs could satisfy the elements of their [state law consumer protection] claim without any reference to FDCA or its regulations.); *Consumer Justice*

*v. Olympian Labs, Inc.*, *supra*, 99 Cal. App. 4th 1056, 1064 ("foods are regularly subject to state unfair competition litigation.") *Id*. at 1064. Plaintiff

Even where the state laws impose requirements *identical* to the FDCA, but the state law (unlike the FDCA) provides a private right of action, it has been held that pursuit of that private right of action does not violate section 337(a). *See, e.g., Vermont Pure Holdings, Ltd. v. Nestle Waters North America, Inc.*, 2006 U.S. Dist. LEXIS 13683 *22 (D. Mass. 2006) (Vermont Pure's "spring water" claims are not preempted to the extent that they are based solely on state laws that have adopted the FDA definition of "spring water," where the state laws provide independent rights of action); *Farm Raised Salmon Cases*, 42 Cal. 4th 1077 (2008) (FDCA does not preempt state claim under Sherman Act regarding the failure to disclose color added to salmon food).[4]

### 5. Recent Case Law Supports Granting This Motion.

In their opposition to Plaintiff's motion to strike, Defendants cite several cases to suggest that case law concerning preemption of the FDCA "is developing rapidly." (Dkt.# 70, p.6.) Defendants' argument was specifically focused on *Perez v. Nidek Co. Ltd*, 2009 U.S. District LEXIS 78214 (S.D. Cal. August 31, 2009), *Photomedex, Inc. v. RA Medical Systems Inc.*, 2007 U.S. Dist. LEXIS 79846 (S.D. Cal Oct. 29, 2007) and *Fraker v. KFC Corp.*, 2007 U.S. Dist. LEXIS 32041 (S.D. Cal. Apr. 27, 2007). But each of these cases actually supports summary adjudication of Defendants' preemption defense.[5] Moreover, the very recent cases cited by

---

[4] California has used the permission in the FDCA to enact the Sherman Food Drug and Cosmetic Act, Cal. Health Safety Code § 109875 *et seq.*, which mirrors the FDCA but also, unlike the FDCA, provides a private right of action for injunctive relief and attorneys' fees. *Id.* § 111910. Although plaintiff has not yet alleged a cause of action under the Sherman Act, he could do so. *See, e.g., id.* § 110675 ("food is misbranded if it is in package form, unless it bears a label containing all of the following information…the name and place of business of the manufacturer, packer or distributor.), which mirrors the regulation issued under the FDCA, 21 CFR 101.5 (same). Plaintiff could then pursue the private right of action under the Sherman Act without running afoul of section 337(a) of the FDCA, because he would merely be seeking to enforce the Sherman Act, not the FDCA itself. *See Farm Raised Salmon Cases*, 42 Cal. 4th 1077 (2008).

[5] The other cases offered by Defendants in their opposition to Plaintiff motion to strike also failed to support them. Not a single case came from the Ninth Circuit. Moreover, none related to food or beverages; all concerned vitamins or medical devices. And the cases did nothing more than reiterate that there exists no private right of action under the FDCA. *See, e.g., Cupek v. Medtronic*, 405 F.3d 421, 424 (6th Cir. 2005) (applying the Medical Device Amendments), *Sandoz Pharm. Corp. v. Richardson-Vicks*, Inc., 902 F.2d 222, 231 (3rd Cir. 1990) (affirming the denial of the

Plaintiff, including *Wright, supra,* 2009 U.S. Dist. LEXIS 90576 (S.D. Cal. Sept. 30, 2009), have directly rejected the arguments made by Defendants.

In *Perez v. Nidek Co. Ltd.*, for example, plaintiff alleged that defendant violated Cal. Bus. & Prof. Code § 17200 based upon a violation of the FDCA. *See Perez*, 2009 U.S. District LEXIS 78214 *20-21. While the Court found these claims preempted because they required a determination of the scope of the FDCA, the Court stated that "not all claims that touch upon subject matter regulated by the FDCA are preempted." *Id*. It further explained that "literally false or misleading statements made to promote drugs or devices are actionable if they do not depend on a determination by the court whether the FDCA has been violated." *Id. citing In re Epogen & Aranesp Off-Label Mktg. & Sales Practices Litig.*, 590 F. Supp. 2d 1282 (C.D. Cal. 2008); *Healthpoint, Ltd. v. Ethex Corp.*, 273 F. Supp. 2d 817, 846 (W.D. Tex. 2001); *Summit Tech., Inc, v. High-Line Med. Instruments*, Co., 933 F. Supp. 918 (C.D. Cal. 1996.) In *Photomedex, Inc. v. RA Medical Systems Inc.*, defendant moved for summary judgment against plaintiff's claim that defendant was marketing a laser as FDA approved when it was not. *See Photomedex*, 2007 U.S. Dist. LEXIS 79846 at *5-8. The Court granted summary judgment. However, the Court's decision barely concerned preemption. *Id*. Rather, the Court merely found that plaintiff did not have a private right of action to pursue claims for "fraud of the FDA." *Id*. In this instance, Plaintiff does not seek to enforce the FDCA. *Photomedex* accordingly provides no support for the preemption of Plaintiff's state law claims.

In *Fraker v. KFC Corp.*, plaintiff alleged that KFC deceptively used partially hydrogenated vegetable oil in its cooking process. *See Fraker,* 2007 U.S. Dist. LEXIS 32041. The Court first dismissed the claims as non-actionable puffery. *Id*. at *4-5. Plaintiff then filed an amended

---

injunction under, *inter alia*, the Lanham Act); *Ethex Copr. v. First Horizon Pharm. Corp.*, 228 F. Supp. 2d 1048, 1055 (E.D. Mo. 2002) (finding no private right of action under the FDCA); *Animal Legal Defense Fund Boston, Inc. v. Prvimi Veal Corp.*, 626 F.Supp. 278, 283 (D. Mass. 1986) (in a case concerning drugs that may be unsafe or ineffective for their intended use that were given to cattle, court found no private right of action under the FDCA); *see also Buckman Co. v. Plaintiffs' Legal Cmte.*, 531 U.S. 341, 349 n.4 (2001) (holding the Medical Device Amendments to the FDCA pre-empt claims under state tort law by patients who allege injuries resulting from the use of an orthopedic bone screw in the pedicles of their spines); *Summit Tech, Inc. v. High-Line Med. Instruments,* 922 F.Supp 299, 306 (C.D. Cal Mar. 1, 1996) (applying the Medical Device Amendments).

complaint including allegations that KFC's statements violated various state and federal statutes and regulations pertaining to food and drugs, including 21 U.S.C. § 378, Cal. Health and Safety Code § 110660, and 21 C.F.R. §§ 101.9(a) and 101.14. *Id*. at *5-6. Defendants moved to dismiss, arguing that the FDCA preempted these claims. *Id*. The Court agreed. It stated, "to the extent Plaintiff contends that alleged violations of the FDCA and Sherman Law give rise to viable state law claims, such claims are impliedly preempted by the FDCA." *Id*. at *11. Like *Photomedex*, *Fraker* is also easily distinguished—i.e., Plaintiff, in this matter, does allege any violation of the FDCA. *Accord McKinniss v. General Mills, Inc.*, 2007 U.S. Dist. LEXIS 96107 (C.D. Cal. Sept. 18, 2007). Indeed, as set forth above, Plaintiff does not once mention the FDCA in his Complaint. *Cf. Williams v. Gerber Prods. Co.*, 552 F.3d 934, 937 (9th Cir. Cal. 2008) (refusing to decide preemption where "nothing in Appellants' complaint suggested that they were attempting to directly enforce violations of the FDCA.")

## IV. CONCLUSION

For the reasons set forth above, this Court should grant summary judgment, or, in the alternative, judgment on the pleadings, as to Defendants' fourth affirmative preemption defense**.**

DATE: December 9, 2009

                                            GUTRIDE SAFIER LLP
                                            ADAM J. GUTRIDE
                                            SETH A. SAFIER

                                            /s/ Seth A. Safier

                                            _____
                                            Seth A. Safier
                                            Attorneys for *Plaintiff*

# PROOF OF SERVICE

I, Seth A. Safier, declare:

My business address is 835 Douglass Street, San Francisco, California. I am employed in the County of San Francisco, where this mailing occurs. I am over the age of 18 years and not a party to the within cause.

On December 11, 2009, I served the following documents:

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SUMMARY ADJUDICATION PURSUANT TO FED. R. CIV. P. 56(c) OR, IN THE ALTERNATIVE, JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

ON THE FOLLOWING PERSON(S) IN THIS ACTION BY PLACING A TRUE COPY THEREOF AS FOLLOWS:

William Kammer, Esq.
Norman Smith, Esq.
Alison Pivonka, Esq.
Solomon Ward et al
401 B St #1200
San Diego, CA 92101
apivonka@swsslaw.com; nsmith@swsslaw.com; wkammer@swsslaw.com

[x]     BY ELECTRONIC MAIL. I caused said documents to be transmitted by electronic mail to the email address indicated after the address(es) via ECF.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this document was executed on December 11, 2009, at San Francisco, California.

/s/Seth A. Safier
_____
Seth A. Safier, Esq.
835 Douglass Street
San Francisco, California 94114

Attorneys for Plaintiff