**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHRIS CHAVEZ, on behalf on himself and all others similarly situated,** | No C 06-6609 VRW |
| Plaintiff, | ORDER |
| v | |
| **BLUE SKY NATURAL BEVERAGE CO, et al,** | |
| Defendants. | |

Plaintiff Chris Chavez moves to compel defendants Blue Sky Natural Beverage Company and Hansen Natural Corporation to produce various outstanding discovery. Doc #76. Specifically, plaintiff seeks documents responsive to the first set of requests for production, further interrogatory responses, further responses to requests for admission and an appearance at a deposition. Id. Plaintiff requests all outstanding production within twenty days. Id at 6. In addition, plaintiff seeks evidentiary and monetary sanctions based on defendants' failure to produce according to the schedule set by the court. Id at 11.

I

Defendants develop, market, distribute and sell beverages throughout the United States including the "Blue Sky" line of sodas and juices. Doc #1-1 at 3, 8. Plaintiff alleges that in or around the summer of 2003, he purchased several Blue Sky beverages with prominent labels claiming a nonexistent connection to New Mexico. Doc #1-1 at 9. Chavez claims that he purchased the beverages in reliance on defendants misrepresentations and thus lost the full value of the price he paid for the Blue Sky beverages. Id.

Chavez brought this action on behalf of himself and similarly situated individuals on September 21, 2006 in San Francisco superior court. Doc #1. Defendants removed the case to this court, where defendants' motion to dismiss was granted. Doc #40. On appeal, the Ninth Circuit reversed the dismissal and remanded the case. Doc #55.

According to plaintiff, issues regarding discovery first arose in late 2006 and early 2007, when defendants provided inadequate responses to plaintiff's discovery requests. Doc #76 at 8. Plaintiff filed a motion to compel production in May 2007, Doc #36, which the court did not resolve in light of its dismissal of plaintiff's complaint. Id at 9.

After the case was remanded from the Ninth Circuit, plaintiff again sought discovery from defendants. Id at 9-10. At the case management conference held on August 20, 2009, the court ordered defendants to produce documents responsive to plaintiff's outstanding document requests not later than October 15, 2009. Doc #61. Plaintiff asserts defendants' subsequent document production was inadequate. Doc #76 at 10. Plaintiff attempted to meet and

confer with defendants regarding discovery not addressed in the August 20 order, including defendants' objections to discovery, but the process was unsuccessful. Id at 11-12. Plaintiff also attempted to schedule a FRCP 30(b)(6) deposition for October 28, 2009, but defendants did not appear at the deposition. Id at 12-14.

Defendants oppose plaintiff's motion and argue they have been acting in good faith. Doc #79 at 7. First, defendants argue they produced documents in response to the August 20 order and made further documents available for inspection. Id at 8. Defendants assert that additional documents still exist but are stored in an electronic storage format that makes them not reasonably accessible. Id at 9-10. Specifically, defendants argue that the cost of accessing stored electronic files is great and should be shifted to plaintiff. Id at 13-14. Defendants do note that documents created prior to 2004 were lost in a "catastrophic failure," although plaintiff does not appear to be seeking the lost documents. Id at 10-12.

Defendants assert that the FRCP 30(b)(6) deposition did not go forward because counsel never agreed on a confirmed date. Id at 15-16. Defendants argue that counsel had been negotiating stipulated facts to obviate the need for admissions at the time plaintiff's motion to compel was filed. Id at 26-27. Defendants' sur-reply states that defendants would like to wait until after the court decides whether to certify a class to proceed with additional merits discovery. Doc #81.

At the hearing held on December 17, 2009, defendants agreed to produce additional discovery as described below.

## II

Plaintiff's motion seeks: (1) documents ordered produced in the August 20 order, Doc #61; (2) further interrogatory responses; (3) further responses to plaintiff's requests for admission; and (4) a scheduled FRCP 30(b)(6) deposition. In addition, plaintiff seeks evidentiary and monetary sanctions. The court addresses each issue in turn.

### A

The court ordered defendants to produce documents responsive to, for Hansen Beverage Company, requests for production numbers 1, 2, 4, 5, 6, 7, 8, 9, 10, 12, 13, 14, 15, 16, 17, 18, 19 and 20, and for Blue Sky Natural Beverage Company, requests for production numbers 4, 6, 7, 8 and 9. Doc #61. Plaintiff alleges defendants produced approximately 1800 pages in response to the August 20 order but have failed to produce additional responsive documents. Doc #76 at 10. At the hearing on December 17, 2009, defendants agreed to make the additional documents available for copying on December 29, 2009 at 9 AM at defense counsel's office located at 401 B Street, Suite 12, San Diego, California. Defendants also agreed to specify which documents were responsive to which requests. The court has not been informed whether such a production occurred on December 29.

In addition to the documents to be made available on December 29, plaintiffs also seek documents stored electronically. Doc #76 at 12. The parties agree that the court should weigh the factors established in <u>Zubulake v UBS Warburg LLC</u>, 216 FRD 280 (SDNY 2003) to determine if production of the electronically stored

information imposes an undue burden on defendants so that the costs of production should be shifted to plaintiff.  The seven factors identified are:  (1) the extent to which the request is specifically tailored to discover relevant information; (2) the availability of such information from other sources; (3) the total cost of production compared with the amount in controversy; (4) the total cost of production compared with the resources available to each party; (5) the relative ability of each party to control costs and its incentive to do so; (6) the importance of the issues at stake in the litigation; and (7) the relative benefits to the parties of obtaining the information.  Id at 284.

     Here, it remains unclear what costs would be associated with production of the electronically stored information.  At the December 17 hearing, defendants agreed to inform the court and plaintiffs on or before December 29, 2009 of the location, size and format of the electronically stored information along with the cost to remount the information.  The information has now been provided by defendants, Doc #86, and should allow the parties, with court involvement if necessary, to determine whether to pursue the electronically stored information.

B

     Plaintiff argues that defendants' responses to interrogatories are improper.  First, plaintiff objects to defendants' privilege objections because no privilege log has been produced.  Doc #76 at 20.  Failure to prepare and serve a privilege log may result in waiver of the privilege. <u>Burlington Northern & Santa Fe Ry Co v United States District Court</u>, 408 F3d 1142, 1149

(9th Cir 2005). Accordingly, to the extent defendants wish to assert an attorney-client or other privilege over any outstanding documents, defendants must prepare and serve an appropriate privilege log not later than January 8, 2010.

Plaintiff also objects to defendants' specific objection that responding to the interrogatories would be unduly burdensome. Doc #76 at 22-26. Defendants have offered documents in lieu of responses but have not yet provided the documents to plaintiff. See Doc #76 at 23. Defendants have not explained why responding to the interrogatories would amount to an undue burden. To the extent the interrogatories seek relevant information, defendants shall supplement their responses or produce responsive documents not later than January 8, 2010.

C

Plaintiff seeks additional responses to his requests for admission. Doc #76 at 26-27. Defendants assert that the parties continue to meet and confer regarding stipulations of fact that may obviate the need for admissions. Doc #79 at 26-27. A firm deadline will likely resolve the instant dispute. Accordingly, defendants are ordered to supplement their responses to plaintiff's requests for admission not later than January 8, 2010.

D

Plaintiff seeks to schedule a FRCP 30(b)(6) deposition. Defendants assert their failure to attend the deposition as initially scheduled was unintentional and admit they wish to reschedule the deposition. Id. At the December 17 hearing,

defendants agreed to make available Rodney Sacks and Steve Wallace on January 12 and 13, 2010 at defense counsel's office at 401 B Street, Suite 12, San Diego, California. Defendants shall inform the court in writing of any change in the deposition schedule.

### E

Plaintiff seeks evidentiary and monetary sanctions based on defendants' failure to produce relevant and responsive discovery. Doc #76 at 31. Plaintiff's arguments regarding the need for sanctions may well be reasonable, but the court will defer ruling on the issue until defendants are given an opportunity to comply with the compelled production described above. If defendants' supplemental production is unsatisfactory, plaintiff may serve and file a memorandum requesting the court to decide whether sanctions may be appropriate. Defendants shall have ten days following service to show cause why sanctions should not be imposed.

### III

Defendants are ordered to supplement their discovery production as described above. The court will defer ruling on plaintiff's motion for sanctions until defendants have supplemented their production.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge