ADAM J. GUTRIDE (State Bar No. 181466)
SETH A. SAFIER (State Bar No. 197427)
GUTRIDE SAFIER LLP
835 Douglass Street
San Francisco, California 94144
Telephone: (415) 336-6545
Facsimile: (415) 449-6469

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRIS CHAVEZ, an individual, on behalf of himself, the general public and those similarly situated<br><br>Plaintiff,<br><br>v.<br><br>BLUE SKY NATURAL BEVERAGE CO., a foreign corporation; HANSEN NATURAL CORP., a foreign corporation; HANSEN BEVERAGE COMPANY, a foreign corporation; AND DOES 1 THROUGH 10<br><br>Defendants | Case No. CV-06-06609 VRW (EMC)<br><br>[Proposed] ORDER COMPELLING VN GRAPHICS, INC. TO PRODUCE DOCUMENTS IN RESPONSE TO SUBPOENA OR TO SHOW CAUSE WHY IT SHOULD NOT BE ADJUDGED IN CONTEMPT OF COURT<br><br>Magistrate Judge Edward M. Chen |

Plaintiff has moved to compel VN Graphics, Inc. ("VN Graphics") to respond to a subpoena for the production of documents.

FOR GOOD CAUSE SHOWN, the Court finds and concludes as follows:

VN Graphics was served with the subpoena.

On May 17, 2010, Mr. Kammer of Solomon Ward Seidenwurm & Smith, LLP, counsel for Defendants, filed a "Notice of Appearance" on behalf of VN Graphics. No limitations regarding the scope of appearance were stated. (Dkt.# 115.)

The same day, on behalf of VN Graphics, Mr. Kammer filed a motion to quash the subpoena. The motion to quash did not make any argument about the place of production or the authority of this Court to issue a subpoena to VN Graphics. Instead, it argued only that the requests

were burdensome, irrelevant, and duplicative of requests made to Defendants.  (Dkt.# 116.)

On June 10, VN Graphics filed a notice of withdrawal of the motion to quash the subpoena. (Dkt.# 119.)

On June 28, 2010, Plaintiff wrote to the Court seeking leave to file a motion to compel production to enforce the subpoena.  (Dkt.# 122.).

On July 7, 2010, on behalf of VN Graphics, Mr. Kammer wrote to the Court that VN Graphics had represented that it has "reviewed all of the reasonably accessible documents in [its] possession, custody and control" and that he was awaiting receipt of the documents and "[did] not anticipate problems" with production. (Dkt.# 123.)  Again, no argument was made about the forum from which the subpoena issued or the place of required production.

On July 13, 2010, Judge Walker referred the matter to the undersigned (Dkt.# 126), who held a hearing on August 11, 2010, at which both Mr. Kammer and counsel for Plaintiff were present.

On August 16, 2010, the Court issued the following order:

> Documents from VN Graphics, Inc. (third party).  Defense counsel currently represents VN Graphics, Inc. with respect to this litigation. Counsel has represented that there has been difficulty in getting the client to cooperate in producing the documents requested by Plaintiff.  Counsel has also indicated that it will likely withdraw its representation of VN Graphics as a result.  In that event, Plaintiff will have to seek to enforce the subpoena with the appropriate court. Counsel will confirm with the Court by August 20, 2010 that either all documents have been produced or counsel has withdrawn from VN Graphics' representation.

(Dkt.# 134):

On August 20, 2010, Mr. Kammer stated in a letter to the Court that "Defendants communicated again with VN Graphics about providing the documents covered by the subpoena previously issued by plaintiff.  To date, defendants' counsel has received nothing from VN Graphics, and consequently the firm of Solomon Ward Seidenwurm & Smith, LLP has notified VN Graphics that it has withdrawn from representing them in connection with this subpoena duces tecum." (Dkt.# 136.)   Solomon Ward Seidenwurm & Smith, LLP has not formally withdrawn from representation.  Nor has VN Graphics filed a notice of substitution of counsel.

1  VN Graphics generally appeared in this litigation.  (Dkt.# 115.)  It is accordingly subject to
2  this Court's jurisdiction.  It did not object to the jurisdiction of this Court over the enforcement of
3  the subpoena.  *Cf. Hilao v. Estate of Marcos*, 95 F.3d 848, 854 (9th Cir. 1996) ("A general
4  appearance, of course, subjects the party who appears to the personal jurisdiction of the court.").
5  Moreover, having withdrawn its motion to quash, it has waived any objections.

6  VN Graphics has failed to comply with the subpoena without adequate justification.

7  VN Graphics is ordered to produce by September 15, 2010, all of the following:

8  1.  All documents depicting, describing and/or relating to any BLUE SKY
9      PACKAGING.  (The term "BLUE SKY PACKAGING" means any cans, bottles, other
10     beverage containers or labels affixed thereto bearing the "Blue Sky" mark or brand.)

11 2.  All documents depicting, describing and/or relating to BLUE SKY ARTWORK.
12     ((The term "BLUE SKY ARTWORK" means any images, graphics, logos, design elements,
13     product descriptions, fonts, or other textual or graphical items used with respect to products
14     bearing the "Blue Sky" mark or brand.)

15 3.  All correspondence, communications, and other documents exchanged between
16     you and Defendants relating to any BLUE SKY WEBSITE, BLUE SKY PACKAGING,
17     AND/OR BLUE SKY ARTWORK.  (The term "BLUE SKY WEBSITE" means
18     www.blueskysoda.com, www.drinkbluesky.com, and any other web site authorized by any
19     DEFENDANT whose primary focus in the Blue Sky Natural Beverage Company AND/OR
20     products bearing the "Blue Sky" mark or brand.  The other terms are as defined above.)

21  VN Graphics shall have the option to produce the aforementioned items either by
22 (1) delivering a physical or electronic copy thereof to attorneys for Plaintiff, Gutride Safier LLP, at
23 their offices, 835 Douglass Street, San Francisco CA 94114 or (2) notifying Plaintiff that the items
24 are available, and making the items available, for inspection at VN Graphic's place of business in
25 Redmond, Washington, and for removal to a local scanning and copying facility designated by
26 Plaintiffs.

27  VN Graphics shall file, via ECF, a certification of its compliance with the above by
28 September 15, 2010.

<del>[Proposed]</del> Order re Subpoena to VN Graphics

1    Should VN Graphics not produce the documents or certify its compliance as directed, this
2 matter shall be referred to Judge Walker for hearing on September 9, 2010, at 10:00 a.m., at which
3 time VN Graphics shall show cause why it should not be adjudged to be in contempt of Court and
4 accordingly sanctioned.

5    Plaintiff shall serve a copy of this order on VN Graphics such that it is received no later than
6 September 8, 2010.  Because counsel for VN Graphics has withdrawn, service may not be effected
7 by serving that counsel.

9    IT IS SO ORDERED.

11  Dated:     September 3, 2010



_____
Hon. Edward M. Chen
U.S. Magistrate Judge

IT IS SO ORDERED
AS MODIFIED
Judge Edward M. Chen