UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS CHAVEZ, | No. C-06-6609 VRW (EMC) |
| Plaintiff, | |
| v. | **ORDER RE PARTIES' JOINT LETTER OF AUGUST 27, 2010** |
| BLUE SKY NATURAL BEVERAGE CO., *et al.*, | |
| Defendants. | **(Docket No. 142)** |
| _____/ | |

The Court has received the parties' joint letter dated August 27, 2010. Having considered that letter, the Court hereby rules as follows.

(1) Interrogatory No. 17 (3d Set). This interrogatory concerns whether or not certain information related to Defendants' "other beverages" should be provided. Plaintiff means "other beverages" to be only those beverages that are of the same type as Blue Sky beverages -- *e.g.*, natural sodas. "Other beverages" do not include the Monster Energy line, which apparently represents 90% of Defendants' sales. According to Plaintiff, it needs the information about "other beverages" to show that Blue Sky products were sold at a premium because targeted to niche purchasers.

Defendants note that they have produced to Plaintiff the price lists for their "other beverages" and argue that these lists should be "sufficient to show any price differential and 'premium' that may exist between [the] brands." Joint Letter at 2. Plaintiff in turn contends that the price lists are not sufficient because they show only standard prices for standard quantities "without

1  showing the real price sold to particular distributors, taking into account discounts, rebates, etc."
2  Joint Letter at 2. Plaintiff adds that there is no burden on Defendants to provide the information
3  about "other beverages" as they are already providing the information for the Blue Sky products and
4  Defendants may obtain the information for the "other beverages" simply by expanding their query.

5      Defendant has not explained or documented the burden posed on Defendants were it to
6  provide information about the "other beverages" as that term has been clarified by Plaintiff. Hence,
7  the documentation Plaintiff seeks shall be produced.

8      (2) Interrogatories No. 17 (4th Set) and 18. Defendants have stated that they will provide
9  responses. Therefore, it is, as a practical matter, irrelevant whether or not Plaintiff previously asked
10 for the information in other discovery requests.

11     (3) Request for Production No. 17. As a practical matter, it does not appear that there is
12 any dispute remaining because Defendants have stated that they will provide responses to
13 Interrogatories Nos. 17 (3d Set), 17 (4th Set), and 18, with respect to the Blue Sky products.

14     (4) Request for Production Nos. 21 and 22. The Court shall not require Defendants to
15 produce documents. The information to be produced in subjects (1) - (3) is sufficient. The
16 information sought by RFP Nos. 21 and 22 will be of little additional probative value.

17     (5) Request for Production No. 23. Defendants shall produce or certify that they have
18 already produced the price lists for the "other beverages."

19     This order disposes of Docket No. 142.

21     IT IS SO ORDERED.

23 Dated: September 3, 2010

                                      EDWARD M. CHEN
                                      United States Magistrate Judge