IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS CHAVEZ, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br>  v.<br><br>BLUE SKY NATURAL BEVERAGE CO., et al.,<br><br>        Defendants. | Case No.: 06-06609 JSW (JSC)<br><br>**ORDER (1) DENYING PLAINTIFF'S REQUEST FOR SANCTIONS AND (2) GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE A SUR-REPLY (Dkt. Nos. 272, 289)** |

Now pending before the Court is Plaintiff's motion for sanctions. (Dkt. Nos. 258, 287.) Plaintiff requests "monetary, evidentiary and instructional sanctions" on the grounds that Defendants' late and deficient production of documents prejudiced Plaintiff by preventing him from taking depositions and authenticating documents. Defendants respond that Plaintiff's motion is untimely, Defendants did not engage in discovery violations, and Judge Chen already ruled against Plaintiff on these issues. After a careful review of the materials provided by both parties, Plaintiff's motion is DENIED, although the Court will allow Plaintiff limited

discovery to address the prejudice to Plaintiff from Defendants' belated production of three documents.

## BACKGROUND

1. Procedural History

Plaintiff Chavez brings this action on behalf of himself and other individuals who purchased any beverage in the United States bearing the Blue Sky mark or brand, alleging that Defendants mischaracterized New Mexico as the origin of the "Blue Sky" beverage line. This action was initially brought in San Francisco superior court, but Defendants subsequently removed the case to federal court. The district court thereafter granted Defendants' motion to dismiss. (Dkt. No. 40.) On appeal, the Ninth Circuit reversed and remanded. (Dkt. No. 50.) The district court later granted Plaintiff's motion for class certification (Dkt. No. 120), and by order filed September 27, 2011, the court denied Plaintiff's and Defendants' motions for summary judgment. (Dkt. No. 291.)

After the case was remanded from the Ninth Circuit, Plaintiff again raised discovery issues initially made in a motion to compel filed before the lawsuit was dismissed. (Dkt. Nos. 58, 36.) The district court thereafter ordered Defendants to comply with certain of Plaintiff's discovery requests. Specifically, the district court directed Defendants to "on or before October 15, 2009, produce documents in response to the outstanding document requests listed in Doc #58 at 2. In the event of further dispute regarding the adequacy of defendants' production, the parties shall bring the matter to the court's attention . . . not later than October 30, 2009." (Dkt. No. 61.) The document requests to which the order referred were Hansen

Beverage Company production numbers 1, 2, 4-10, and 12-20 and Blue Sky Natural Beverage Company production numbers 4 and 6-9. (Dkt. No. 58 at 2.)

On October 30, 2009, Plaintiff contacted the district court to enumerate complaints about Defendants' compliance with the court's order. (Dkt. No. 73.) Defendants acknowledged that several discovery disputes remained, but denied wrongdoing. (Dkt. No. 74.) After additional briefing and a hearing, the district court issued a second order on December 30, 2009, which compelled Defendants to produce certain documents. Although Plaintiff requested sanctions, the district court deferred a ruling "until defendants are given an opportunity to comply with the compelled production. If defendants' supplemental production is unsatisfactory, plaintiff may serve and file a memorandum requesting the court to decide whether sanctions may be appropriate." (Dkt. No. 87 at 7.)

Discovery closed on September 3, 2010. Under Civil Local Rule ("L.R.") 37.3, any motion to compel fact discovery must be filed not more than seven days after the fact discovery cutoff. Plaintiff filed no such motion but instead, on November 11, 2010, filed a "Motion for Discovery Sanctions." (Dkt. No. 170.) Among other things, Plaintiff complained that notwithstanding the district court's 2009 orders, Defendants refused to identify which sources of discoverable material they had examined, but it was nonetheless apparent that Defendants had "failed adequately to search for and produce discoverable materials from even easily accessible sources." (Dkt. No. 170 at 2.) Defendants opposed Plaintiff's contentions (Dkt. No. 177), and the district court referred the issue to then-Magistrate Judge Chen, who considered substantial briefing by both sides (Dkt. Nos. 171,177, 192, 198-201, 205-06, 213-27, 230, and 244) and held two hearings on these and other discovery issues.

Judge Chen issued an order on January 26, 2011 and another on February 1, 2011 disposing of all pending motions, including the motion for discovery sanctions. (Dkt. Nos. 236, 247 (the "Orders").) Among other directions, the court ordered Defendants to search their central file server for searchable documents based on the custodian and search list agreed to by the parties and to search the local hard drives of additional custodians as agreed upon by the parties. (Dkt. No. 236 at 2.) The court did not, however, award any sanctions. (Dkt. Nos. 236, 247.) Indeed, at oral argument the court explained that he was not "sympathetic to hearing a sanctions motion . . . because that should have been addressed by traditional motions to compel." (Dkt. No. 209 at 4:11-13.)

Defendants appear to have complied with Judge Chen's order; indeed, Plaintiff notes that after Judge Chen's order, Defendants produced "an additional 11,633 pages of documents, which dwarfs the 8270 pages of documents they had produced in the entire case until that point." (Dkt. No. 258 at 1.) Plaintiff nonetheless filed a further motion on April 8, 2011 seeking enforcement of the Orders and additional relief (Dkt. No. 258), which led to additional briefing by both parties (Dkt. Nos. 262-63, 266, 269, 271-72) as well as administrative motions (Dkt. Nos. 268, 270, and 272), all of which were transferred to this Court on June 9, 2011. (Dkt. No. 274.) At the request of the Court, the parties filed a joint statement outlining eight issues ripe for decision by this Court. (Dkt. No. 278.) The Court held a hearing on July 7, 2011 which resolved all the issues, except for issues 6-7, related to

Plaintiff's renewed request for sanctions, and issue 8, related to the cost of discovery.[1]  (Dkt. No. 282.)  The remaining issues are as follows:

> 6. Whether the Court should recommend an adverse inference instruction, similar to the instruction plaintiff referenced in Dkt. #258, pp. 14-15?
>
> 7. Whether the Court should award Plaintiff attorneys' fees and costs in the amount of $137,516.67?

(Dkt. No. 278 at 2.)

Following the hearing, the parties filed supplemental briefs on Plaintiff's sanctions request (Dkt. Nos. 283, 287), and Defendants moved to file a sur-reply. (Dkt. No. 289.)

**DISCUSSION**

There are two sanctions issues before this Court: whether an adverse inference is appropriate and whether monetary sanctions in the form of attorneys' fees and costs are warranted.  At the July 7, 2011 hearing, and in light of Judge Chen's denial of Plaintiff's November 2010 sanctions request, the Court limited Plaintiff's sanctions motion to the argument that documents Defendants produced in response to Judge Chen's January and February 2011 orders reveal that Defendants did not comply with the district court's August 2009 discovery order and that Plaintiff has been prejudiced by the failure—in other words, to arguments that Plaintiff could not have made to Judge Chen in connection with his earlier orders.

1. <u>The Newly Produced Documents</u>

Plaintiff complains that it was not until March 2011, in response to Judge Chen's Orders, that Defendants produced over 11,000 pages of documents, including at least three

---

[1] As neither party briefs issue 8, the Court concludes the parties resolved this issue among themselves.

material documents that should have been produced earlier.  First, Defendants belatedly produced "Talking Points" related to the design of the Blue Sky cans because, Plaintiff alleges, Defendants initially unreasonably narrowed their electronic search query in local hard drives to documents that matched "Blue Sky *and* Santa Fe *and* (New Mexico or N.M. or NM)."  Second, Defendants failed to search the documents of custodian Russell Stirmell, who was Defendants' former Midwest Regional Sales Manager, until ordered by Judge Chen to do so.  After the ordered search, Defendants produced what Plaintiff contends is a material email from Mr. Stirmell dated August 23, 2006.  Finally, Defendants failed to produce an email from Marketing Vice President Gregg Arends to website designer The Buddy Group, which Plaintiff contends is highly relevant.  Plaintiff asserts that all of these documents should have been produced, at the latest, in response to the district court's 2009 orders.  Plaintiff therefore argues he is entitled to an adverse instruction and monetary sanctions because Defendants' late production cost Plaintiff the ability to take depositions about the documents or even authenticate them.  (Dkt. Nos. 258 at 5-7, 287.)

2. The Requested Sanctions

   **a. Adverse Inference**

"An adverse inference instruction may be appropriate where a party's bad faith or gross negligence has resulted in either the spoliation of evidence or failure to turn over relevant evidence."  Karnazes v. County of San Mateo, 2010 WL 2672003 at *2 (N.D. Cal. July 2, 2010).  In Karnazes, despite repeated court orders to do so, the plaintiff failed to make her treating physician available for deposition and failed to produce the physician's treatment

notes. Here, Plaintiff cites numerous examples to justify a finding that Defendants acted in bad faith or with gross negligence (Dkt. No. 258 at 14), but even assuming Plaintiff is correct that the district court's 2009 orders required Defendants to produce all electronically stored information ("ESI"), including responsive documents located on Defendants' central server, the argument that Defendants should be sanctioned for failing to do so were expressly made to and ruled on by Judge Chen. (Dkt. Nos. 170, 174, 226, 244.) The only new issue—production of documents in response to Judge Chen's orders and any prejudice arising from the content of these newly produced documents—does not justify the adverse inference Plaintiff seeks. Plaintiff is, in effect, asking the Court to impose an adverse inference sanction because Defendants complied with Judge Chen's orders.

Although Plaintiff speculates as to what documents may have been destroyed or not produced, there is no evidence of spoliation at this juncture. See Hamilton v. Signature Flight Support Corp., 2005 WL 3481423 at *8 (N.D. Cal. Dec. 20, 2005) (stating that to determine prejudice in the context of spoliation, the test "is whether there is a reasonable possibility, based on concrete evidence, that access to the evidence which was destroyed or altered, and which was not otherwise obtainable, would produce evidence favorable to the objecting party") (internal quotation marks and citation omitted).

**b. Monetary Sanctions**

Plaintiff also "renews his previous request" for attorney's fees and costs in the amount of $137,516.67. (Dkt. No. 258 at 15.) This is the amount of sanctions Plaintiff requested in his November 2010 motion for sanctions. He contends that such monetary sanction is mandatory under Federal Rule of Civil Procedure 37(b)(2).

As explained above, however, Judge Chen previously ruled on Plaintiff's November 2010 motion in two orders after additional briefing and two hearings, and he chose not to order monetary sanctions; instead, he ordered Defendants to perform additional searches and produce additional documents. (Dkt. Nos. 236, 247.) Plaintiff now makes the same argument he made then: that Defendants made "inadequate, half-hearted and belated efforts to search for electronic or paper documents." (Dkt. No. 170-1 at 28.) The only difference is that in response to Judge Chen's Orders issued in response to Plaintiff's motion for sanctions, Defendants now have produced relevant, material documents. Thus, without forthrightly saying so, or complying with Local Rule 7-9, Plaintiff is essentially asking this Court to reconsider Judge Chen's implicit denial of Plaintiff's motion for sanctions. Plaintiff gives this Court no reason to do so. Accordingly, Plaintiff's renewed request for monetary sanctions is denied.

### c. Prejudice From the Late Production

While the Court concludes that an adverse inference and monetary sanctions are not appropriate in these circumstances, the bottom line is that Defendants produced certain relevant and responsive documents long after the discovery cut-off. While Plaintiff bears some of the responsibility for this delay, Defendants, too, share responsibility as they had to be ordered—at least four times—to produce responsive discovery. (Dkt. Nos. 61, 87, 236, 247.) The question then is what to do about Plaintiff's asserted inability to authenticate and obtain information about the three material documents produced in March 2011. Now that it is apparent that—short of a negotiated resolution—the case is going to trial, the Court

concludes that the proper approach is to allow limited, narrow discovery regarding these three documents.

Accordingly, the parties are ordered to meet and confer regarding additional limited discovery on the three documents, should Plaintiff desire to proceed with such discovery. First, the parties should consider the question of authentication, an issue that can be addressed by stipulation. Second, the parties should address the question of the authorship and approval of the "Talking Points." This, too, is a question that can be addressed informally by stipulation, and the Court encourages the parties to consider such a resolution. Third, the parties should discuss depositions, if necessary, of Russell Stirmell and Gregg Arends. Any such limited discovery shall take place forthwith. The parties are therefore ordered to provide the Court with a written joint status report on any further limited discovery arising from the three documents on or before October 21, 2011.

## CONCLUSION

For the reasons explained above, the Court in its discretion denies Plaintiff's motion for monetary and other sanctions. Plaintiff, however, is allowed to take limited discovery on the three material documents identified in Docket No. 258 as discussed above. The parties shall provide the Court with a joint written update on such discovery and their meet and confer efforts on or before October 21, 2011. Defendants' motion for leave to file a sur-reply (Dkt. No. 289) is GRANTED.

**IT IS SO ORDERED.**

Dated: October 11, 2011

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE