UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS CHAVEZ, an individual, on behalf of himself, the general public and those similarly situated<br><br>Plaintiff,<br><br>v.<br><br>BLUE SKY NATURAL BEVERAGE CO. a foreign corporation; HANSEN BEVERAGE COMPANY, a foreign corporation; HANSEN NATURAL CORP., a foreign corporation; and DOES 1 THROUGH 10, inclusive,<br><br>Defendants | CASE NO. CV-06-06609 JSW<br><br>[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND VACATING HEARING<br><br>Date:<br>Time:<br>Place: Courtroom D, 15th Floor<br>Judge: Hon. Jeffrey S. White |

1    Plaintiff Chris Chavez ("Plaintiff") and Defendants Monster Beverage Corporation (formerly known as Hansen Natural Corporation), Monster Energy Company (formerly known as Hansen Beverage Company), and Blue Sky Natural Beverage Co. ("Hansen" or "Defendants") have moved the Court for preliminary approval of a proposed class action settlement, the terms and conditions of which are set forth in the Settlement Agreement filed with the Court on February 2, 2012 (Dkt.# 307). the hearing set for February 24, 2012 is VACATED,

     Having considered all matters submitted to it ~~at the hearing on the motion~~ the and otherwise, including the complete record of this action, and good cause appearing therefore, the Court hereby finds and concludes as follows:

     1.   The capitalized terms used in this Order shall have the same meaning as defined in the Settlement Agreement except as otherwise expressly provided.

     2.   The Court preliminarily approves the settlement as within the range of possible final approval, and as meriting submission to the Class for its consideration.

     3.   Not later than thirty-five (35) days prior to the Final Approval hearing, Representative Plaintiff and Class Counsel may make a written application to the Court for an award of attorneys' fees, costs and incentive award to the Representative Plaintiff.

     4.   A Final Approval hearing shall be held before this Court at 9:00 a.m. on May 11, 2012, at the United States District Court for the Northern District of California, San Francisco Division, to address: (a) whether the proposed settlement should be finally approved as fair, reasonable and adequate, and whether the Final Approval Order should be entered, and (b) whether Class Counsel's application for attorneys' fees, costs, and incentive awards should be approved

     5.   The Court approves, as to form and content, the Class Notice and the Claim Form, substantially similar to the forms attached as Exhibits B1 ("Summary Published Notice"), B2 ("Long Form Notice") and B3 ("Retailer/Distributor Notice") to the Settlement Agreement. The parties shall have discretion to make non-material minor revisions to the notice before emailing or mailing. consistent with Section II. 2.3 of the Settlement Agreement

     6.   The Court approves the appointment ~~of~~ _____ to fulfill the duties of
^

-1-

Claims Administrator as set forth in the Settlement Agreement.

7. The Court finds that the Parties' plan for providing notice to the Class (the "Notice Plan") described in Part IV of the Settlement Agreement is the best practicable notice in the circumstances and is reasonably calculated to provide notice to the Class of the pendency of the Litigation, certification of the Class, the terms of the Settlement Agreement, and the Final Approval hearing, and complies fully with the requirements of Federal Rule of Civil Procedure 23, the United States Constitution, and any other applicable law. The Parties and the Claims Administrator are accordingly directed to provide notice of the settlement as set forth in Part IV of the Agreement.

8. Any member of the Class who desires to be excluded from the Class, and therefore not be bound by the terms of the Settlement Agreement, must submit an online request for exclusion by [21 days before the Final Approval hearing] or mail to the Claim Administrator, pursuant to the instructions set forth in the Long Form Notice and on the Settlement Website, a timely and valid written request for exclusion, received (not postmarked) no later than [21 days before the Final Approval hearing]. No one shall be permitted to exercise any exclusion rights on behalf of any other person, whether as an agent or representative of another or otherwise, except upon proof of a legal power of attorney, conservatorship, trusteeship, or other legal authorization that predates the Class Notice, and no one may exclude other persons within the Class as a group, class, or in the aggregate.

9. At least fourteen (14) days prior to the hearing on Final Approval, the Claim Administrator shall prepare a list of the names of the persons who, pursuant to the Class Notice described herein, have excluded themselves from the Class in a valid and timely manner, and Class Counsel shall file that list with the Court. The Court retains jurisdiction to resolve any disputed exclusion requests.

10. Any member of the Class who elects to be excluded shall not receive any benefits of the settlement, shall not be bound by the terms of the Settlement Agreement, and shall have no standing to object to the settlement or intervene in the Litigation.

11. Any Class Member who does not submit a valid and timely request for exclu-

sion may object to the Settlement Agreement. Any such Class Member shall have the right to appear and be heard at the Final Approval hearing, either personally or through an attorney retained at the Class Member's own expense. Any such Class Member must file with the Court and serve upon Class Counsel and Defendants' Counsel at the addresses set forth in the Class Notice a written objection to the settlement ("Objection"). The Objection must satisfy the requirements set forth in section 6.3 of the Settlement Agreement and must be filed and served no later than [21 days before Final Approval Hearing]. Any Class Member who does not submit a timely Objection in accordance with the Settlement Agreement and as set forth herein shall not be treated as having filed a valid objection to the settlement.

12. Any Class Member who wishes to intervene in the Litigation must file a motion or application to do so with the Court and contemporaneously serve it upon Class Counsel and Defendants' Counsel at the addresses set forth in the Class Notice by [21 days before Final Approval Hearing].

13. Any Class Member who wishes to appear at the Final Approval hearing must file a notice of his or her intention to do so with the Court and contemporaneously serve it upon Class Counsel and Defendants' Counsel at the addresses set forth in the Class Notice no later than [21 days before Final Approval hearing].

14. Within seven (7) days of this Order, Defendants shall pay $900,000 into the Escrow Account, which shall be maintained as set forth in Part V of the Settlement Agreement.

15. The Parties shall file their motions for Final Approval no later than [35 days before the Final Approval Hearing] and their reply in support of that motion and responses to any objections and requests to intervene no later than [14 days before the Final Approval hearing].

16. In the event that the proposed settlement is not finally approved by the Court, or in the event that the Settlement Agreement becomes null and void pursuant to its terms, this Preliminary Approval Order and all orders entered in connection herewith shall become null and void, shall be of no further force and effect, and shall not be used or referred to for any purposes whatsoever in this Litigation or in any other case or controversy; in such event the Settlement Agreement and all negotiations and proceedings directly related thereto shall be deemed to be

without prejudice to the rights of any and all of the Parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Settlement Agreement.

17. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Class Members. The Final Approval hearing may, from time to time and without further notice to the Class Members, be continued by Order of the Court.

**IT IS SO ORDERED** this 23rd day of February, 2012.

_____
HON. JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

-4-