1  **GUTRIDE SAFIER LLP**
   ADAM J. GUTRIDE (State Bar No. 181446)
2  SETH A. SAFIER (State Bar No. 197427)
   835 Douglass Street
3  San Francisco, California 94114
   Telephone: (415) 336-6545
4  Facsimile: (415) 449-6469

5  Class Counsel

6
                    UNITED STATES DISTRICT COURT
7
                 NORTHERN DISTRICT OF CALIFORNIA
8
                      SAN FRANCISCO DIVISION
9

10  | CHRIS CHAVEZ, an individual, on behalf of himself, the general public and those similarly situated | Case No. CV-06-06609 (JSW) |
    | --- | --- |

11  **REPLY MEMORANDUM IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARD OF ATTORNEYS' FEES, COSTS AND INCENTIVE TO NAMED PLAINTIFF**

12          Plaintiff,

13          v.

    Date: May 11, 2012
14  BLUE SKY NATURAL BEVERAGE CO.,   Time: 9:00 am
    a foreign corporation; HANSEN       Place: Courtroom 11, 19th Floor
15  NATURAL CORP., a foreign corporation;  Judge: Hon. Jeffrey S. White
    HANSEN BEVERAGE COMPANY, a
16  foreign corporation; AND DOES 1
    THROUGH 10
17

18          Defendants

19

20

21

22

23

24

25

26

27

28

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ..............................................................................................1

II.     ARGUMENT ....................................................................................................2

        A.   Santana Is Without Standing To Object. ..............................................2

        B.   Santana's Objections Also Should Be Overruled On The Merits. ................................4

             1.   The Claims Process Is Fair And Reasonable. ..................................4

             2.   The Attorneys' Fees, Costs And Incentive Payment Are Fair, Adequate
                  and Reasonable. ............................................................................6

III.    CONCLUSION ..................................................................................................9

## <u>TABLE OF AUTHORITIES</u>

### CASES

*Alberto v. GMRI, Inc.*, 252 F.R.D. 652 (E.D. Cal. 2008) ............................................................9

*Browning v. Yahoo! Inc.*, 2007 U.S. Dist. LEXIS 86266 (N.D. Cal. Nov. 16, 2007) .................6

*Casillas-Diaz v. Palau*, 463 F.3d 77 (1st Cir. 1990)....................................................................7

*Conroy, et al v. 3M Corporation, et al*, 4:00-cv-02810-CW .......................................................1

*Embry v. Acer America Corporation*, Case. No. 09-1808 (JW) ...................................................1

*Faigman v. AT&T Mobility LLC*, 2011 U.S. Dist. LEXIS 15825, at *12 (N.D. Cal.
    Feb. 15, 2011) .........................................................................................................................7

*Feder v. Elec. Data Sys. Corp.*, 248 Fed. Appx. 579 (5th Cir. 2007)..........................................4

*Fleury et al v. Cartier International et al*, 3:05-cv-04525-EMC ..................................................1

*Follansbee v. Discover Fin. Servs.*, No. 99 C 3827, 2000 WL 804690 (N.D. Ind.
    2000) ........................................................................................................................................5

*Fulford v. Logitech, Inc.*, 2010 U.S. Dist. LEXIS 29042 (N.D. Cal. Mar. 5, 2010)....................5

*Gauss v. Millennium Products, Inc.*, Case No. CGC-10-503347 (S.F. Superior
    2011) ........................................................................................................................................6

*Glass v. UBS Fin. Servs., Inc.*, 2007 U.S. Dist. LEXIS 8476 (N.D. Cal. Jan. 26,
    2007) ........................................................................................................................................4

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998)..........................................................1

*Harris v. Vector Mktg. Corp.*, 2011 U.S. Dist. LEXIS 48878 (N.D. Cal. Apr. 29,
    2011) ........................................................................................................................................5

*Hopson v. Hanesbrands Inc.,* 2009 U.S. Dist. LEXIS 33900 (N.D. Cal. Apr. 3,
    2009) ........................................................................................................................................8

*In Re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, 4:02-md-
    01486-PJH ...............................................................................................................................1

*In re Microsoft I-V Cases*, 135 Cal.App.4th 706 (2006)..............................................................6

*In re PaineWebber Ltd. P'ships Litig.* (S.D.N.Y. 1997) 171 F.R.D. 104, 131 .............................5

*In re Pharmaceutical Industry Average Wholesale Price Litig.*, 520 F. Supp. 2d
    274 (D. Mass. 2007)................................................................................................................7

*In re Veterans' Industries, Inc.,* 8 Cal. App. 3d 902, 926-27 (1970) ..........................................4

*In re: Mego Financial Corp. Securities Litigation*, 213 F.3d 454 (9th Cir. 2000) .....................1

*In Re: Wal-Mart Wage And Hour Employment Practices Litigation,* 2010 U.S.
    Dist. LEXIS 21466 (D. Nev. Mar. 8, 2010)............................................................................1

*Kent v. Hewlett-Packard Co.*, 2011 U.S. Dist. LEXIS 106825 (N.D. Cal. Sept. 20,
    2011) .....................................................................................................................................3, 7

*National Rural Telecommunications Cooperative v. DIRECTV, Inc.*, 221 F.R.D.
    523 (C.D. Cal. 2004)...............................................................................................................2

*Petrovic v. Amoco Oil Co.,* 200 F.3d 1140 (8th Cir. 1999) ........................................................5

*Rodriguez v. West Publ'g Corp.*, 2007 U.S. Dist. LEXIS 74849 (C.D. Cal. Aug. 10,
    2007) .....................................................................................................................................5, 6

*San Francisco NAACP v. San Francisco Unified School Dist.*, 59 F. Supp. 2d 1021

(N.D. Cal. 1999)..................................................................................................4

*Serrano v. Priest (Serrano III)*, 20 Cal. 3d 25 (1977).................................................7

*Tarlecki v. Bebe Stores, Inc.*, 2009 U.S. Dist. LEXIS 102531 (N.D. Cal. Nov. 3, 2009) ......................................................................................................................4

*Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294 (N.D. Cal. 1995).......................8

*Williams v. MGM-Pathe Communications Co.*, 129 F.3d 1026 (9th Cir. 1997).........8

*Wilson v. Airborne, Inc.*, 2008 U.S. Dist. LEXIS 110411 (C.D. Cal. Aug. 13, 2008) .............................................................................................................1, 6

*Witthoff v. Honest Tea, Inc.,* CGC-10-504987 (S.F. Superior 2012)............................6

*Wixon v. Wyndham Resort Dev. Corp.*, 2011 U.S. Dist. LEXIS 87249 (N.D. Cal. Aug. 8, 2011) ..................................................................................................7

**RULES**

Fed. R. Evid. 901-03 ..................................................................................................3

**TREATISES**

Newberg § 11:46 ........................................................................................................6

## I.    INTRODUCTION

In a class action that includes millions of sodas purchased, there was a single opt-out and a single objection.  (*See* Declaration of Amy Lake, submitted herewith.)  This overwhelmingly positive response weighs strongly in favor of final approval.  *See In re: Mego Financial Corp. Securities Litigation*, 213 F.3d 454, 459 (9th Cir. 2000) (low number of objectors and opt-outs supports trial court's finding that settlement was "fair, adequate and reasonable"); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998) (low opt-outs provide "objective positive commentary as to its fairness").

The only objection is set forth in a letter from Luis Mario Santana.  (Dkt.# 312, attached hereto as Exhibit A.)   Santana appears to object *in pro per*.  However, a review of the Federal Express envelope containing Santana's objection reveals that a well-known professional objector (Christopher Bandas)[1] is operating behind the scene.   (Exhibit A.)   Attorney Bandas no doubt intends to appear in this litigation soon, especially because his participation in this case is driven by Class Counsel's ongoing refusal to pay him off in another case where he (himself) is objecting. *See Embry v. Acer America Corporation*, Case. No. 09-1808 (JW) (Christopher Bandas objecting).

Irrespective of who is actually behind this objection, Santana has not adequately

---

[1] Plaintiff is aware of five cases in this District alone where attorney Bandas has recently represented objectors.  *See, e.g., Smith et al v. Wal-Mart Stores, Inc.*, 4:06-cv-02069-SBA (N.D. Cal. Sept. 9. 2010, Dkt.## 409, 419); *see also, In Re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, 4:02-md-01486-PJH (N.D. Cal. Oct. 3, 2006, Dkt.# 1081); *Conroy, et al v. 3M Corporation, et al*, 4:00-cv-02810-CW (N.D. Cal. Feb. 3, 2006, Dkt.## 216, 217, 238); *Wilson v. Airborne, Inc.*, 2008 U.S. Dist. LEXIS 110411 (C.D. Cal. Aug. 13, 2008); and *Fleury et al v. Cartier International et al*, 3:05-cv-04525-EMC (N.D. Cal. Mar. 18, 2008, Dkt.## 220. 221, 278). None of Mr. Bandas' clients' objections in those cases were sustained.   In one of them, his objections were labeled by Judge Wilken as "unfounded" and "patently frivolous."  *See Conroy v. 3M Corp.*, 2006 U.S. Dist. LEXIS 96169 *11-12 (N.D. Cal. Aug. 10, 2006).  Judge Wilken accordingly ordered Mr. Bandas and his "client" to jointly and severally post an appeal bond for $431,167.00.  *See id.* at *12. In another case, Judge Pro in the U.S. District Court for the District of Nevada held that Bandas had filed objections that were "not supported by law or the facts and are indeed meritless" and that he had "a documented history of filing notices of appeal from orders approving other class action settlements, and thereafter dismissing said appeals when they and their clients were compensated by the settling class or counsel for the settling class."  *In Re: Wal-Mart Wage And Hour Employment Practices Litigation,* 2010 U.S. Dist. LEXIS 21466 at * 16-17 (D. Nev. Mar. 8, 2010).  Judge Pro further held that because Bandas' objections were "tantamount to a stay of the Judgment entered by this Court," Bandas and his "client" were required jointly to post an appeal bond in the amount of $500,000.  *Id.* at *17-19.

1   established membership in the class, as required by this Court's preliminary approval order.  He is

2   thereby without standing to object, and his objection must be rejected.  Even if he is a class

3   member, his arguments are the same boilerplate objections that have repeatedly been rejected by

4   courts in this District.  The boilerplate is so obvious that Santana appears to be objecting to an

5   entirely different settlement.  He argues, for example, that "without a proof of purchase, all class

6   members receive is a coupon."  Incorrect!  Without proof of purchase, class members receive up

7   to $6.00 in *cash*; there are no "coupons" in this settlement.  Santana also objects to the claim

8   process as being "unreasonable and unfair," apparently believing that Defendants should have

9   agreed to pay $100 in cash to anyone who asked, without the necessity of proof.   While he

10  undoubtedly would have reached a better settlement if he had been class representative (or class

11  counsel), the claim process used here has been repeatedly approved.

12          Significantly, objector makes no claim or showing of collusiveness by the parties.  Nor

13  does he argue that the actual settlement benefits are inadequate or unfair.   Nor does he question

14  the appropriateness of the release; the riskiness, difficulty, novelty or complexity of the litigation;

15  or Class Counsel's skill and competency in representing the Class.  As a result, all of the factors

16  allowing for a "presumption of fairness" to apply have been met, as have all of the Ninth Circuit

17  "fairness factors" relevant to evaluation of a class action settlement.  *See Hanlon, supra*, 150 F.3d

18  at 1026 (fairness factors described); *National Rural Telecommunications Cooperative v.*

19  *DIRECTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004) (presumption of fairness applies if factors

20  met).

21          In short, even assuming that (1) his objection had been filed in good faith and (2) he has

22  standing, Santana's objection lacks merit at every level of analysis.  It should be overruled, and

23  final approval of the settlement and fee award should be granted.

24  **II.     ARGUMENT**

25          **A.     Santana Is Without Standing To Object.**

26          This Court entered a preliminary approval on February 23, 2012.  (Dkt.# 309.)   In that

27  order, the Court stated that any written objection "must satisfy the requirement set forth in section

28  6.3 of the settlement agreement" and, any objector that fails to do so, "shall not be treated as

having filed a valid objection to the settlement." (Id.)  Section 6.3 of the settlement agreement requires that objectors "state the name, address and telephone number of the Class Member" and "*provide documents or testimony sufficient* to establish membership in the Class."  (Dkt.# 307-1. Ex. 1, § 6.3) (emphasis supplied.)  The settlement notice posted on the Settlement Website similarly stated that "All objections… must include … *documents or testimony sufficient* to establish membership in the Class…"  (Id., Ex. 1, at Ex. B2.)

Santana does not provide a declaration or any other evidentiary showing to establish membership in the class.  His letter to the Court is not signed under penalty of perjury and thus is inadmissible.  *See* Fed. R. Evid. 901-03 (Evidence may take the form of affidavits (statements of fact within the individual's personal knowledge, that are signed and verified as true under penalty of perjury) or documentary evidence that is authenticated by an appropriate affidavit.  Further, even if the letter were signed under penalty of perjury, it would not establish class membership as in it he merely parrots a portion of the class definition by stating that he "purchased beverages bearing the Blue Sky mark or brand between May 16, 2002 and June 30, 2006."  Notably, he omits one key phrase from the class definition, in that he does not say that his purchases were made "in the United States."  (Dkt.# 307-1, Ex. 1 ("'Class'" means "'all persons who, any time between May 16, 2002 and June 30, 2006, purchased in the United States any beverage bearing the Blue Sky mark or brand.'").)  Nor does he aver that the purchases were for purposes other than resale.  (Id. (excluding purchases for purposes of resale from the Class).)  Nor does he provide any further information about the alleged purchases that would make a statement of class membership credible, such as the approximate date(s) of purchase, the place(s) of purchase, the flavor(s) or type(s) purchased, or the amount(s) paid.  He has accordingly not satisfied his obligation to establish membership in the class.  More likely, he is lending his name to Mr. Bandas, so that Mr. Bandas can delay yet another class action settlement in hopes of receiving payment from the parties.

Having failed to establish membership in the settlement class, Santana does not have standing to object.  *See, e.g., Kent v. Hewlett-Packard Co*., 2011 U.S. Dist. LEXIS 106825 *7 (N.D. Cal. Sept. 20, 2011) (Because they are not members of the class, the Ziegenfelders lack

1   standing to object); *San Francisco NAACP v. San Francisco Unified School Dist.*, 59 F. Supp. 2d

2   1021, 1032 (N.D. Cal. 1999) ("nonclass members have no standing to object to the settlement of a

3   class action"); *Tarlecki v. Bebe Stores, Inc.*, 2009 U.S. Dist. LEXIS 102531 (N.D. Cal. Nov. 3,

4   2009) ("Since she is not a class member, she has no standing to object to the settlement."); *Glass*

5   *v. UBS Fin. Servs., Inc.*, 2007 U.S. Dist. LEXIS 8476 *8 (N.D. Cal. Jan. 26, 2007) (same); *see*

6   *also Feder v. Elec. Data Sys. Corp.*, 248 Fed. Appx. 579 *2 (5th Cir. 2007) (objectors have

7   burden of proving standing; "unsupported assertions of class membership" do not suffice).  The

8   Court should expressly reject his letter and, most importantly, find that Santana does not have

9   standing to object.  *See San Francisco NAACP*, 59 F.Supp. 2d at 1033 (striking objection of non-

10  class members); *accord In re Veterans' Industries, Inc.,* 8 Cal. App. 3d 902, 926-27 (1970)

11  (affirming order striking objections where objector did not have standing).  Such a finding is

12  particularly important because, if Santana and Bandas file a frivolous appeal (as is typically

13  Bandas' practice), Plaintiff can move to have the appeal dismissed rather than waiting for years

14  for it to be heard on the merits.[2]

15         **B.      Santana's Objections Also Should Be Overruled On The Merits.**

16         In addition to rejecting Santana's objections due to his lacking of standing, the Court

17  should consider, and reject them, on their merits for the reasons set forth below.

18                 **1.      The Claims Process Is Fair And Reasonable.**

19         Santana primarily objects that the claims process is "unreasonable and unfair" because

20  class members are required to submit proof of purchase.   He accordingly argues that the claims

21  process is "basically impossible," "set up to drive down the number and amount of valid claims,"

22  and that, without proof of purchase, which most people will not have, "all class members receive

23  is a coupon."   Mr. Santana clearly did not read the settlement notice, settlement agreement or

24  visit the settlement website, as his objection makes little sense.

25         To begin with, Santana is mistaken regarding the coupon issue; there are no coupons in

26

27  ───────────────
    [2] Plaintiff unfortunately anticipates that even after the objection is stricken and overruled, there
    may be need for additional motion practice in this Court, particularly regarding the need for an

28  appellate bond and/or limited discovery.

- 4 -

this settlement.   He is, however, likely correct that most class members will not have saved proof of purchase for small purchases that took place many years ago.   But that is exactly why no proof of purchase is required to make a claim for up to $6.   Proof of purchase is only required for a refund of up to $100.   It is well-established that a settlement can require class members to make claims and present documentation to establish membership in the class and entitlement to benefits.   *See Harris v. Vector Mktg. Corp.*, 2011 U.S. Dist. LEXIS 48878 (N.D. Cal. Apr. 29, 2011) (holding that in consumer class actions authentication and proof of purchase may properly be required as a predicate to each class member's recovery.)

       As Defendants do not maintain records of beverage purchasers, a proof of purchase requirement for payment above $6 and up to $100 was reasonably necessary to combat fraudulent claims.   *See, e.g., Fulford v. Logitech, Inc.*, 2010 U.S. Dist. LEXIS 29042, *18 (N.D. Cal. Mar. 5, 2010) (overruling objection that class members were required to provide proof of purchase because "requiring documentation of the purchase …. creates a reasonable barrier to entry that minimizes the incentive and opportunity for fraudulent claims or claims by persons who are not disappointed by the [alleged wrongdoing].)   As one court stated, "[b]lindly mailing checks to Class Members without regard for these facts would be costly, unnecessary and wasteful, and would deplete the Settlement Fund without necessarily benefitting Class Members."   *Rodriguez v. West Publ'g Corp.*, 2007 U.S. Dist. LEXIS 74849, *71 (C.D. Cal. Aug. 10, 2007).

       Beyond a concern for fraudulent claims, the documentation requirement is reasonable because, if this case had gone to trial, class members without proof of purchase would have had a very difficult time establishing a claim for damages.   It is thereby quite reasonable to make the bigger, more frequent purchasers of Blue Sky beverages provide proof of purchase.   Indeed, it is well-established that a Court is permitted to approve differential treatments between class members as long as they are based upon legitimate considerations and that are rationally reflected in the terms of the settlement.   *See Petrovic v. Amoco Oil* Co., 200 F.3d 1140, 1146 (8th Cir. 1999); *Follansbee v. Discover Fin. Servs.*, No. 99 C 3827, 2000 WL 804690, at *3 (N.D. Ind. 2000); *In re PaineWebber Ltd. P'ships Litig.*, 171 F.R.D. 104, 131 (S.D.N.Y. 1997).

       Santana cites no authority for his attack on the claims process.   Yet almost identical

claims processes have routinely been approved.  *See, e.g., Browning v. Yahoo! Inc.,* 2007 U.S. Dist. LEXIS 86266 (N.D. Cal. Nov. 16, 2007) (overruling objection that claims process was too burdensome); *Chavez v. Netflix, Inc.*, 162 Cal.App.4th 43, 54 (2008); *In re Microsoft I–V Cases*, 135 Cal.App.4th at pp. 711–713; *Dunk v. Ford Motor Co.*, 48 Cal.App.4th 1794, 1804-1805 (1996); *Rodriguez,* 2007 U.S. Dist. LEXIS 74849 at *70 (stating "[t]he Court rejects the argument by certain Objectors that requiring use of the Claim Form should preclude the Court from approving the Settlement."); *see also Witthoff v. Honest Tea, Inc.,* CGC-10-504987 (S.F. Superior 2012); *Gauss v. Millennium Products, Inc.*, Case No. CGC-10-503347 (S.F. Superior 2011). [3]

In the end, Santana apparently wants a different settlement, which he no doubt would have reached had he (or Christopher Bandas) represented the class.  But as the Ninth Circuit has explained, "[s]ettlement is the offspring of compromise; the question we address is not whether the final product could be prettier, smarter or snazzier, but whether it is fair, adequate and free from collusion."  *Hanlon*, 150 F.3d at 1027.  The answer to that question in this case is "yes."  The most meaningful benchmark for evaluating a class action settlement is whether it "secures an adequate advantage for the class."  2 Herbert Newberg & Alba Conte, *Newberg on Class Actions* § 11.46, at 11-105 to 11-106 (3d ed. 1992).  This settlement easily satisfies that test.

**2.    The Attorneys' Fees, Costs And Incentive Payment Are Fair, Adequate and Reasonable.**

Santana next objects that the "settlement is not fair, adequate and reasonable and the proponents have not discharged their burden of proof on that issue and the attorneys' fees, expenses and incentive awards are excessive under either a lodestar or percentage of the recovery analysis."  But he provides no cogent analysis or evidence to support these assertions.

As set forth in the final approval motion, the requested fees are approximately 40% of

---

[3] Indeed, Bandas previously presented, and had rejected, this exact objection.  In *Wilson v. Air-borne, Inc.*, 2008 U.S. Dist. LEXIS 110411 (C.D. Cal. Aug. 13, 2008), Bandas argued, on behalf of objector Walsh, that "the settlement is inadequate in limiting recovery for class members with-out proofs of purchase to the price of six boxes of Airborne."  *Id*. at *25-26.   The Court summa-rily rejected the argument stating that "this is essentially a dispute with the form of compromise Plaintiff and his counsel chose to accept by settling, and not a basis for deeming the settlement agreement's terms unfair or inadequate."  *Id*.

1   Class Counsel's lodestar.   Santana does not challenge a single item on the detailed account of

2   time worked that Class Counsel filed with this Court and posted to the settlement website.  (Dkt.

3   ## 310; 310-1.)  Nor, for that matter, does he claim that the total hours worked were unreasonable

4   or challenge the hourly rates.  Most importantly, he does not contend that the true reasonable

5   lodestar is less than either (1) the claimed lodestar of $2,210,590 or (2) the amount of

6   $789,099.72 that Class Counsel seeks to be awarded.  Instead, he merely concludes that fees are

7   "excessive."  It is well-settled that when a party does not put enough stock in an argument to flesh

8   it out, a reviewing court should dismiss the argument out of hand.  "To do otherwise would be

9   unfair to both the adverse party and the court itself."  *Casillas-Diaz v. Palau*, 463 F.3d 77, 84 (1st

10  Cir. 1990) *cited by In re Pharmaceutical Industry Average Wholesale Price Litig.*, 520 F. Supp.

11  2d 274, 278 (D. Mass. 2007).

12          While Santana predicts that the amount paid in claims will be small, and argues that as a

13  result the requested attorneys' fees are excessive, he misunderstands the law and the facts on this

14  point, which are discussed in Plaintiff's opening brief and which he does not address.  In Califor-

15  nia, fees are to be analyzed by reference to the lodestar-multiplier method.  *See Serrano v. Priest*

16  *(Serrano III)*, 20 Cal. 3d 25, 48-49 (1977)*; Lealao v. Beneficial Cal., Inc.*, 82 Cal. App. 4th 19, 26

17  (2000).  While the Court can "cross-check" the fees against the "percentage of the benefit" ob-

18  tained for the class, this cross-check is only to be performed if the settlement benefit can be

19  "monetized with a reasonable degree of certainty," *Lealao*, 82 Cal. App. 4th at 39, 49-50; a cross-

20  check is not required.  *See, e.g., Wixon v. Wyndham Resort Dev. Corp.*, 2011 U.S. Dist. LEXIS

21  87249 (N.D. Cal. Aug. 8, 2011) (awarding fees without cross-checking the lodestar); *Kent v.

22  Hewlett-Packard Co.*, 2011 U.S. Dist. LEXIS 106825 (N.D. Cal. Sept. 20, 2011) (same); *Faig-

23  man v. AT&T Mobility LLC*, 2011 U.S. Dist. LEXIS 15825, at *12 (N.D. Cal. Feb. 15, 2011)

24  ("Given the difficulty of measuring the value of the settlement in this case, particularly with re-

25  spect to the injunctive relief and the fact that the claims period has not yet expired, the court

26  elects to use the lodestar method in order to determine a reasonable amount of attorneys' fees for

27  class counsel.")  Further, if the Court does perform a cross-check, it is required to look at the total

28  made available to the settlement class, not what is claimed or redeemed.  *See, e.g., Boeing Co. v.*

*Van Gemert*, 444 U.S. 472, 480-481 (1980) (upholding an award of attorney's fees in a class action where the award was based on the total fund available to the class rather than the amount actually recovered); *Williams v. MGM-Pathe Communications Co.*, 129 F.3d 1026, 1027 (9th Cir. 1997) (holding that District Court abused its discretion in basing award on actual distribution to class); *Hopson v. Hanesbrands Inc.,* 2009 U.S. Dist. LEXIS 33900 (N.D. Cal. Apr. 3, 2009) at *32 (total recovery is "the potential amount available to the class, not a lesser amount reflecting the amount actually claimed by the members."); *Lealao,* 82 Cal. App. 4th at 51 (settlement value "calculated on the basis of the total fund made available rather than the actual payments made to the class"). As explained in the opening brief, a cross-check is not advised here, because it is not possible to determine the monetary value made available to the Class with a "reasonable degree of certainty;" it is not known how many Households purchased beverages or how much they spent. But if a cross-check is performed, then even using conservative assumptions and focusing only on class members without proof of purchase (who are eligible to receive a maximum of $6), the requested attorneys' fees would be less than 15% of the amount "made available" to the class. *See* Motion at 22. Santana provides no challenge to any of this analysis.

Santana finally argues that the $10,000 incentive payment to Plaintiff is "too much of an influence on the class representative to say that the settlement is a good deal for the class." This argument is also unsupported and, as such, should be summarily rejected. Incentive payments are "fairly typical" in class action cases, and are intended "to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez*, 563 F.3d at 958-59. In determining whether an incentive payment is justified in a given case, a court may consider a variety of factors, including: 1) the risk to the class representative in commencing suit, both financial and otherwise; 2) the notoriety and personal difficulties encountered by the class representative; 3) the amount of time and effort spent by the class representative; 4) the duration of the litigation and; 5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation. *See Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995). In analyzing these criteria, the Court

must conduct an individualized analysis in order to detect "excessive payments to named class members" that may indicate "the agreement was reached through fraud or collusion." *Staton*, 327 F.3d at 977; *Alberto v. GMRI, Inc.*, 252 F.R.D. 652, 669 (E.D. Cal. 2008).   In this instance, Plaintiff established the appropriateness of a $10,000 award by submitting evidence establishing the risk he took in commencing suit, the notoriety and unwanted attention he received, as well as the amount of time and effort he expended in this marathon litigation.  (Dkt.# 310.)  He further established that the arms length nature of the settlement negotiations.   (Id.)  Santana presents absolutely no analysis or evidence to undermine these showings.  His objection should be overruled.

**III.    CONCLUSION**

For the foregoing reasons, Plaintiff requests that (1) the Court find that Santana lacks standing to object to the settlement, (2) overrule all objections, and (3) grant Plaintiff's motion for final approval and award attorney's fees, expenses and incentive to the named Plaintiff for the reasons stated above and in his motion.

DATE:  April 27, 2012                    GUTRIDE SAFIER LLP

/s/ Adam Gutride
Adam Gutride
Seth A. Safier
Attorneys for Plaintiff

- 9 -

**Exhibit A**

Luis Mario Santana
2100 SW 20th Street
Miami, FL 33145
Ph: 786-877-0553
luis@santanamail.com

April 19, 2012

Clerk's Office
United States District Court
For the Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *Chavez v. Blue Sky natural Beverage Co., et. al.*, N.D. Cal. 06-cv-06609-JSW

Dear Clerk:

My name, address, and telephone number are as follows:

Luis Mario Santana
2100 SW 20th Street
Miami, FL 33145
Ph: 786-877-0553

I am a class member because I purchased beverages bearing the Blue Sky mark or brand between May 16, 2002 and June 30, 2006. I object to this settlement and to the proposed award of attorneys' fees and expenses.

I object to the claims process as being unreasonable and unfair. It is set up to drive down the number and amount of valid claims and to limit the settling defendants' liability. Without a proof of purchase, all class members receive is a coupon. No one saves proofs of purchase to soda from 6 years ago. The claims process is basically impossible. I sincerely doubt, given the requirements to file a claim, that the settling defendants will ever pay more than $10,000 in monetary claims. However, the attorneys' fees and expenses are a much different matter. That is to be paid in cash and is almost a million dollars. This is a settlement where class counsel is basically being paid ALL of the settlement proceeds. Nothing of any real value is provided to the class. The only real cost of this settlement to the settling defendants is the payment of incentive award, expenses and attorneys' fees. Objection is also made to the amount of the incentive award. That much money in this case would be too much of an influence on the class representative to say this settlement is a good deal for the class. The settlement is not fair, adequate and reasonable and the proponents have not discharged their burden of proof on that issue and the attorneys' fees, expenses and incentive awards are excessive under either a lodestar or percentage of recovery analysis.

Court
April 19, 2012
Page 2


I respectfully ask that this settlement be rejected in all respects and for the court to reject the proposed incentive award, expenses and fees sought.

I will not attend the fairness hearing, and I ask that this objection be submitted at the hearing for a decision.


Sincerely,

Luis Maria Santana


cc:    Adam Gurtride
       Gurtride Safier LLP
       835 Douglass St
       San Francisco, CA 94114
       Plaintiff's Lawyer

       Norman Smith
       Solomon Ward Seidenwurm & Smith, LLP
       401 B Street, Ste. 1200
       San Diego, California 92101
       Hansen's Lawyer

Align top of FedEx Express® Shipping Label here



ORIGIN ID: APCA (361) 698-5200
BANDAS LAW FIRM PC

500 N SHORELINE BLVD STE 1020

CORPUS CHRISTI, TX 784711010
UNITED STATES US

SHIP DATE: 19APR12
ACTWGT: 0.2 LB
CAD: /OFFC1302
DIMS: 0x0x0 IN

BILL SENDER

TO **ADAM GURTRIDE**
**GURTRIDE SAFIER LLP**
**835 DOUGLAS STREET**

**SAN FRANCISCO CA 94114**
(000) 000-0000        REF:
INV:
PO:                      DEPT: .



**FedEx**
Express



TRK#   8728 3156 8470
0200

**FRI — 20 APR  A1**
**PRIORITY OVERNIGHT**

**WA NDBA**

**94114**
CA-US   **SFO**





Part # 156297-435 RT 01/12

ORIGIN ID: APCA (361) 698-5200
BANDAS LAW FIRM PC
500 N SHORELINE BLVD STE 1020
CORPUS CHRISTI, TX 784711010
UNITED STATES US

TO ADAM GURTRIDE
GURTRIDE SAFIER LLP
835 DOUGLAS STREET

SAN FRANCISCO CA 94114
(000) 000-0000

SHIP DATE: 19APR12
ACTWGT: 0.2 LB
CAD: /OFFC1302
DIMS: 0x0x0 IN

BILL SENDER

**FedEx**
Express

REF:
INV:
PO:
DEPT:

FRI – 20 APR A1
PRIORITY OVERNIGHT

94114
CA-US SFO

TRK# 8728 3156 8470
0200

**WA NDBA**



RT 358 1 C
FZ 359
8470
04.20

**FedEx Express ® US Airbill**

Tracking Number **8728 3156 8470**

8728 3156 8470

**FedEx Retrieval Copy**

**1 From**

Date 4.18.12

Sender's FedEx Account Number 3289 8312 5

Sender's Name Luis Santana

Company

Address 2100 SW 20th St

City Miami    State FL    ZIP 33145

Phone 786 877.0353

**2 Your Internal Billing Reference**

**3 To**

Recipient's Name Adam Gurfride

Company Gurfride Safier LLP

Address 835 Douglass St

Phone

Dept./Floor/Suite/Room

We cannot deliver to P.O. Boxes or P.O. ZIP codes.

Address

Use this line for the HOLD location address or for continuation of your shipping address.

City San Francisco    State CA    ZIP 94114

HOLD Weekday
FedEx location address
REQUIRED. NOT available for FedEx First Overnight.

HOLD Saturday
FedEx location address
REQUIRED. Available ONLY for FedEx Priority Overnight and FedEx 2Day to select locations.

01 □
31 □

**4a Express Package Service** *To most locations.*    Packages up to 150 lbs.

OV □ FedEx Priority Overnight
Next business morning.* Friday shipments will be delivered on Monday unless SATURDAY Delivery is selected.

05 □ FedEx Standard Overnight
Next business afternoon.* Saturday Delivery NOT available.

06 □ FedEx First Overnight
Earliest next business morning delivery to select locations.*

03 □ FedEx 2Day
Second business day.* Thursday shipments will be delivered on Monday unless SATURDAY Delivery is selected.

20 □ FedEx Express Saver
Third business day.* Saturday Delivery NOT available.

**4b Express Freight Service**    ** To most locations.    Packages over 150 lbs.

70 □ FedEx 1Day Freight
Next business day.** Friday shipments will be delivered on Monday unless SATURDAY Delivery is selected.

80 □ FedEx 2Day Freight
Second business day.** Thursday shipments will be delivered on Monday unless SATURDAY Delivery is selected.

83 □ FedEx 3Day Freight
Third business day.** Saturday Delivery NOT available.

FedEx 1Day Freight Booking No.

**5 Packaging**    *Declared value limit $500.

01 □ FedEx Envelope*

02 □ FedEx Pak*
Includes FedEx Small Pak and FedEx Large Pak.

03 □ FedEx Box

04 □ FedEx Tube

01 □ Other

**6 Special Handling and Delivery Signature Options**

**03 □ SATURDAY DELIVERY**

NO □ No Signature Required
Package may be left without obtaining a signature for delivery.

10 □ Direct Signature
Someone at recipient's address may sign for delivery. Fee applies.

34 □ Indirect Signature
If no one is available at recipient's address, someone at a neighboring address may sign for delivery. For residential deliveries only. Fee applies.

**Does this shipment contain dangerous goods?**
One box must be checked.

No 04 □

Yes □ As per attached Shipper's Declaration.

Yes □ Shipper's Declaration not required.

Dry Ice □ Dry Ice, 9, UN 1845 _____ kg

Dangerous goods (including dry ice) cannot be shipped in FedEx packaging or placed in a FedEx Express Drop Box.

□ Cargo Aircraft Only

**7 Payment**  Bill to:

Sender
Acct. No. in Section 1 will be billed.

1 ☑

Recipient 2 □

Third Party 3 □

Credit Card 4 □

Cash/Check 5 □

Enter FedEx Acct. No. or Credit Card No. below.

Credit Card Auth.

Total Packages    Total Weight _____ lbs.    Obtain recip. Acct. No.

*Our liability is limited to $100 unless you declare a higher value. See the current FedEx Service Guide for details.

909

706

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I, Seth A. Safier, declare:

My business address is 835 Douglass, San Francisco, California.  I am employed in the County of San Francisco, where this mailing occurs.  I am over the age of 18 years and not a party to the within cause.

On April 27, 2012, I served the following documents:

REPLY MEMORANDUM IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARD OF ATTORNEYS' FEES, COSTS AND INCENTIVE TO NAMED PLAINTIFF; MOTION TO STRIKE OBJECTION OF NON-CLASS MEMBER LUIS MARIO SANTANA

DECLARATION OF AMY L. LAKE REGARDING COMPLIANCE WITH CLASS NOTICE REQUIREMENTS

on the following person(s) in this action by placing a true copy thereof as follows:

[X]      BY EMAIL DELIVERY.  I caused said documents to be delivered by ECF to the above-mentioned persons.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this document was executed on April 27, 2012, at San Francisco, California.

/s/ Seth A. Safier

_____

Seth A. Safier, Esq.