Luis Mario Santana
2100 SW 20th Street
Miami, FL 33145
Ph: 786-877-0553
luis@santanamail.com



FILED
JUN 26 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRIS CHAVEZ, an individual, on behalf of himself, the general public and those similarly situated situated,<br>        Plaintiff,<br><br>vs.<br><br>BLUE SKY NATURAL BEVERAGE CO. a foreign corporation; HANSEN BEVERAGE COMPANY, a foreign corporation; HANSEN NATURAL CORP., a foreign corporation; and DOES 1 THROUGH 10, inclusive,<br><br>        Defendants. | CASE NO. CV-06-06609 JSW<br><br>NOTICE OF APPEAL<br><br><br>Place: Courtroom D, 15th Fl.<br>Judge: Hon. Jeffrey S. White |

Notice if hereby given that I, Luis Mario Santana, Objector, hereby appeal to the United States Court of Appeals for the Ninth Circuit from the Final Approval Order and Judgment [Doc. 318] entered in this action on June 1, 2012. This final Approval Order and Judgment is attached.

Dated: June 25, 2012

By: _____
Luis Mario Santana
2100 SW 20th Street
Miami, FL 33145
Ph: 786-877-0553

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2012, this Notice of Appeal was forwarded to the lawyers as indicated below:

**Via Federal Express**
Adam Gurtride
Gurtride Safier LLP
835 Douglass St
San Francisco, CA 94114

Plaintiff's Lawyer

**Via Federal Express**
Norman Smith
Solomon Ward Seidenwurm & Smith, LLP
401 B Street, Ste. 1200
San Diego, California 92101

Hansen's Lawyer

_____
Luis Mario Santana

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRIS CHAVEZ, an individual, on behalf of himself, the general public and those similarly situated<br><br>Plaintiff,<br><br>v.<br><br>BLUE SKY NATURAL BEVERAGE CO. a foreign corporation; HANSEN BEVERAGE COMPANY, a foreign corporation; HANSEN NATURAL CORP., a foreign corporation; and DOES 1 THROUGH 10, inclusive,<br><br>Defendants | CASE NO. CV-06-06609 JSW<br><br>[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT<br><br>Date: May 11, 2012<br>Time: 9:00 am<br>Place: Courtroom D, 15th Fl.<br>Judge: Hon. Jeffrey S. White |

-1-

1    Plaintiff Chris Chavez ("Plaintiff") and Defendants Monster Beverage Corporation (for-
2 merly known as Hansen Natural Corporation), Monster Energy Company (formerly known as
3 Hansen Beverage Company), and Blue Sky Natural Beverage Co. ("Hansen" or "Defendants")
4 have moved the Court for final approval of a proposed class action settlement, the terms and con-
5 ditions of which are set forth in the Settlement Agreement filed with the Court on February 2,
6 2012, 2012 (Dkt.# 307).

7    Having considered all matters submitted to it at the hearing on the motion the and other-
8 wise, including the complete record of this action, and good cause appearing therefore, the Court
9 hereby finds and concludes as follows:

10   1.   The capitalized terms used in this Final Approval Order and Judgment shall have the
11 same meaning as defined in the Settlement Agreement except as may otherwise be ordered.

12   2.   The Court has jurisdiction over this case and over all claims raised therein and all Par-
13 ties thereto.

14   3.   The Parties complied in all material respects with the Notice Plan set forth in the Set-
15 tlement Agreement. The Court finds that the Notice Plan set forth in Part IV of the Settlement
16 Agreement and effectuated pursuant to the Preliminary Approval Order constituted the best notice
17 practicable under the circumstances and constituted due and sufficient notice to the Class of the
18 pendency of the Litigation; the existence and terms of the Settlement Agreement; their rights to
19 make claims, opt out, intervene or object; and the matters to be decided at the Final Approval
20 hearing. Because there are no records from which the identities of class members can be deter-
21 mined, notice by publication was the best method of reaching the class. Notice of the settlement
22 was given in the same method as had been previously approved for notice of the pendency of the
23 class action. Further, the Notice Plan satisfies the Federal Rules of Civil Procedure, the United
24 States Constitution, and any other applicable law including Rule 23 of the Federal Rules of Civil
25 Procedure and the Class Action Fairness Act of 2005, 28 U.S.C. § 1715. Defendant provided no-
26 tice of the settlement to the appropriate state and federal government officials and filed with the
27 Court proof of compliance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 (CAFA
28 Notice).

1  4. The Court has determined that full opportunity has been given to the members of the
2  Settlement Class to opt out of the Settlement, object to the terms of the Settlement or to Class
3  Counsel's request for attorneys' fees and expenses and incentive awards, and otherwise partici-
4  pate in the Final Approval Hearing held on May 11, 2012. Only one objection was submitted to
5  the class action settlement, by Luis Mario Santana (Dkt.# 312). The Court has considered all
6  submissions and arguments by Class Members objecting to the Settlement as well as the Parties'
7  responses to those objections, and has determined, for all the reasons set forth in the Parties' re-
8  sponses, that none of the objections have any merit or warrant disapproval of the Settlement
9  Agreement.

10  5. With regard to objector Santana, the Court finds that he has not established that he is a
11  member of the class as required by this Court's preliminary approval order and the class notice.

12  6. The Court finds that the settlement is in all respects fair, reasonable and adequate..
13  The Court therefore finally approves the settlement for all the reasons set forth in the Motion for
14  Final Approval including, but not limited to, the fact that the Settlement Agreement was the prod-
15  uct of informed, arms-length negotiations between competent, able counsel; the record was suffi-
16  ciently developed and complete through meaningful discovery and motion proceedings to have
17  enabled counsel for the Parties to have adequately evaluated and considered the strengths and
18  weaknesses of their respective positions; the Litigation involved disputed claims, and this dispute
19  underscores the uncertainty and risks of the outcome in this matter; the settlement provides mean-
20  ingful remedial and monetary benefits for the disputed claims; and the Parties were represented
21  by highly qualified counsel who, throughout this case, vigorously and adequately represented
22  their respective parties' interests. .

23  7. The settlement is in the best interests of the Class in light of the degree of recovery
24  obtained in relation to the risks faced by the Class in litigating the claims. The relief provided to
25  the Class Members under the Settlement Agreement is appropriate as to the individual members
26  of the Class and to the Class as a whole. All requirements of statute, rule, and Constitution neces-
27  sary to effectuate the settlement have been met and satisfied. The Parties shall effectuate the Set-
28  tlement Agreement in accordance with its terms.

1   8.   By operation of this Final Approval Order and Judgment, Plaintiff on the one hand, and the Released Parties on the other hand, shall have unconditionally, completely, and irrevocably released and discharged each other from and shall be forever barred from instituting, maintaining, or prosecuting any and all claims, liens, demands, actions, causes of action, obligations, damages or liabilities of any nature whatsoever, whether legal or equitable or otherwise, known or unknown, that actually were, or could have been, asserted in the Litigation, based upon any violation of any state or federal statutory or common law or regulation, and any claim arising directly or indirectly out of, or in any way relating to, the claims that actually were, or could have been, asserted in the Litigation, that Plaintiff on the one hand, and Defendants on the other hand, have had in the past, or now have, related in any manner to the Released Parties' products, services or business affairs, and any and all other claims, liens, demands, actions, causes of action, obligations, damages or liabilities of any nature whatsoever, whether legal or equitable or otherwise, known or unknown, that Plaintiff on the one hand, and Defendants on the other hand, have had in the past or now have, related in any manner to any and all Released Parties' products, services or business affairs, or otherwise.

9.   By operation of this Final Approval Order and Judgment, Class Members shall have unconditionally, completely, and irrevocably released and discharged the Released Parties from any and all claims, liens, demands, actions, causes of action, obligations, damages or liabilities of any nature whatsoever, known or unknown, whether arising under any international, federal, state or local statute, ordinance, common law, regulation, principle of equity or otherwise, that actually were, or could have been, asserted in the Litigation based upon the facts alleged in the Litigation, as further described in paragraph 1.14 of the Settlement Agreement.

10.   "Released Parties" means Defendants; any entity that directly or indirectly controls, or is controlled by, or is in common control with Defendants; all of Defendants' past and present officers, directors, agents, designees, servants, attorneys, employees, parents, subsidiaries, associates, divisions, affiliates, heirs; and all successors or predecessors in interest, assigns or legal representatives.

11.   "Class Members" means "All persons who, any time between May 16, 2002 and June

1  30, 2006, purchased in the United States any beverage bearing the Blue Sky mark or brand." The
2  Class excludes Blue Sky distributors and retailers, purchases for purposes of resale, the Honor-
3  able Jeffrey S. White, any member of his immediate family, and the following person, who sub-
4  mitted timely requests for exclusion: Steven Burkhardt of Garland, Texas.

5      12.    Plaintiff and Class Members shall, by operation of this Final Approval Order and
6  Judgment, be deemed to have waived the provisions, rights and benefits of California Civil Code
7  § 1542, and any similar law of any state or territory of the United States or principle of common
8  law. Section 1542 provides:

9      A general release does not extend to claims which the creditor does not know or suspect to
10      exist in his or her favor at the time of executing the release, which if known by him or her
11      must have materially affected his or her settlement with the debtor.

12      13.    Nothing herein shall bar any action or claim to enforce the terms of the Settlement
13  Agreement.

14      14.    No action taken by the Parties, either previously or in connection with the negotia-
15  tions or proceedings connected with the Settlement Agreement, shall be deemed or construed to
16  be an admission of the truth or falsity of any claims or defenses heretofore made or an acknowl-
17  edgment or admission by any Party of any fault, liability or wrongdoing of any kind whatsoever
18  to any other Party. Neither the Settlement Agreement nor any act performed or document exe-
19  cuted pursuant to or in furtherance of the settlement: (a) is or may be deemed to be or may be
20  used as an admission of, or evidence of, the validity of any claim made by the Class Members or
21  Class Counsel, or of any wrongdoing or liability of the persons or entities released under the Set-
22  tlement Agreement, or (b) is or may be deemed to be or may be used as an admission of, or evi-
23  dence of, any fault or omission of any of the persons or entities released under the Settlement
24  Agreement, in any proceeding in any court, administrative agency, or other tribunal. Defendants'
25  agreement not to oppose the entry of this Final Approval Order shall not be construed as an ad-
26  mission or concession by Defendants that class certification was appropriate in the Litigation or
27  would be appropriate in any other action.
28      15.    Class Counsel applied for an award of attorneys' fees and costs and an incentive

1  award for the Settlement Class Representative. Class Counsel requested $789,099.72 in attorneys' fees, $100,900.28 in unreimbursed expenses, and a $10,000 incentive award. The Court find that these amounts are just, fair and reasonable for the following reasons.

4  "In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). In the Ninth Circuit, district courts may "choose either the percentage-of- the-fund or the lodestar method." *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). In this case, the Court concludes that the lodestar method is more appropriate, because the settlement benefits, including changed practices obtained in the litigation, cannot be "monetized with a reasonable degree of certainty," *Lealao v. Beneficial Cal., Inc.*, 82 Cal. App. 4th 19, 39, 49-50 (2000); *see also, e.g., Wixon v. Wyndham Resort Dev. Corp.*, 2011 U.S. Dist. LEXIS 87249 (N.D. Cal. Aug. 8, 2011) (awarding fees without cross-checking the lodestar); *Kent v. Hewlett-Packard Co.*, 2011 U.S. Dist. LEXIS 106825 (N.D. Cal. Sept. 20, 2011) (same); *Faigman v. AT&T Mobility LLC*, 2011 U.S. Dist. LEXIS 15825, at *12 (N.D. Cal. Feb. 15, 2011) ("Given the difficulty of measuring the value of the settlement in this case, particularly with respect to the injunctive relief and the fact that the claims period has not yet expired, the court elects to use the lodestar method in order to determine a reasonable amount of attorneys' fees for class counsel.")

18  A reasonable attorneys' fee award using the lodestar method is determined in two steps. First, the Court determines a lodestar amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *See Cunningham v. County of Los Angeles*, 879 F.2d 481, 484 (9th Cir. 1988). Second, the Court determines whether the lodestar amount must be adjusted to accurately reflect a reasonable fee. *Id.* There is, however, a strong presumption that the lodestar figure is a reasonable fee. *See Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992); *see also City of Burlington v. Dague*, 505 U.S. 557, 559-60 (1992) (citation omitted). In assessing the reasonableness of rates, the court is "entitled to take account of fees customarily charged by that attorney and others in the community for similar work." *Ackerman v. W. Elec. Co., Inc.*, 860 F.2d 1514, 1520 (9th Cir. 1988). Class Counsel contends that they have expended in excess of 3490 hours pursuing the litigation, billed at rates ranging from $400 to $650

1  per hour, for a total lodestar of $2,210,590. (See Dkt.# 310.) Based on the evidence and argument submitted, and in light of rates that courts in the Northern District have approved in the past,[1] the Court finds that the amount of time spent and the hourly rates for the attorneys are fair, just and reasonable under the circumstances, are within the realm of reasonable rates for similar services provided by attorneys of similar quality and experience in their respective legal communities, and that the amount of work performed is reasonable in a case of this complexity, length and adversarial posture. Moreover in this case, the amount of attorney fees requested by Class Counsel is significantly lower than the approved lodestar of $2,210,590. The Court notes that no person—including Objector Santana—has made any objection to Class Counsel's lodestar calculation. (See Dkt.## 312.)

On the basis of the Settlement Class Representative's participation in this litigation, as well as the risk he incurred bringing this case, the Court further finds the requested incentive award of $10,000 to be fair and reasonable. *See Van Vranken v. Atlantic Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995); Dkt.# 310.

Finally, the Court approves Class Counsel's request for reimbursement of $100,900.28 for litigation expenses that include, without limitation, mediation fees, expert witnesses, travel, deposition costs, filing fees and service fees. (Dkt.# 310.) Based on its knowledge of this case, and having reviewed the submissions of Class Counsel, the Court finds these expenses to have been reasonably incurred in the prosecution of this litigation.

Defendants shall accordingly pay Class Counsel $890,000 in fees and expenses and shall pay Class Representative an incentive award in the amount of $10,000. Such amounts shall be paid according to the terms of the Settlement Agreement.

16. Within 30 days of the Effective Date, all Valid Claims shall be paid as set forth in the Settlement Agreement.

17. Except as provided in this Order, Plaintiff and Class Members shall take nothing by

---

[1] *See, e.g., Stuart v. Radioshack Corp.*, No. C 07-4499 EMC, 2010 WL 3155645, at *6-7 (N.D. Cal. Aug. 9, 2010) (approving billing rates between $450 and $1000 per hour); *Suzuki v. Hitachi Global Storage Technologies, Inc.*, No. C 06-7289 MHP, 2010 WL 956896, at *3-4 (N.D. Cal. Mar. 12, 2010) (approving billing rates of $650 for partner attorneys and $500 for associate attorneys).

1 | Plaintiff's Complaint, and final judgment shall be entered thereon, as set forth in this Order.

2 |     18. Without affecting the finality of the judgment hereby entered, the Court reserves jurisdiction over the implementation of the Settlement Agreement.

    19. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any provisions of the Settlement Agreement.

    20. There is no just reason for delay in the entry of this Final Judgment, and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED** this 1st day of June, 2012.

*[Signature: Jeffrey S. White]*

HON. JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

-7-